UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
                    Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
                    Defendants

Civil Action No. 04-12318RWZ

## ANSWER TO AMENDED COMPLAINT

Defendants General Employment Enterprises, Triad Personnel Services, Inc., Herbert Imhoff and Kim Cullen (hereinafter collectively referred to as the "Defendants") answer the numbered paragraphs of Plaintiffs' Amended Complaint as follows:

**I.     Introduction**

Defendants make no response to the allegations contained in this introduction as it merely purports to summarize Plaintiffs' allegations. To the extent a response is required, Defendants deny the allegations contained therein.

**II.    Parties**

1.     Defendants deny sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph.

2.     Defendants deny sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph.

3.      Defendants deny sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph.

4.      Defendants deny sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph.

5.      Defendants admit the allegations contained in this paragraph.

6.      Defendants admit the allegations contained in this paragraph.

7.      Defendants state that, to the extent this paragraph contains legal conclusions, no response is required.   To the extent this paragraph contains factual allegations, Defendants deny sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  Further responding, Defendants admit that Mr. Chrisos was a Vice President of General Employment prior to his separation in 2003. Defendants deny the remaining allegations contained in this paragraph.

8.      Defendants state that, to the extent this paragraph contains legal conclusions, no response is required.   To the extent this paragraph contains factual allegations, Defendants admit the allegations contained in the first sentence of this paragraph.  Defendants make no response to the allegation that Mr. Imhoff "participated in the defendants' defense of this matter" as it is vague and unintelligible and apparently seeks the disclosure of privileged information. Defendants deny the remaining allegations contained in this paragraph.

9.      Defendants admit the allegations contained in this paragraph.

10.     Defendants state that, to the extent this paragraph contains legal conclusions, no response is required.   To the extent this paragraph contains factual allegations, Defendants deny the allegations contained in this paragraph.

11.     Defendants admit so much of this paragraph as alleges that Ms. Riley was hired as a Personnel Consultant on or about July 6, 1994 and thereafter resigned her employment before being rehired in or about March of 1995.  Defendants also admit that Ms. Riley was promoted to the position of Branch Manager of the Triad Office in Reading on or about November 1, 1997, which later moved to Wakefield, Massachusetts.   Further responding, Defendants admit that Ms. Riley has won several awards, including the 2002 Chairman's Pinnacle Award.   Defendants deny the remaining allegations contained in this paragraph.

12.     Defendants admit so much of this paragraph as alleges that Ms. Catalano was hired to work at the Reading Branch Office (which subsequently moved to Wakefield) in or about February 1997.  Defendants further admit that Ms. Catalano was promoted to the position of Assistant Branch Manager of the Wakefield Branch Office on or about March 29, 1999, and to Branch Manager of the Boston Branch Office on or about January 15, 2001.  On or about July 28, 2002, Ms. Catalano resigned that position to accept other employment.   Thereafter, on September 30, 2002, Ms. Catalano was rehired as a Recruiter in the Wakefield Office. Defendants further admit that Ms. Catalano received a 1999 award for being a top producer. Defendants deny the remaining allegations contained in this paragraph.

13.     Defendants admit the allegations contained in the first sentence of this paragraph except to state that Ms. Panarello was hired in or about January 1995.  Further responding, Defendants admit that Ms. Panarello won a trip to Hawaii for her performance as a Personnel Consultant in the Woburn Office.   Further answering, Defendants admit that Mr. Chrisos promoted Ms. Panarello to the position of Branch Manager of the office in Tampa, Florida and that at or about the time that Ms. Panarello transferred to Tampa, the Tampa Branch Office

changed from a Triad Office to a General Employment Office. Defendants deny the remaining allegations contained in this paragraph.

14. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

15. Defendants admit the first and second sentences of this paragraph. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations about Ms. Medina's performance and the reasons for her promotion and, accordingly, deny those allegations.

16. Defendants admit the allegations contained in this paragraph.

17. Defendants state that to the extent this paragraph contains legal conclusions, no response is required. To the extent that this paragraph contains allegations of fact, Defendants admit so much of the paragraph as alleges that employees transferred between Triad/GenTech and GEE generally retain their seniority dates and that both companies share certain officers, human resources personnel, policies and manuals, annual managers' meetings and payroll personnel. Defendants further admit the allegations contained in the second complete sentence of this paragraph. Defendants deny the remaining allegations contained in this paragraph.

18. Defendants admit the allegations contained in this paragraph.

19. Defendants admit that Matt Ziccarelli is an attorney and that, at all relevant times, he has acted as GEE's Collections Manager. Further answering, Defendants deny the remaining allegations contained in this paragraph.

20. Defendants state that, to the extent this paragraph contains legal conclusions, no response is required. To the extent that this paragraph contains allegations of fact, Defendants admit the allegations contained in the first sentence of this paragraph. Further responding,

Defendants make no response to the allegations contained in the second sentence of this paragraph as it is unintelligible. To the extent a response is required, Defendants deny the allegations contained in this paragraph. Defendants deny the remaining allegations contained in this paragraph.

21.    Defendants state that to the extent this paragraph contains legal conclusions, no response is required. To the extent this paragraph contains allegations of fact, Defendants deny those allegations.

22.    Defendants state that to the extent this paragraph contains legal conclusions, no response is required. To the extent this paragraph contains allegations of fact, Defendants admit so much of this paragraph as alleges that GEE regularly conducts sexual harassment training and that Imhoff attended these training sessions. Defendants deny the remaining allegations contained in this paragraph.

23.    Defendants deny the allegations contained in this paragraph.

24.    Defendants admit the allegations contained in the first and second sentences of this paragraph. Further answering, Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

25.    Defendants admit that Ms. Riley received an override (commission) on the Boston Branch Office. Further answering, Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

26.    Defendants state that to the extent this paragraph contains legal conclusions, no response is required. To the extent this paragraph contains allegations of fact, Defendants admit

that Ms. Catalano attended the annual managers' meeting in October of 2000 to receive an award and because she was about to assume a managerial position.   Defendants further admit that Ms. Catalano did not inform them of any alleged harassment at the hands of Mr. Chrisos at the time. Defendants deny the remaining allegations contained in paragraph.

27.     Defendants deny the allegations contained in this paragraph.

28.     Defendants deny the allegations contained in this paragraph.

29.     Defendants deny the allegations contained in this paragraph.

30.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

31.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

32.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

33.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

34.     Defendants admit so much of this paragraph as alleges that GEE was seeking to increase revenues.   Defendants further state that they lack sufficient information to form a belief as to the truth or falsity of the allegations that Mr. Chrisos' alleged directive required Ms. Panarello to relinquish client relationships in the Orlando area.  Further answering, Defendants deny the remaining allegations contained in this paragraph.

35.     Defendants deny the allegations contained in this paragraph.

36.     Defendants admit so much of this paragraph as alleges that, at various times, Mr. Yeoh was sent to advise Ms. Catalano and other Branch Managers (including male Branch

Managers) on various aspects of the Branch Manager position.  Defendants deny the remaining allegations contained in this paragraph.

37.    Defendants deny the allegations contained in this paragraph.

38.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations concerning Mr. Chrisos' and Ms. Riley's alleged conversations about her becoming a Regional Branch Manager and the alleged salary negotiations.  Accordingly, Defendants deny those allegations.  Defendants admit that, to the extent that any such conversations were had, the details regarding the alleged promotion were never finalized. Further answering, Defendants deny the remaining allegations contained in this paragraph.

39.    Defendants deny the allegations contained in this paragraph.

40.    Defendants deny the allegations contained in this paragraph.

41.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

42.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

43.    Defendants deny the allegations contained in this paragraph.

44.    Defendants admit that Ms. Medina began working at the Wakefield Branch Office, affirmatively stating that Ms. Medina's employment began approximately one month before her nineteenth birthday.  Further answering, Defendants deny all the remaining allegations contained in this paragraph.

45.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

46.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation about what Mr. Chrisos told Ms. Riley.  Further answering, Defendants deny the remaining allegations contained in this paragraph.

47.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations concerning Mr. Chrisos' alleged conversation with Ms. Riley immediately before Ms. Catalano's demotion.  Accordingly, Defendants deny those allegations.  Defendants admit that Mr. Chrisos demoted Ms. Catalano from her position as Branch Manager of the Boston Branch Office on or about July 8, 2002, offering her a position as a Recruiter.  Defendants deny that the demotion was the result of Ms. Catalano's rejection of Mr. Chrisos' alleged advances. Defendants deny the remaining allegations contained in this paragraph.

48.    Defendants deny the allegations contained in this paragraph.

49.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

50.    Defendants deny the allegations contained in this paragraph.

51.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations about the alleged conversations between Mr. Chrisos and Ms. Riley and, accordingly, deny those allegations.  Defendants further lack sufficient information to form a belief as to the truth or falsity of the allegations as to what Mr. Chrisos did or did not tell Mr. Coleman and, accordingly, deny those allegations.  Defendants deny the remaining allegations contained in this paragraph.

52.    Defendants make no response to the allegations contained in this paragraph as those allegations are so unintelligible as to be unanswerable, particularly as the allegations do not specify to whom the pronoun "her" refers.  To the extent a further response is required,

8

Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

53.    Defendants deny the allegations contained in this paragraph.

54.    Defendants deny the allegations contained in this paragraph.

55.    Defendants admit so much of this paragraph as alleges that Ms. Catalano was rehired as a Recruiter reporting to Ms. Riley in the Wakefield Branch Office on or about September 30, 2003. Further answering, Defendants lack sufficient information to form a belief as to the truth or the falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

56.    Defendants deny sufficient information to form a belief as to the truth or falsity of the allegations about what Ms. Riley purportedly "did not understand". Further answering, Defendants deny the remaining allegations contained in this paragraph.

57.    Defendants admit that Mr. Imhoff and Mr. Chrisos flew to Massachusetts to give Ms. Riley the Chairman's Pinnacle Award (the "Award") in or about November of 2002. Further answering, Defendants affirmatively state that the Award has been granted on four occasions in Defendants history only because it was newly created for FY1998 (when it was given to both a male and a female) and not because, as the allegations of the paragraph imply, it is rare that an individual qualifies for the award. Defendants further admit that Mr. Imhoff made a comment to the effect that it was good that "a girl" could "beat out the big boys." Defendants affirmatively state, however, that this comment was in response to a comment jokingly made the previous year by a male employee, who upon being told by Ms. Riley that she intended to beat him out for the award had quipped to her that he was "not going to get beaten by a girl." Ms.

Riley's response to the previous comment had been to laugh. Further answering, Defendants deny all the remaining allegations contained in this paragraph.

58.    Defendants admit so much of this paragraph as alleges that Mr. Chrisos e-mailed Ms. Medina on one occasion. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

59.    Defendants admit so much of this paragraph as alleges that, during the three-month period from November of 2002 to January of 2003, Ms. Riley did not receive an increase in her base salary and affirmatively state that Riley was not entitled to such an increase. Further answering, Defendants deny the remaining allegations contained in this paragraph.

60.    Defendants deny so much of this paragraph as alleges that Ms. Riley did not believe Ms. Catalano deserved reprimand or discipline. Further responding, Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

61.    Defendants deny the allegations contained in this paragraph.

62.    Defendants deny the allegations contained in this paragraph.

63.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

64.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

65.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations. Further answering, Defendants affirmatively state that none of the necessary paperwork for Ms.

Medina's alleged leave of absence was ever submitted to the corporate headquarters and, hence, no leave was ever approved.

66.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

67.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

68.    Defendants deny the allegations contained in this paragraph.

69.    Defendants deny the allegations contained in this paragraph.

70.    Defendants admit so much of this paragraph as alleges that Mr. Chrisos sent an e-mail to the personal, non-business e-mail account of Monica Friedman, a former employee in the Wakefield Branch Office, that Ms. Friedman made her supervisor aware of the e-mail, and that Ms. Friedman specifically asked her supervisor not to make an issue of the e-mail. Defendants further admit that, with the involvement of Defendant's Human Resources Director, Mr. Imhoff spoke to Mr. Chrisos about the e-mail, and Mr. Chrisos assured him that it had been sent to Ms. Friedman by mistake. After some further discussion and investigation, Mr. Imhoff advised Mr. Chrisos not to send similar e-mails in the future. Further answering, Defendants deny the remaining allegations contained in this paragraph.

71.    Defendants deny the allegations contained in this paragraph.

72.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations about conversations between Mr. Chrisos and Ms. Riley. Accordingly, Defendants deny those allegations. Further answering, Defendants deny the remaining allegations contained in this paragraph.

73.    Defendants deny the allegations contained in this paragraph.

74.    Defendants lack sufficient information to form a belief as to the truth or falsity of whether Mr. Chrisos had restricted Ms. Panarello from doing business in the Maitland/Orlando area and whether he subsequently lifted that alleged restriction.  Accordingly, Defendants deny those allegations, except to admit that Ms. Panarello was allowed to do business in the Maitland/Orlando area at least after the manager for that location left the company.  Further answering, Defendants deny the remaining allegations contained in this paragraph and affirmatively state that the Tampa Branch Office did not perform well at any time, whether before or after September 11, 2001.

75.    Defendants admit so much of this paragraph as alleges that Ms. Catalano was terminated on or about May 5, 2003.  Defendants further state that they lack sufficient information to form a belief as to the truth or falsity of the allegations about what Ms. Riley told Ms. Catalano and, accordingly, deny those allegations.  Further answering, Defendants deny the remaining allegations contained in this paragraph.

76.    Defendants deny the allegations contained in this paragraph.

77.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

78.    Defendants admit that Imhoff and Panarello had a conversation in which they discussed her being allowed to keep the Tampa Branch Office open until August of 2003, when the lease expired, so that she could attempt to turn around its poor performance.  Respondents affirmatively state, however, that the subsequent decision to close the Tampa Branch Office prior to August of 2003 was made with Panarello's consent.  Respondents lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

79.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations about when Ms. Riley allegedly became aware of Mr. Chrisos' alleged conduct. Accordingly, Defendants Respondents deny those allegations. Further answering, Defendants deny the remaining allegations contained in this paragraph.

80.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations about when Ms. Riley allegedly became aware of the closing of the office. Further responding, Defendants deny the remaining allegations contained in this paragraph.

81.    Defendants deny the allegations contained in this paragraph.

82.    Defendants deny the allegations contained in this paragraph.

83.    Defendants admit so much of this paragraph as alleges that Mr. Chrisos sent an e-mail to Medina on her Yahoo! Account, which e-mail speaks for itself. Defendants deny the remaining allegations contained in this paragraph.

84.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

85.    Defendants admit so much of this paragraph as alleges that Mr. Imhoff made a comment to the effect that it was good that "a girl" could "beat out the big boys." Defendants affirmatively state, however, that this comment was in response to a comment jokingly made the previous year by a male employee, who upon being told by Ms. Riley that she intended to beat him out for an award had quipped to her that he was "not going to get beaten by a girl." Ms. Riley's response to the previous comment had been to laugh. Defendants deny the remaining allegations contained in this paragraph.

86.    Defendants admit so much of this paragraph as alleges that employees were not treated differently based on gender.  Defendants deny the remaining allegations contained in this paragraph.

87.    Defendants deny the allegations contained in this paragraph.

88.    Defendants deny the allegations contained in this paragraph.

89.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.  Further responding, Defendants deny that Mr. Chrisos "had his hands all over Medina."

90.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

91.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

92.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.  Further responding, Defendants deny that Ms. Medina was 19 years old at the time of the alleged incident.

93.    Defendant deny so much of this paragraph as alleges that business decisions regarding Tonya Lynam and Stacy Bohn, who did not report to Riley, "made no sense."  Further answering, Respondents lack sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, accordingly, deny those allegations.

94.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in the first sentence of this paragraph and, accordingly, deny those allegations.  Defendants deny the remaining allegations contained in this paragraph.

95.     Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.   Further responding, to the extent this paragraph purports to allege that Ms. Panarello was unlawfully discriminated against, Defendants deny those allegations.

96.     Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

97.     Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

98.     Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

99.     Defendants admit so much of this paragraph as alleges that Mr. Chrisos e-mailed Ms. Riley on or about July 12, 2003, which e-mail speaks for itself.  Defendants deny the remaining allegations contained in this paragraph.

100.    Defendants admit so much of this paragraph as alleges that Ms. Riley telephoned and e-mailed an individual in Human Resources during the July 12-14, 2003 time period. Defendants deny the remaining allegations contained in this paragraph.

101.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

102.    Defendants deny the allegations contained in this paragraph.

103.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

104.    Defendants lack sufficient information to form a belief as to the truth or the falsity of the allegations contained in this paragraph and, accordingly, deny those allegations.

105.    Defendants deny the allegations contained in this paragraph.

106.    To the extent that this paragraph, including subparagraphs a through y, contains legal conclusions, no response is required.    To the extent that this paragraph, including subparagraphs a through y, contains allegations of fact, Defendants deny those allegations.

## COUNT I – SEXUAL HARASSMENT

107.    Defendants repeat and incorporate their responses to paragraphs 1-106 as if set forth fully herein.

108.    Defendants deny the allegations contained in this paragraph.

109.    Defendants deny the allegations contained in this paragraph.

## COUNT II – GENDER HARASSMENT/DISCRIMINATION

110.    Defendants repeat and incorporate their responses to paragraphs 1-109 as if set forth fully herein.

111.    Defendants deny the allegations contained in this paragraph.

112.    Defendants deny the allegations contained in this paragraph.

## COUNT III – FAILURE TO ADEQUATELY INVESTIGATION OR REMEDY A HOSTILE WORK ENVIRONMENT

113.    Defendants repeat and incorporate their responses to paragraphs 1-112 as if set forth fully herein.

114.    Defendants deny the allegations contained in this paragraph.

115.     Defendants deny the allegations contained in this paragraph.

## COUNT IV – DISCRIMINATORY TERMINATION

116.    Defendants repeat and incorporate their responses to paragraphs 1-115 as if set forth fully herein.

117.    Defendants deny the allegations contained in this paragraph.

118.    Defendants deny the allegations contained in this paragraph.

119.     Defendants deny the allegations contained in this paragraph.

## COUNT IV - RETALIATION

120.    Defendants repeat and incorporate their responses to paragraphs 1-119 as if set forth fully herein.

121.    Defendants deny the allegations contained in this paragraph.

122.    Defendants deny the allegations contained in this paragraph.

123.    Defendants deny the allegations contained in this paragraph.

## COUNT V – PROMISSORY ESTOPPEL

124.    Defendants repeat and incorporate their responses to paragraphs 1-123 as if set forth fully herein.

125.    Defendants deny the allegations contained in this paragraph.

126.    Defendants deny the allegations contained in this paragraph.

126.    Defendants deny the allegations contained in this paragraph.

127.    Defendants deny the allegations contained in this paragraph.

## COUNT VI – INTENTIONAL INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS

128.    Defendants repeat and incorporate their responses to paragraphs 1-127 as if set forth fully herein

129.    Defendants deny the allegations contained in this paragraph.

130.    Defendants deny the allegations contained in this paragraph.

131.    Defendants deny the allegations contained in this paragraph.

132.    Defendants deny the allegations contained in this paragraph.

133.    Defendants deny the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate their damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver, laches, estoppel and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Every action taken by Defendants with respect to Plaintiffs' employment was taken for a legitimate business purpose and consistent with principles of law.

## FIFTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and/or promptly correct any allegedly harassing or otherwise discriminatory behavior, and Plaintiffs unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendants and otherwise avoid harm.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, for lack of jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged conduct was not discriminatory, nor unwelcome to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

The alleged conduct was not sufficiently severe or pervasive to constitute a hostile work environment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not make any material misstatements upon which a reasonable person would rely to her detriment.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not act with malice to interfere with Plaintiffs' allegedly advantageous relations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiffs in violation of Mass. Gen. L. ch. 151B.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to supplement these affirmative defenses in the future during the course of litigation.

WHEREFORE, Defendants pray that:

1.    the complaint be dismissed in its entirety;

2.    judgment entered on their behalf on all counts;

3.    they be awarded their costs; and

4.    the Court order such other relief as may be just and proper.

Respectfully submitted,

GENERAL EMPLOYMENT ENTERPRISES, INC.,
TRIAD PERSONNEL SERVICES, INC.,
HERBERT IMHOFF and KIM CULLEN
By their attorneys,

/s/ Heather L. Stepler
Jeffrey S. Brody, BBO #566032
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA  02116
(617) 367-0025

Dated:  November 5, 2004

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of November, 2004, a copy of the foregoing document was served upon Plaintiffs' attorney, Elizabeth A. Rodgers, Esq., Rodgers, Powers & Schwartz LLP, 18 Tremont Street, Boston, MA 02108, and Defendant Gregory Chrisos's attorney, Cheryl Waterhouse, Esq., Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, via first-class mail, postage prepaid.

/s/ Heather L. Stepler
Jackson Lewis LLP

20