UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO and AMANDA )
MEDINA, )
        Plaintiffs, )
  )
v. )
  )  C.A. 04-cv-12318-RWZ
GENERAL EMPLOYMENT ENTERPRISES, )
TRIAD PERSONNEL SERVICES INC., )
GREGRORY CHRISOS, HERBERT )
IMHOFF, and KIM CULLEN, )
        Defendants. )

**PLAINTIFFS' OPPOSITION TO REMOVAL AND
MOTION FOR REMAND TO SUPERIOR COURT**

    Plaintiffs Lisa Riley, Lisa Marie Catalano, Sandy Panarello and Amanda Medina hereby seek to oppose Defendant Herbert Imhoff's removal of the above-captioned action to United States District Court for the District of Massachusetts and further move the Court to remand this action to Middlesex Superior Court. For the reasons stated below, the Court should ALLOW Plaintiffs' motion.

**A.  Facts**

    On August 19, 2004, Plaintiffs filed the instant action in Middlesex County Superior Court. Civil Action Cover Sheet at Tab A. On August 26, 2004, Plaintiffs' counsel formally served copies of Plaintiffs' complaint on Defendants General Employment Enterprises (GEE), TRIAD Personnel Services, Inc. (TRIAD), Gregory Chrisos and Kim Cullen. Proofs of Service at Tab B. At the time of service, Defendant Chrisos was domiciled in Illinois. Affidavit of Gregory Chrisos at Tab C. Therefore, at the time that Chrisos was formally served on August 26, 2004, Chrisos knew that the case

was subject to diversity jurisdiction. However, Chrisos failed to remove the case within thirty days of service.

In August, Defendants GEE, TRIAD, Cullen and Imhoff were represented by common counsel, Attorney Julie L. Trester of Illinois. These four Defendants subsequently obtained local common counsel in Boston, Jeffrey S. Brody, Esq. On October 20, 2004, Mr. Brody accepted service on behalf of his client, Defendant Imhoff. Notice of Removal ¶ 1. On November 1, 2004, Defendant Imhoff removed the case to the District of Massachusetts.

**B. Discussion**

Plaintiffs seek to remand this action to Massachusetts Superior Court for the following reasons: (1) Chrisos, knowing that the case was subject to diversity jurisdiction, but failing to remove within thirty days of service of the Complaint, is estopped from consenting to this removal, thus precluding unanimity as to the removal among all five defendants; and (2) Defendant Chrisos failed to timely and properly consent to Defendant Imhoff's removal action.

1. **Defendants Cannot Unanimously Consent to the Removal Action Because Defendants Are Estopped From Consenting**

For a successful removal action, 28 U.S.C. § 1446(a) requires that all defendants who are eligible to consent to the removal do so. See Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1199 (D. R.I. 1986) (citing Friedrich v. Whittaker Corp., 467 F. Supp. 1012, 1013 (S.D. Tex. 1979) ("In other words, unanimity among all defendants substantively entitled to remove is required for removal.")). In addition, a party seeking to remove must do so within thirty days of the service of the complaint on that party. 28 U.S.C. § 1446(b).

Where a defendant understands that a case is removable, but fails to do so within thirty days, the defendant is estopped from later consenting to the removal action of another, later-served defendant. Gorman, 629 F. Supp. at 1201-1202; see Murphy v. Newell Operating Co., 245 F. Supp. 2d 316, 318-319 (D. Mass. 2003); Baych v. Herrick Douglass, Inc., 227 F. Supp. 2d 620, 621-622 (E.D. Tex. 2002).

In this case, Chrisos is unable to consent to Imhoff's removal action. Chrisos, a resident of Illinois, was served on August 26, 2004. The facts available to Chrisos demonstrated that the case was subject to diversity jurisdiction. Chrisos' deadline for removing lapsed on or about September 26, 2004. Chrisos' failed to remove in a timely fashion. Having failed to avail himself within the statutorily imposed deadline, he is estopped from consenting to Imhoff's November 1, 2004 removal. Gorman, 629 F. Supp. at 1201-1202; Murphy, 245 F. Supp. 2d at 318-319; Baych, 227 F. Supp. 2d at 621-622.

Chrisos has "lost the facility to effectively consent to any other defendant's attempt to remove the action." Gorman, 629 F. Supp. at 1201. Absent Chrisos' timely request for removal, Imhoff's effort at removal must fail because the rule of unanimity has not been satisfied.[1] Id.

The First Circuit has yet to address the issue of when earlier-served defendants are estopped from consenting to a later-served defendant's removal action and a difference of opinion exists among the district courts. Murphy, 245 F. Supp. 2d at 319 (noting the conflicting decisions among district courts). However, Judge Selya's lengthy

---

[1] Courts have held that, in diversity cases, "nominal or formal parties are not required to join in the removal petition" for the rule of unanimity to be satisfied. Gorman, 629 F. Supp. at 1200. Even if the Court determines that Defendants GEE and TRIAD are nominal parties for the purpose of this rule, Defendants Chrisos and Cullen are *not* nominal parties, and the law requires their valid consent for removal to be effective. Id. at 1199.

3

and persuasive reasoning in the <u>Gorman</u> case should control. 629 F. Supp. at 1201. Moreover, the application of the <u>Gorman</u> doctrine to the facts here will not result in an unjust outcome. Because Defendant Chrisos knew, when he was served on August 26, 2004, that he was no longer domiciled in Massachusetts, he had, at that time, all the information necessary to determine whether to file a notice of removal on the basis of complete diversity. It would be especially unfair for the Court, at this point, to give Defendant Chrisos a second bite at the removal apple by allowing him to consent to Defendant Imhoff's removal action when Chrisos' own thirty day window has closed. <u>See</u> <u>Gorman</u>, 629 F. Supp. at 1202 ("There is nothing unfair about holding a party to the natural consequences of its procedural blunders.").

Thus, although Defendant Imhoff removed within thirty days of his receipt of service, the Court should remand the matter to Middlesex County Superior Court because the remaining defendants, including Chrisos, whose consent is a requirement under the federal statute, are "estopped … from tendering a valid consent to removal." <u>Gorman</u>, 629 F. Supp. at 1202.

**2. Defendant Chrisos Failed to Adequately Consent to the Removal Action**

Even if this Court decides not to follow the <u>Gorman</u> decision, this action should still be remanded, because Chrisos failed to timely manifest his consent to removal. <u>Murphy</u>, 245 F. Supp. 2d at 319 (remanding case where one defendant failed to file a written consent to removal within thirty days of service of the complaint on the second defendant). In order to consent to removal, all defendants must clearly and unambiguously manifest their consent within thirty days of receipt of plaintiff's complaint. 28 U.S.C. § 1446(b); <u>Sansone v. Morton Machine Works, Inc.</u>, 2002 U.S.

4

Dist. LEXIS 27074, *4 (D. R.I. 2002). Failure to properly and timely consent results in defective removal and is grounds for remand. Sansone, 2002 U.S. Dist. LEXIS at *5.

For example, in the case of Murphy v. Newell Operating Co., 245 F. Supp. 2d 316 (D. Mass. 2003), there were three defendants. The first defendant, Newell, filed a third-party complaint against Crisa and Vitrocrisa. On September 24, 2001, Crisa was served with the complaint, but it failed to remove within thirty days. On March 18, 2002, the third-party complaint was served on Vitrocrisa. On April 9, 2002, Vitrocrisa filed its Removal Petition. On May 7, 2002, Crisa filed its Assent to Removal. Id., at 317.

The Murphy court noted that under the Gorman doctrine, remand was proper because Crisa failed to seek removal in a timely fashion and was thus foreclosed from consenting to Vitrocrisa's removal. Id. at 318-319. The Murphy Court noted, however, that a conflict existed among the District courts as to whether Gorman should control. Id. There, the Court decided to remand on a different ground, that Crisa filed its assent to removal more than thirty days after the complaint was served on Vitrocrisa. Id. at 319. "Crisa's failure to file its assent to removal within thirty days of Vitrocrisa's having been served renders such assent ineffective. Since Crisa did not timely consent to removal, the rule of unanimity has been violated." Murphy, 245 F. Supp. 2d at 319. Thus, the motion for remand was allowed.

In this case, Imhoff was served on October 20, 2004. The deadline for Chrisos to file a consent to removal lapsed on November 19, 2004. Chrisos has missed this deadline, and has failed to properly register his consent. Therefore, the matter is properly subject to remand.

Defendant Imhoff's Notice of Removal states that Defendants GEE, TRIAD, Chrisos and Cullen "assent to the removal of the action." The overwhelming majority of courts who have addressed this issue, however, have held that such a representation is insufficient to constitute the consent required by the federal statute. Sansone, 2002 U.S. Dist. LEXIS at *7-8 (citing cases). Courts have generally required the non-removing defendants to file written indication of consent or to communicate an oral expression of consent in court. Id. at *5-6; see also Local Union No. 172 v. P.J. Dick Inc., 253 F. Supp. 2d 1022, 1024-25 (S.D. OH 2003) (holding that by allowing one defendant to make an assertion on behalf of another, federal courts would encourage violations of Fed. R. Civ. P. 11 which prohibits one party from making representations or filing pleadings on behalf of another).

Defendant Chrisos, who is represented by different counsel than Defendants GEE, TRIAD and Cullen, has not taken any formal steps to consent to Defendant Imhoff's removal action, and his window to do so has closed. Because Chrisos failed to timely consent to Defendant Imhoff's Notice of Removal, there is no unanimity and the removal effort is defeated. Murphy, 245 F. Supp. 2d at 319. The Court should remand the matter to Middlesex County Superior Court.

C. **Conclusion**

For the reasons stated above, Plaintiffs ask the Court to

(1) REMAND this matter to Middlesex County Superior Court;

(2) STAY the Local Rule 16.1 scheduling conference pending resolution of this motion.

Respectfully submitted<br>
The Plaintiffs<br>
By Their Attorney,<br>
<br>
/s/ Elizabeth Rodgers<br>
Elizabeth A. Rodgers, BBO#424360<br>
Rodgers, Powers & Schwartz LLP<br>
18 Tremont Street, Suite 500<br>
Boston, MA 02108<br>
617-742-7010

# EXHIBIT A

**EXHIBIT A**

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Middlesex | Docket Number |
|---|---|---|

| PLAINTIFF(S) Lisa Riley, Lisa Marie Catalano Sandy Panarelli, and Amanda Madina | DEFENDANT(S) General Employment Enterprises, Triad Personnel Srvs., Inc., Gregory Chrisos, Herbert Imhoff, and Kim Cullen. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Elizabeth A. Rodgers, Rodgers, Powers & Schwartz 18 Tremont Street, Boston, MA 02108   617-742-7010 Board of Bar Overseers number: | ATTORNEY (if known) Julie Trester, Meckler, Bulger & Tilson 123 North Wacker Drive, Chicago, IL 60606 312-474-4482 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..............
2. Total Doctor expenses .................................................. $..............
3. Total chiropractic expenses ........................................... $..............
4. Total physical therapy expenses ..................................... $..............
5. Total other expenses (describe) ..................................... $..............
   Subtotal $..............
B. Documented lost wages and compensation to date ............ $..............
C. Documented property damages to date .......................... $..............
D. Reasonably anticipated future medical and hospital expenses . $..............
E. Reasonably anticipated lost wages ................................. $..............
F. Other documented items of damages (describe)
   $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..............
TOTAL: $ N/A

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $ N/A

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record  *Elizabeth A. Rodgers*   DATE: 8/19/04

A.O.S.C. 2003

# EXHIBIT B

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3270

Lisa Riley, Lisa Marie Catalano, Sandy Panarelli & Amanda Medina, Plaintiff(s)

v.

General Employment Enterprises, Triad Personnel Services, Inc., Gregory Chrisos, Herbert Imhoff, and Kim Cullen, Defendant(s)

## SUMMONS

To the above-named Defendant: Gregory Chrisos

You are hereby summoned and required to serve upon Elizabeth A. Rodgers, Rodgers, Powers & Schwartz plaintiff's attorney, whose address is 18 Tremont Street, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at ............... the 19th day of August, in the year of our Lord 2004.

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

Essex County Sheriff's Department • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

Essex, ss.

August 27, 2004

I hereby certify and return that on 8/25/2004 at 10:15 am I served a true and attested copy of the summons and complaint in this action in the following manner: To wit, by leaving at the last and usual place of abode of Gregory Chrisos, 20 Gateway Lane, Lynn, MA and by mailing 1st class to the above address on 8/27/2004. Basic Service Fee ($20.00), Conveyance ($1.50), Travel ($6.40), Postage and Handling ($3.00), Copies ($10.00) Total Charges $40.90

Deputy Sheriff Michael Burke

Deputy Sheriff

Dated: ..................................................................................................

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( _____ )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. _____

MIDDLESEX, ss.

Lisa Riley, Lisa Marie Catalano, Sandy Panarello, and Amanda Medina, Plff.

v.

General Employment Enterprises, Triad Personnel Services, Inc., Gregory Chrisos, Herbert Imhoff, and Kim Cullen, Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......MIDDLESEX........, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3270

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
..................................................., Plaintiff(s)

v.

General Employment Enterprises, Triad Personnel Services, Inc.,
Gregory Chrisos, Herbert Imhoff, and Kim Cullen.
..................................................., Defendant(s)

### SUMMONS

To the above-named Defendant: General Employment Enterprises, Inc.

You are hereby summoned and required to serve upon Elizabeth A. Rodgers............
Rodgers, Powers & Schwartz.. plaintiff's attorney, whose address is ...18 Tremont Street,....
Boston, MA 02108............................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...40 Thorndike Street, Cambridge, MA.......................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Robert A. Mulligan~~ **Suzanne V. DelVecchio** Esquire, at ..............................................................
the .........19th........................................... day of ....August...........................................................
........................, in the year of our Lord ...2004...................................

*[signature]* Edward J. Sullivan
Clerk

*[Left margin vertical text: NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.]*

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. ..................

Lisa Riley, Lisa Marie Catalano, Sandy Panarelli, and Amanda Medina
.................................................. Plff.

v.

General Employment Enterprises, Triad Personnel Services, Inc., Gregory Chrisos, Herbert Imhoff, and Kim Cullen
.................................................. Deft.

### SUMMONS
(Mass. R. Civ. P. 4)

( .................................................. )
( .................................................. )
( .................................................. )

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

Dated: ..................................................

N626326

---

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

August 25, 2004
I hereby certify and return that on 8/23/2004 at 10:50AM I served a true and attested copy of the Summons and Complaint in this action in the following manner: To wit, by delivering in hand to Y.Concepcion,Process Clerk & agent in charge of CT Corp & its agent,  for General Employment Enterprises, Inc, at c/o CT Corp,  101 Federal Street,  Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel ($3.20), Postage and Handling ($1.00), Attest/Copies ($5.00) Total charges $39.20

*John Cotter*
*Deputy Sheriff*

Deputy Sheriff   John Cotter

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3270

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
..............................................., Plaintiff(s)

v.

General Employment Enterprises,
Triad Personnel Services, Inc., Gregory Chrisos,
Herbert Imhoff and Kim Cullen
..............................................., Defendant(s)

## SUMMONS

To the above-named Defendant: Triad Personnel Services, Inc.

You are hereby summoned and required to serve upon Elizabeth A. Rodgers, Rodgers, Powers & Schwartz plaintiff's attorney, whose address is 18 Tremont Street, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at .................................................................
the 19th day of August ..................., in the year of our Lord 2004.

*Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

August 26, 2004

I hereby certify and return that on 8/23/2004 at 10:50AM I served a true and attested copy of the Summons and Complaint in this action in the following manner: To wit, by delivering in hand to Y.Concepcion,Process Clerk & agent in charge of CT Corp & its agent, for Triad Personnel Services, Inc, at c/o CT Corp, 101 Federal Street, Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel ($3.20), Postage and handling ($1.00), Attest/Copies ($5.00) Total Charges $39.20

Deputy Sheriff John Cotter                                         *Deputy Sheriff*

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(_____)
(_____,_____)
(_____)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 04-3270

Lisa Riley, Lisa Marie Catalano, Sandy Panarello, and Amanda Medina, Plff.

v.

General Employment Enterprises, Triad Personnel Services, Gregory Chrisos, Herbert Imhoff, and Kim Cullen, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......MIDDLESEX........, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. **04-3270**

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
..................................., Plaintiff(s)

v.

General Employment Enterprises,
Triad Personnel Services, Inc.,
Gregory Chrisos, Herbert Imhoff,
and Kim Cullen.
..................................., Defendant(s)

## SUMMONS

To the above-named Defendant: Kim Cullen

You are hereby summoned and required to serve upon ...Elizabeth A. Rodgers,...
Rodgers, Powers & Schwartz                                     18 Tremont Street,
................................ plaintiff's attorney, whose address is ...............................
Boston, MA 02108........................................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ..40 Thorndike Street
Cambridge, MA................................. either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ...................................................................

the ......2nd.............................. day of ....September..................................

................., in the year of our Lord ..2004................................

*Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS                                                          09/09/2004

I, DEPUTY SHERIFF HAROLD C WHEELER, BEING FIRST DULY SWORN, DEPOSE AND SAY THAT I AM A DULY APPOINTED AND QUALIFIED DEPUTY SHERIFF IN AND FOR SAID COUNTY OF HILLSBOROUGH, AND THAT I AM AUTHORIZED TO SERVE CIVIL PROCESS BY THE LAW OF THE STATE OF NEW HAMPSHIRE THAT ON 09/09/2004, I MADE SERVICE OF THE SUMMONS AND COMPLAINT UPON THE WITHIN NAMED DEFENDANT BY LEAVING AT THE ABODE OF KIM CULLEN BEING AT 47 WESTLAND AVE., MANCHESTER, NH, IN SAID COUNTY, A COPY OF SAID DOCUMENTS AT 4:25 PM.

_____
DEPUTY SHERIFF HAROLD C WHEELER


STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS

SUBSCRIBED AND SWORN TO, BEFORE ME, ON 09/10/2004.

Collette T. Guevin
NOTARY PUBLIC
My Commission Expires 10/18/05

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12318RWZ

LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO AND )
AMANDA MEDINA, )
       Plaintiffs, )
)
v. )
)
GENERAL EMPLOYMENT )
ENTERPRISES, TRIAD PERSONNEL )
SERVICES INC., GREGORY CHRISOS, )
HERBERT F. IMHOFF, JR., )
AND KIM CULLEN, )
       Defendants. )

### AFFIDAVIT OF GREGORY CHRISOS

I, Gregory Chrisos, state:

1. Since July 1998, my residence has been at 2505 Glenford Dr, Aurora, Illinois.

2. Since May 3, 2004, I have worked at Practice Management Information Corporation, located at 2011 Butterfield Road, Suite 310, Downers Grove, Illinois.

3. Since 1997, I have been registered to vote in Dupage County, Illinois.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 12th DAY OF NOVEMBER, 2004.

                                                                 _/s/ Gregory Chrisos_
                                                                  Gregory Chrisos

00876414