i.   Penalizing the Wakefield office whose contractor was not selected for
     contractor of the quarter, was named runner up, then removed as
     runner up, all without fair and adequate justification.

j.   Intimidation of Wakefield staff by sending photographs of prior
     socializing with Chrisos.

k.   Changed payroll procedures from normal procedure, attempting to
     deprive Marcea Taylor of sick time (but finally releasing) and
     interfering with pay to contractors in the Wakefield office.

l.   Threats not to talk to other employees about harassment, which is
     intimidation to prevent investigation, remedy or deterring continued
     harassment.

m.   .Delay in sending invoices, which adversely affects revenue to
     Wakefield office.

n.   Delay in processing unemployment claim of Marie Catalano.

o.   Harassment of office, clients, Riley, contractors and Catalano and
     Taylor's sick days ; Dividing a co-worker, Marcea Taylor from Riley
     who loses interest in being promoted to Boston Branch manager;

p.   Putting a hold on the Boston office, despite prior approval of growth,
     which effectively eliminates her authority over the Boston office.

q.   Delay in applying cash to invoices so as to reduce commissions to
     Wakefield office.

r.   Denying Riley's office thousands of dollars of receivables have been
     collected but not applied to her profitability, thus depriving her of
     profits for the fiscal year ending September 30, 2003 and causing her
     to suffer loss of bonus and/or award compensation.

s.   In October, 7, 2003, terminating the Boston branch office and accruing
     a large loss of $188,000 rather than permit Riley to staff and manage it
     to profitability.

t.   The defendants turned staff against her, and terminated Lisa Riley on
     fictitious charges of soliciting clients for a new enterprise, which she
     did not do, and other false charges of competition.

u.   The defendants opposed the unemployment of Riley's secretary, while
     having approved unemployment for males who had lost transportation,
     while asking her former secretary questions about Riley and
     suggesting a relationship between them caused the opposition to the
     unemployment.

v.   Actions continue to this day, in making adverse business decisions
     which harm the income, career opportunities and or managerial
     advancement of the complainants, and affect adversely their terms and
     conditions of work, including filing a lawsuit against them in Chicago
     which is without merit and has no substantiation.

w.   No reasonable woman in the complainants' shoes would continue to
     remain employed working for General Employment under the
     circumstances that Riley has been demoted and suffered tangible job
     reduction, interference with the management and staffing decisions of
     Riley, normal practices are being undermined, usurped or overturned,

17

and her power is being removed or reduced daily and her bonus and income is being threatened or reduce.

x.   The retaliatory environment affected Medina's ability to concentrate and make placements, and the resulting loss in income made it impossible for her to obtain independent transportation required to remain at work.

y.   The retaliation and discrimination have become intolerable, emotionally devastating and economically costly for Riley, Catalano and Medina.

## COUNT I—SEXUAL HARASSMENT

106   The Plaintiffs, reaffirm and incorporate by reference the facts and allegations contained in paragraphs 1-105.

107.   Ms. Riley, Catalano and Medina were sexually harassed in violation of G.L. 151B, § 4(16A) as defined in 151 B §1(18)(a) sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when, (a) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions." G.L. c. 151 B §1(18)(a) 18. Ms. Riley, Catalano and Medina were sexually harassed in violation of G.L. 151B, § 4(16) as defined in 151 B §1(18)(b) in that sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment, and General Employment and Triad supervisory personnel were aware of the situation but failed to adequately respond, investigate or remedy the situation.

108.   As a result, Plaintiffs Riley, Catalano and Medina suffered physical and emotional distress, and a loss of wages and benefits, for which each seeks compensation.

## COUNT II—GENDER HARASSMENT/DISCRIMINATION

109.   Plaintiffs Riley, Catalano and Medina re-allege, reaffirm and incorporate by reference the facts and allegations contained in paragraphs 1-108.

110.   Riley, Catalano and Medina were victims of gender discrimination, in violation of G.L. 151B, § 4(1) in that each experienced disparate treatment on the basis or her gender

111.   As a result, Plaintiffs suffered physical and emotional distress, and a loss of wages and benefits, for which each seeks compensation.

## COUNT III—FAILURE TO ADEQUATELY INVESTIGATION OR REMEDY A HOSTILE WORK ENVIRONMENT

112.    Ms. Hoffman re-alleges, reaffirms and incorporates by reference the facts and allegations contained in paragraphs 1-111.

113.    After Ms. Hoffman reported discriminatory and/or sexually harassing conduct, General Employment, Triad Personnel Services, Imhoff and or Chrisos failed to undertake a reasonable, adequate investigation, and it failed to remedy the situation in an appropriate fashion.

114.    As a result, Plaintiffs suffered physical and emotional distress, and a loss of wages and benefits, for which each seeks compensation.

## COUNT IV—DISCRIMINATORY TERMINATION

115.    Ms. Riley, Catalano and Medina re-allege, reaffirm and incorporate by reference the facts and allegations contained in paragraphs 1-114.

116.    General Employment and or Triad Personnel Services terminated Riley, Catalano and Medina because of her gender, or in retaliation for the opposition of  to discriminatory conduct, or a combination of both of these motives, in violation of G.L. c. 151B, § 4(1) & 4(4).

117.    The conditions at work became objectively and subjectively intolerable for Medina, constituting a constructive discharge by the time each separated from employment.

118.    As a result, Plaintiffs suffered physical and emotional distress, and a loss of wages and benefits, for which each seeks compensation.

## COUNT IV—RETALIATION

119.    Ms. Riley, Catalano and Medina re-allege, reaffirm and incorporate by reference the facts and allegations contained in paragraphs 1-118.

120.    General Employment, Triad and Imhoff terminated Riley, Medina and Catalano,  because of, or in retaliation for the opposition o each  to discriminatory conduct, or a combination of both of these motives, in violation of G.L. c. 151B, § 4(1) & 4(4).

121.    General Employment, Triad and Imhoff subjected Riley, Medina and Catalano to disparate treatment in terms and conditions of work, in retaliation for Ms. Hoffman's oppositions to discriminatory conduct, or a

combination of retaliation and gender, in violation of G.L. c. 151B, § 4(1) & 4(4).

122.    As a result, Plaintiffs suffered physical and emotional distress, and a loss of wages and benefits, for which she seeks compensation.

## COUNT V-PROMISSORY ESTOPPEL

123.    Sandy Panarello re-alleges, reaffirms and incorporates by reference the facts and allegations contained in paragraphs 1-122.

124.    In Boston, in February, 2000, the defendants made statements of material fact made to induce the plaintiff Panarello to give up a lucrative position with them in Boston, to accept a branch manager position in Tampa Florida, and she did so, relying upon a representation that she would be entitled to recruit and operate in any territorial area in Florida, and, there is evidence of reasonable reliance on the false statement to the plaintiff's detriment.

125.    The misstatements were material as a reasonable person in Panarello's shoes would not have moved to Tampa if she knew that her opportunity would be limited in a way which no other branch manager in General Employment or Triad was limited. The representation that she would be able to develop clients in Orlando Florida as well as Tampa Florida would, l if more likely than not, have led a reasonable employee to act.

126.    The plaintiff reasonably relied upon the statements of Chrisos, who had superior knowledge about the internal processes of the defendant companies as to authority for the plaintiff to recruit clients.

127.    As a direct result of the material misstatements on which she relied, Ms. Panarello gave up lucrative employment opportunities in Boston which she would have enjoyed had the defendants not breached their promised terms, and lost the benefit of lucrative sales in Orlando Florida which she would have been able to achieve, but for the breach of contract.

## COUNT VI- INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS

128.    Sandy Panarello and Lisa Riley re-allege, reaffirm and incorporate by reference the facts and allegations contained in paragraphs 1-128.

129.    Panarello and Riley had an expectation of contractual employment with a successor corporation to perform services in lieu of human resources functions.

130.    The Defendants General Employment and or Triad Personnel Services Inc. have filed suit in bad faith against Panarello and Riley in Chicago, Illinois, for the purpose of causing the performance of that contract to become more expensive or burdensome, knowing that the plaintiffs were entitled to compete and run additional business which did not violate any confidentiality agreement.

131.    The Defendants Imhoff and Chrisos maliciously interfered with Panerello and Riley's contract with General Employment and Triad, and caused their termination where the continuing support of upper management was irreparable eroded and both Panarello and Riley experienced a sharp diminution of status due to the malicious interference of Chrisos and or Imhoff.

132.    The Defendant Kim Cullen maliciously interfered with the advantageous relations which Riley enjoyed with General Employment and or Triad in order to secure for herself the position of Branch Manager which Riley enjoyed, and falsely and maliciously accused Riley of competing with General Employment and or Triad for customers, or other actions against the interests of General Employment, which caused Riley to be fired, or were a substantial contributing factor to the irreparable erosion of support of upper management and the sharp diminution of status.

133.    As a direct result, the plaintiff suffered lost economic opportunities, increased costs of defending themselves and emotional distress.

Wherefore, the plaintiffs demand that this Court order:

a.    That the defendant compensate plaintiffs for any loss of wages and/or benefits incurred as a result of the termination/failure to rehire;

b.    that the plaintiffs be awarded an amount of money which will fairly compensate her for her emotional and physical pain and suffering;

c.    that the defendants pay the plaintiffs costs and attorney's fees resulting from this action;

d.    that defendants pay the plaintiff interest on any judgment entered from the time of the filing of her MCAD Complaint and from this suit;

e.    that the defendants be ordered to pay the plaintiffs punitive damages;

f.    such legal and equitable relief as may be just and proper and/or which will make the plaintiff whole.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS OF HER
COMPLAINT

Respectfully submitted,

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello and
Amanda Medina
By their Attorney

Elizabeth A. Rodgers, BBO #424360
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

22

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-03270
### Riley et al v General Employment Enterprises et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/19/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/02/2004 | **Session** | H - Cv H (8A Cambridge) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/17/2004 | **Answer** | 01/16/2005 | **Rule12/19/20** | 01/16/2005 |
| **Rule 15** | 01/16/2005 | **Discovery** | 06/15/2005 | **Rule 56** | 07/15/2005 |
| **Final PTC** | 08/14/2005 | **Disposition** | 10/13/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Lisa  Riley
49 Buffum Street
Active 08/19/2004

**Private Counsel 424360**
Elizabeth A Rodgers
Rodgers Powers & Schwartz LLP
18 Tremont Street
5th floor
Boston, MA 02108-
Phone: 617-742-7010
Fax: 617-742-7225
Active 08/19/2004 Notify

**Plaintiff**
Lisa Marie  Catalano
400 Charles Street
Malden, MA 02148
Active 08/19/2004

**Plaintiff**
Amanda  Medina
Active 08/19/2004

**Plaintiff**
Sandy  Panarello
18838 Duquensne Drive
Tampa, FL 33647
Active 08/19/2004

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-03270
## Riley et al v General Employment Enterprises et al

**Defendant**
General Employment Enterprises
One Tower Lane
Suite 2100
Terrace, IL 60181
Served: 08/23/2004
Served (answr pending) 08/23/2004

**Defendant**
Triad Personnel Services, Inc.
Served: 08/23/2004
Served (answr pending) 08/23/2004

**Defendant**
Greg  Chrisos
20 Gateway Lane
Served: 08/25/2004
Answered: 10/19/2004
Answered 10/19/2004

**Private Counsel 639825**
Christian G Samito
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
Phone: 617-406-4500
Fax: 617-406-4501
Active 10/19/2004 Notify

**Defendant**
Herbert  Imhoff
Service pending 08/19/2004

**Private Counsel 566032**
Jeffrey S Brody
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 11/02/2004 Notify

**Defendant**
Kim  Cullen
Served: 09/09/2004
Served (answr pending) 09/14/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/19/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/19/2004 | | Origin 1, Type B22, Track F. |
| 08/27/2004 | 2.0 | SERVICE RETURNED:  General Employment Enterprises(Defendant) 08/23/04 |
| | | in hd, c/o CT Corp., 101 Federal St., Boston, MA |
| 08/27/2004 | 3.0 | SERVICE RETURNED:  Triad Personnel Services, Inc.(Defendant) |

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3270

.................MIDDLESEX............. , ss
[seal]

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
.................................................., Plaintiff(s)

v.

General Employment Enterprises, Triad Personnel Services, Inc.,
Gregory Chrisos, Herbert Imhoff, and Kim Cullen.
.................................................., Defendant(s)

AUG 27 2004
CLERK

## SUMMONS

To the above-named Defendant: General Employment Enterprises, Inc.

You are hereby summoned and required to serve upon Elizabeth A. Rodgers......................

Rodgers, Powers & Schwartz.. plaintiff's attorney, whose address is ...18 Tremont Street,.....

Boston, MA 02108................................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...40 Thorndike Street,

Cambridge, MA.......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Ro......Suzanne V. DelVecchio..Esquire, at ..........................................................................

the ..........19th..................................... day of ....August...................................................

...................., in the year of our Lord ...2004............................... .

_Edward J Sullivan_
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

...........MIDDLESEX........... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
.......................................... , Plaintiff(s)

No.
**04-3270**

v.

General Employment Enterprises,
Triad Personnel Services, Inc., Gregory Chrisos,
Herbert Imhoff and Kim Cullen ....................., Defendant(s)

AUG 27 2004

## SUMMONS

To the above-named Defendant: **Triad Personnel Services, Inc.**

You are hereby summoned and required to serve upon ...**Elizabeth A. Rodgers**............................

**Rodgers, Powers & Schwartz**... plaintiff's attorney, whose address is ...**18 Tremont Street,**.....

**Boston, MA 02108**................................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...**40 Thorndike Street,**

**Cambridge, MA**.......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ...................................................................................

the .....................**19th**..................................... day of .......**August**..............................

...................., in the year of our Lord ......**2004**..................................... .

*Edward J Sullivan*

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.............MIDDLESEX............ , ss

[seal]

No. 04-3270

Lisa Riley, Lisa Marie Catalano,
.Sandy..Panarelli.&.Amanda. , Plaintiff(s)
Medina

v.

General Employment Enterprises, Triad Personnel Services, Inc.,
Gregory Chrisos, Herbert Imhoff,
and Kim Cullen ................ , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDD....

AUG 3 1 2004

*Edward J Sullivan*
CLERK

## SUMMONS

To the above-named Defendant: Gregory Chrisos

You are hereby summoned and required to serve upon ...Elizabeth A. Rodgers,..........................

Rodgers, Powers & Schwartz ...... plaintiff's attorney, whose address is ...18 Tremont Street,......

Boston, MA 02108 ..............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...40 Thorndike Street,....

Cambridge, MA ............................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Re~~~~~~~~ Suzanne V DelVecchio Esquire, at ..............................................................

the .......19th................................... day of ...August....................................................

....................., in the year of our Lord ......2004........................... .

*Edward J Sullivan*

**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss
[seal]

No.

Lisa Riley, Lisa Marie Catalano,
Sandy Panarello, and Amanda Medina
.......................................... , Plaintiff(s)

**04-3270**

v.

General Employment Enterprises,
Triad Personnel Services, Inc.,
Gregory Chrisos, Herbert Imhoff,
and Kim Cullen.
, Defendant(s)



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 1 4 2004

*Edward J Sullivan*
CLERK

## SUMMONS

To the above-named Defendant:  **Kim Cullen**

You are hereby summoned and required to serve upon ...... Elizabeth A. Rodgers, ..........................
Rodgers, Powers & Schwartz ........... plaintiff's attorney, whose address is    18 Tremont Street, ..........................
.................................................................

Boston, MA 02108 ................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .40 Thorndike Street

Cambridge, MA........................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ...........................................................................

the ........2nd........................................... day of ....September...........................................

...................., in the year of our Lord ..2004................................ .

*Edward J Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

# COMMONWEALTH OF MASSACHUSETTS

Middlesex SS.                                          Docket No. 04-3270

_____
                                         )
LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO AND              )
AMANDA MEDINA,                   )
                                         )
     Plaintiffs,                      )
                                         )
v.                                       )
                                         )
GENERAL EMPLOYMENT               )
ENTERPRISES, TRIAD PERSONNEL     )
SERVICES INC., GREGORY CHRISOS,  )
HERBERT F. IMHOFF, JR.,          )
AND KIM CULLEN,                  )
                                         )
     Defendants.                      )
_____)

## ANSWER OF GREGORY CHRISOS

Gregory Chrisos ("Chrisos") hereby responds to the Complaint of Lisa Riley

("Riley"), Lisa Marie Catalano ("Catalano"), Sandy Panarello ("Panarello"), and Amanda

Medina ("Medina").  Chrisos denies all allegations of discrimination, harassment, and

retaliation and all allegations as to him in the two paragraphs titled "Introduction" in the

Complaint.  Chrisos responds to the numbered paragraphs of the Complaint as follows:

1.     Chrisos is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

2.     Chrisos is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

3.     Chrisos is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

1

4.     Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.     Admitted.

6.     Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.     Denied.

8.     Admitted as to the first sentence, denied as to the second sentence.

9.     Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.     As to sentences 1 and 4, Chrisos is without knowledge or information sufficient to form a belief as to the truth of their allegations.  The allegations of sentence 2 are denied. Chrisos states that the allegations in the Complaint are similar to the allegations in complaints filed in the MCAD and denies the remaining allegations of this paragraph.

11.     Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.     Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.     Chrisos denies that he promoted Panarello and states that General Employment Enterprises ("GEE") promoted her.  Chrisos admits that Panarello worked in Woburn and reported to Chrisos.  Chrisos states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

14.     Denied.

15.    Chrisos admits the first two sentences of paragraph 15 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16.    Chrisos admits the first sentence of paragraph 16 and is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

17.    Chrisos denies that Triad personnel were forced to take in General Employment personnel and admits the other allegations of this paragraph.

18.    Admitted.

19.    Chrisos is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

20.    Chrisos admits the allegations of the first sentence and that he had direct managerial authority over Riley, Panarello, and Catalano, and evaluated Medina, and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

21.    Denied.

22.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.    Chrisos admits that Catalano became assistant branch manager in 2000 and won an award for her performance; Chrisos also admits that he discussed with Catalano the possibility of her being a manager of the proposed Boston office, possible rented space, and a lease. Chrisos denies any remaining allegations of this paragraph.

25.    Admitted.  Chrisos adds that the commission was small, approximately a .5 or 1 percent commission on the margin in the Boston office.

26.    Chrisos admits that Catalano attended the annual manager's meeting to receive a personal achievement award but denies all of the other allegations in this paragraph.

27.    Denied.  Chrisos further states that Panarello struggled from the time she started in the Tampa, Florida office, and her office was far from profitable for GEE.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Chrisos admits that he discussed with Riley the possibility of making her a regional manager, but denies any remaining allegations of this paragraph, including that he promised her any specific increased compensation.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Chrisos admits that he and Kenneth Yeoh ("Yeoh") came to the region to visit in May 2002 and denies the remaining allegations of this paragraph.

43.    Denied.

44.    Admitted.

45.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Chrisos admits the first sentence of this paragraph and denies the second sentence.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Admitted.

56.    Denied.

57.    Chrisos admits the first and third sentences, but does not have knowledge or information sufficient to form a belief as to the truth of the allegations of the rest of this paragraph.

58.    Chrisos admits that Amanda Medina ("Medina") took a leave of absence for personal reasons in March 2003.  Chrisos states that he asked Dawn Bernadino ("Bernadino") of Medina's office for Medina's email because he wanted to send her a

brief note to wish her well and a speedy return to work. Chrisos denies the remaining allegations of this paragraph.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Chrisos admits that Peter Ernst ("Ernst") was terminated for performance reasons in February 2003 and received a severance of approximately 8-10 weeks' pay, which was charged to that office, and denies any remaining allegations of this paragraph.

63.    Chrisos denies the allegations contained in the first and third sentences of this paragraph and does not have sufficient knowledge or information to form a belief as to the truth of the allegations of the second sentence.

64.    Denied.

65.    Admitted.

66.    Denied.

67.    Denied, except for the allegations of the last sentence, for which Chrisos does not have sufficient knowledge or information so as to form a belief as to their truth.

68.    Denied.

69.    Denied.

70.    Chrisos admits to sending an email to Monica Friedman ("Friedman") in May 2003, but denies that it was "a harassing email." Chrisos is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

71.    Denied.

6

72.    Denied.

73.    Denied.

74.    Chrisos admits the allegations of the first sentence of this paragraph and denies the allegations of the second sentence of this paragraph.

75.    Chrisos denies that he pressured Riley to terminate Catalano, but admits that Catalano was terminated in May 2003. Chrisos has no knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph.

76.    Denied.

77.    Admitted.

78.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

79.    Denied.

80.    Denied. Chrisos states that Panarello's office in Tampa, Florida, was closed solely for poor performance.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Chrisos is without sufficient knowledge or information to form a belief as to the the allegations in this paragraph.

86.    Admitted. Chrisos states that women with performance issues were not berated, humiliated or demeaned either.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Chrisos is without sufficient knowledge or information to form a belief as to the allegations in this paragraph.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Chrisos is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

101.    Chrisos admits that he called Riley on July 14, 2003 and Riley refused to talk with him. Chrisos is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

102.    Chrisos admits that Imhoff or one of his staff told Chrisos that Riley had called him about allegations and denies the remaining allegations of this paragraph.

103.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

104.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

105.    Chrisos admits there was an investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

106.    Chrisos denies the allegations as to himself and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## COUNT I

106.[sic]  Chrisos reasserts and realleges his responses to paragraphs 1-106 as if fully set forth herein.

107.    Denied.

108.    Denied.

## COUNT II

109.    Chrisos reasserts and realleges his responses to paragraphs 1-108 as if fully set forth herein.

110.    Denied.

111.    Denied.

## COUNT III

112.    Chrisos reasserts and realleges his responses to paragraphs 1-111 as if fully set forth herein, but denies any knowledge as to a Ms. Hoffman.

113.    Denied, and Chrisos further states that he has no knowledge as to a Ms. Hoffman.

114.    Denied, and Chrisos further states that he has no knowledge as to a Ms. Hoffman.

## COUNT IV

115.   Chrisos reasserts and realleges his responses to paragraphs 1-114 as if fully set forth herein.

116.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

117.   Denied.

118.   Denied.

## COUNT IV [sic]

119.   Chrisos reasserts and realleges his responses to paragraphs 1-118 as if fully set forth herein.

120.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

121.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

122.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT V

123.   Chrisos reasserts and realleges his responses to paragraphs 1-122 as if fully set forth herein.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

## COUNT VI

128.    Chrisos reasserts and realleges his responses to paragraphs 1-127 as if fully set forth herein.

129.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

130.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

131.    Chrisos denies the allegations as to him and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

132.    Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

133.    Denied.

## <u>AFFIRMATIVE DEFENSES</u>

Chrisos asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

All of the actions taken by Chrisos were justified by legitimate business reasons.

### SECOND AFFIRMATIVE DEFENSE

All of Chrisos actions and conduct were lawful and justified.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The claims fail for lack of jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

If the plaintiffs have been damaged as alleged in the Complaint, any such damage was a result of acts and/or omissions of persons or entities over whom Chrisos had no control and for whose conduct Chrisos is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs have suffered any damages, which Chrisos denies, their claims to relief are barred, in whole or in part, because such damages are a result of the plaintiffs' own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

Chrisos did not discriminate in violation of G. L. c. 151B.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs were not subject to verbal or physical conduct that would be reasonably perceived to be sexual harassment or gender harassment.

## ELEVENTH AFFIRMATIVE DEFENSE

Chrisos' conduct was proper, not discriminatory, and not unwelcome to the plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

If any unwelcome conduct occurred, which Chrisos denies, it was not sufficiently severe or pervasive to create a hostile work environment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are equitably estopped, in whole or in part, from asserting a claim in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have, by their conduct, waived, in whole or in part, their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred by laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief requested is barred by the plaintiffs' unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Chrisos did not discriminate, harass, or retaliate against the plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any terminations of the plaintiffs were for legitimate business reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

Chrisos did not make any material misstatements to the plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Chrisos never entered into any agreements with the plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs failed to avail themselves of procedures and measures to prevent, correct, or avoid any alleged harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Chrisos adopts herein any and all affirmative defenses asserted by the other

defendants in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Chrisos reserves the right to supplement his affirmative defenses based on

discovery in this action.

Respectfully submitted,
GREGORY CHRISOS,
By his attorneys,

Cheryl A. Waterhouse, BBO #547058
Christian G. Samito, BBO #639825
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: October 18, 2004

14

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 18th day of October, 2004, I served the foregoing *Answer of Gregory Chrisos* upon the other parties to this action by causing a copy thereof to be delivered by hand, postage pre-paid, to Elizabeth A. Rodgers, Esq., Rodgers, Powers & Schwartz, 18 Tremont Street, Boston, MA 02108 and by first class mail to Julie Trester, Esq., Meckler Bulger & Tilson, 123 North Wacker Drive, Chicago, Ill  60606 and to Jeffrey S. Brody, Esq., Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, MA 02116.

Christian G. Samito

00861398