UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RILEY, LISA MARIE CATALANO, ) <br> SANDY PANARELLO AND ) <br> AMANDA MEDINA ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> GENERAL EMPLOYMENT ENTERPRISES, ) <br> TRIAD ) <br> PERSONNEL SERVICES INC ) <br> GREGRORY CHRISOS, HERBERT IMHOFF ) <br> AND ) <br> KIM CULLEN ) <br>     Defendants ) | C.A. 1:04-cv-12318-RWZ |

**PLAINTIFFS' OPPOSITION TO REMOVAL AND**
**MOTION FOR REMAND TO SUPERIOR COURT**

    Plaintiffs Lisa Riley, Lisa Marie Catalano, Sandy Panarello and Amanda Medina hereby seek to oppose Defendant Herbert Imhoff's removal of the above-captioned action to United States District Court for the District of Massachusetts and further move the Court to remand this action to Middlesex Superior Court. For the reasons stated below, the Court should ALLOW Plaintiffs' motion.

**A. Facts**

    On August 19, 2004 Plaintiffs filed the instant action in Middlesex County Superior Court. Civil Action Cover Sheet at Tab A. On August 26, 2004 Plaintiffs' counsel served copies of Plaintiffs' complaint on Defendants General Employment Enterprises (GEE), TRIAD Personnel Services, Inc. (TRIAD), Gregory Chrisos and Kim Cullen. Proofs of Service at Tab B. At the time, Defendants GEE, TRIAD, Cullen and Imhoff were represented by common counsel, Attorney Julie L. Trester of Illinois. On

1

September 16, 2004 Plaintiffs' counsel received a letter from Attorney Trester indicating that she would, by October 12, 2004, file a responsive pleading on behalf of Defendants GEE, TRIAD, Cullen and Imhoff. See Letter from Trester; Affidavit of Elizabeth A. Rodgers at Tab C. These four Defendants subsequently obtained local common counsel in Boston, and on October 20, 2004, Attorney Jeffrey S. Brody of Massachusetts accepted service on behalf of his client, Defendant Imhoff. Notice of Removal ¶ 1. On November 1, 2004, Defendant Imhoff filed a Notice of Removal with this Court and removed this action to United States District Court for the District of Massachusetts.

**B.  Discussion**

Plaintiffs seek to remand this action to Massachusetts Superior Court for the following reasons: (1) Defendant Imhoff's removal action is time-barred; (2) Defendants GEE, TRIAD, Chrisos and Cullen are estopped from consenting to this removal and, thus, prevent unanimity as to the removal among all five defendants; and (3) Defendant Chrisos failed to properly consent to Defendant Imhoff's removal action.

**1.  Defendant Imhoff's Removal Action is Time-Barred.**

28 U.S.C. § 1446(b) provides that "notice of removal of a civil action or proceeding shall be filed within *thirty* days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading…" (Emphasis added). Defendant Imhoff received the complaint when the corporations, GEE and TRIAD, of which he serves as the Chief Executive Officer, were served on August 26, 2004. He accepted formal service of Plaintiffs' complaint on October 20, 2004. As the statute and the case law make clear, formal service is *not* required to begin tolling the thirty day window for filing notice of removal. Id., Karpowicz v. Blue Cross and Blue Shield of Mass., Inc.,

2

1996 U.S. Dist. LEXIS 13541, *8 (D. Mass. 1996). "This is because the right of removal arises when the defendant has adequate information to decide whether or not removal is appropriate." Karpowicz, 1996 U.S. Dist. LEXIS 13541, *8. Defendant Imhoff first received notice of the claims against him in August when he was represented by the same counsel representing Defendants GEE and TRIAD, and counsel agreed to file a responsive pleading on Defendant Imhoff's behalf in September. Imhoff cannot now assert that he first received notice of Plaintiffs' complaint when he accepted service on October 20, 2004. See New World Technologies, Inc. v. Comy Technology, Inc., 876 F. Supp. 6, 8 (D. Mass. 1995) (where same counsel represented three defendants, upon two of whom service was perfected, third defendant had sufficient notice and information to "ascertain removability of the case"); Letter from Trester; Affidavit of Rodgers (Tab C). Because the right of removal begins to toll at the moment that the defendant has notice of the claims to be defended, and not when procedural formalities are perfected, Defendant Imhoff's right of removal expired September 27, 2004, well before November 1, 2004 when the Defendant filed the Notice of Removal. See Karpowicz at *8. Thus, Defendant Imhoff's Notice of Removal is not timely and the Court should remand this action to Middlesex County Superior Court.

2. **Defendants Cannot Unanimously Consent to the Removal Action Because Defendants GEE, TRIAD, Cullen and Chrisos Are Estopped From Consenting.**
   For a successful removal action, 28 U.S.C. § 1446(a) requires that all defendants who are eligible to consent to the removal do so. See also Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1199 (D. R.I. 1986) (citing Friedrich v. Whittaker Corp., 467 F. Supp. 1012, 1013 (S.D. Tex. 1979) ("In other words, unanimity among all

3

defendants substantively entitled to remove is required for removal.")). Defendant Imhoff's Notice of Removal asserts that Defendants GEE, TRIAD, Chrisos and Cullen assent to the removal of this action. According to the reasoning laid down by Judge Selya in Gorman, which courts in the First Circuit have followed for eighteen years, the assent of these parties is ineffective, for defendants who fail to file a notice of removal within thirty days from receipt of Plaintiffs' complaint have "lost the facility to effectively consent to any other defendant's attempt to remove the action." Gorman, 629 F. Supp. at 1201. Absent Defendants GEE, TRIAD[1], Chrisos and Cullen's consent, Defendant Imhoff's effort at removal must fail because the rule of unanimity has not been satisfied. See Murphy v. Newell Operating Company, 245 F. Supp. 2d 316, 319 (D. Mass. 2003); Gorman, 629 F. Supp. at 1201.

Thus, even if the Court determines that Defendant Imhoff was within the thirty day period proscribed by 28 U.S.C. § 1446, the Court should remand the matter to Middlesex County Superior Court because the remaining defendants, whose consent is a requirement under the federal statute, are "estopped … from tendering a valid consent to removal." Id. at 1202. By failing to file a notice of removal within thirty days of receiving Plaintiffs' complaint, Defendants GEE, TRIAD, Chrisos and Cullen each forever waived their own rights of removal and cannot now latch on to the removal efforts of later-served Defendant Imhoff. Id.

---

[1] Courts have held that, in diversity cases, "nominal or formal parties are not required to join in the removal petition" for the rule of unanimity to be satisfied. Gorman, 629 F. Supp. at 1200. Even if the Court determines that Defendants GEE and TRIAD are nominal parties for the purpose of this rule, Defendants Chrisos and Cullen are *not* nominal parties, and the law requires their valid consent for removal to be effective. Id. at 1199.

4

**3. Defendant Chrisos Failed to Adequately Consent to the Removal Action.**

In order to consent to removal, all defendants must clearly and unambiguously manifest their consent within thirty days of receipt of plaintiff's complaint. 28 U.S.C. § 1446(b); Sansone v. Morton Machine Works, Inc., 2002 U.S. Dist. LEXIS 27074, *4 (D. R.I. 2002). Failure to properly consent results in defective removal and is grounds for remand. Sansone, 2002 U.S. Dist. LEXIS at *5. There is no uniform removal deadline applicable to all defendants; each defendant has thirty days from the date he or she first receives notice of the complaint to remove. Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1201 (D. R.I. 1986). Similarly, each defendant also has only thirty days from the date on which he or she first receives notice of the plaintiff's complaint, to *consent* to any removal action of another defendant. Sansone, 2002 U.S. Dist. LEXIS at *4.

Defendant Imhoff's Notice of Removal states that Defendants GEE, TRIAD, Chrisos and Cullen "assent to the removal of the action." The overwhelming majority of courts who have addressed this issue, however, have held that such a representation is insufficient to constitute the consent required by the federal statute. Id. at *7-8 (citing cases). Courts have generally required the non-removing defendants to file written indication of consent or to communicate an oral expression of consent in court. Id. at *5-6. Thus consent, whether written or oral, must be within the non-removing defendant's own thirty day window to remove. Id. at *4.

Defendant Chrisos, who is represented by different counsel than Defendants GEE, TRIAD and Cullen, has not taken any formal steps to consent to Defendant Imhoff's removal action, and his window to do so has closed. As Plaintiffs argue above, Defendant Chrisos first received notice of Plaintiff's complaint no later than August 26, 2004. Proof of Service (Tab B). Therefore, Defendant Chrisos had until September 27, 2004 to

5

formally consent to any other defendant's removal notice.[2]  See id. at *3. See also Local Union No. 172 v. P.J. Dick Inc., 253 F. Supp. 2d 1022, 1024-25 (S.D. OH 2003) (holding that by allowing one defendant to make an assertion on behalf of another, federal courts would encourage violations of Fed.R.Civ.Pro. Rule 11 which prohibits one party from making representations or filing pleadings on behalf of another). Because Defendant Chrisos failed to timely consent to Defendant Imhoff's Notice of Removal , there is no unanimity and the removal effort is defeated. The Court should remand the matter to Middlesex County Superior Court.

**C. Conclusion**
    For the reasons stated above, Plaintiffs ask the Court to
    (1) REMAND this matter to Middlesex County Superior Court;
    (2) STAY the Local Rule 16.1 scheduling conference pending resolution of this motion.

    Respectfully submitted
    The Plaintiffs
    By Their Attorney,


    Elizabeth A. Rodgers, BBO#424360
    Rodgers, Powers & Schwartz LLP
    18 Tremont Street, Suite 500
    Boston, MA 02108
    617-742-7010

---

[2] Should the Court decide, contrary to Plaintiffs' argument, that Defendant Imhoff first received notice of Plaintiffs' complaint at service on October 20, 2004, and that the rule announced by Judge Selya in Gorman does not apply to the facts in this case, Defendant Chrisos must have formally consented to the removal action no later than November 19, 2004. Defendant Chrisos failed to formally consent by that date, however, and cannot consent now. Thus, unanimity is defeated and the Court should remand this action to Middlesex County Superior Court.