UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
          Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
          Defendants

Civil Action No. 04-12318-RWZ

------------------------------------------------------------

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' OPPOSITION TO REMOVAL AND MOTION TO REMAND TO SUPERIOR COURT

Defendants General Employment Enterprises, Inc., Triad Personnel Services, Inc., Herbert Imhoff, Jr., Kim Cullen, and Gregory Chrisos hereby oppose Plaintiffs' Opposition to Removal and Motion to Remand to Superior Court. In support of their opposition, Defendants also submit the Affidavit of Christian Samito and the Affidavit of Jeffrey S. Brody.

Plaintiffs' Motion to Remand should be denied because any defendant has 30 days from service to remove a case to Federal Court and it is undisputed that Defendant Imhoff removed the case within the requisite 30-day period. In addition, contrary to Plaintiffs' assertion, all Defendants properly joined in the removal. Further, even if the Plaintiffs could establish that the removal was somehow procedurally defective, which Defendants deny, Plaintiffs have expressly waived any argument about alleged procedural defects through express representations made to opposing counsel, as well as by engaging in affirmative activity before this Court.

**Case Background**

This action arises out of Plaintiffs' employment with General Employment Enterprises, Inc. ("General Employment") and Triad Personnel Services, Inc. ("Triad"). In their Complaint, Plaintiffs assert claims of sexual harassment, gender harassment/discrimination, failure to adequately investigate or remedy a hostile work environment, discriminatory treatment, retaliation, promissory estoppel, and intentional interference with advantageous relations. Plaintiffs filed their action in Middlesex Superior Court on or about August 19, 2004. Plaintiffs' Complaint misstated that Defendant Chrisos resided in Massachusetts, when in fact he is a resident of Illinois. (Complaint, ¶ 7). Defendant Chrisos is represented by separate counsel from the remaining Defendants.

Defendant Imhoff accepted service on October 20, 2004.[1] (Brody Aff., ¶ 2). Thereafter, on November 1, 2004, after establishing that Defendant Chrisos actually resided in Illinois, Defendant Imhoff removed this action to this Court pursuant to 28 U.S.C. § 1441 based on the complete diversity between the Plaintiffs and Defendants. (See Notice of Removal attached hereto as Exhibit A). Prior to removing the action, counsel for Defendant Imhoff (who also represents Defendants General Employment, Triad, and Cullen), spoke with counsel for Defendant Chrisos and obtained Defendant Chrisos's consent to the removal. (Brody Aff., ¶ 4). Accordingly, in the Notice of Removal, Defendant Imhoff expressly stated that all co-defendants, including Defendant Chrisos, assented to removal of this action to this Court.

On or about November 5, 2004, counsel for Defendant Chrisos had a telephone conference with counsel for the Plaintiffs concerning Mr. Chrisos's residence and place of employment. (Samito Aff., ¶ 2). During this November 5, 2004 conference, Plaintiffs' counsel

---

[1] There is no dispute that the other defendants were served prior to Defendant Imhoff or that their 30-day period to remove this action expired prior to Defendant Imhoff accepting service on October 20, 2004.

asked whether Chrisos lived or worked in Massachusetts because she was considering opposing Defendant Imhoff's removal on the grounds of lack of diversity jurisdiction. (Id. at ¶ 3). Defendant Chrisos's counsel represented that Mr. Chrisos both lived and worked in Illinois and had done so for years. (Id. at ¶ 4). Plaintiffs' counsel replied that if that were the case, she had no grounds on which to oppose the removal. (Id. at ¶ 4).

On or about November 8, 2004, counsel for Defendant Chrisos received a letter from Plaintiffs' counsel dated November 5, 2004, in which she requested information confirming Chrisos's residency and place of employment. (Id. at ¶ 5). In this letter, Plaintiffs' counsel represented that,

> In order that I fulfill my obligation to zealously represent my client, **in order for me not to challenge the removal**, I request that you send me by return mail, a copy of: [Chrisos's] current driver's license; his current home address; the name and address of his current employer; his voting registration card or the location of his last registration, with the name of the city or town clerk or other official with control of the voting list; location of bank accounts; and evidence of any membership in any church or other associations.

(Samito Aff., Ex. A) (emphasis added). Plaintiffs' counsel further went on to "request that you confirm in writing that Mr. Chrisos is domiciled in Illinois and provide proof of same, **to avoid a challenge to the removal.**" (Samito Aff., Ex. A) (emphasis added). Upon receipt of this November 5, 2004 letter, counsel for Mr. Chrisos called Plaintiffs' counsel to confer with her about this request. (Samito Aff.,¶ 7). Counsel for Mr. Chrisos agreed to provide the requested affidavit based upon Plaintiffs' counsel's representation that Plaintiffs would not challenge the removal to this Court if Mr. Chrisos provided proof of his residency, employment, and voting registration in Illinois, and Plaintiffs' counsel's further representation that providing that proof through affidavit would be sufficient. (Id. at ¶ 7). The requested affidavit was provided to Plaintiffs' counsel by facsimile on November 12, 2004. (Id. at ¶ 8).

Shortly thereafter, on November 18, 2004, Chrisos's counsel served notices of appearance in this Court, thereby confirming Defendant Chrisos's intent to continue with this action in this Court. (See Notices of Appearance attached hereto as Exhibit B). The parties also began to confer regarding the date of the scheduling conference and preparation of the joint statement. Despite Plaintiffs' counsel's representations that receipt of the affidavit from Mr. Chrisos concerning his residency would "avoid a challenge to the removal," Plaintiffs nevertheless filed their motion to remand on November 23, 2004.[2]

On November 30, 2004, the parties jointly filed their Joint Statement pursuant to Local Rule 16.1. In the Joint Statement, all Defendants reaffirmed their consent to removal. (See Joint Statement at n.1). On December 2, 2004, Plaintiffs filed an assented-to motion to amend the complaint with this Court.[3] (See Assented To Motion To Amend The Complaint attached hereto as Exhibit C).

## ARGUMENT

### I.  Any Defendant Has 30 Days From Service To Remove An Action To Federal Court Regardless Of When Other Defendants Are Served.

Plaintiffs ignore the fact that this Court has at least twice rejected the position asserted by Plaintiffs here. Indeed, as recently as three weeks ago, this Court expressly rejected Plaintiffs' argument that Defendant Imhoff's right of removal could be prejudiced by another defendant's failure to remove within 30 days of service of the Complaint. In Egan v. Bechtel Corporation, et

---

[2] Plaintiffs confusingly electronically filed a second Opposition To Removal And Motion For Remand To Superior Court on December 2, 2004, when they apparently intended to file an Assented To Motion To Amend The Complaint. This Opposition is filed in response to both the first and second Opposition To Removal And Motion For Remand To Superior Court.

[3] As indicated above, when Plaintiffs electronically filed their "Assented To Motion To Amend The Complaint" on December 2, 2004, they erroneously attached the text of a revised version of their Opposition To Removal And Motion For Remand To Superior Court. Plaintiffs corrected their misfiling by filing the Assented To Motion To Amend The Complaint on December 7, 2004. It is immaterial whether the Assented-to Motion is deemed filed on December 2, 2004 or December 7, 2004.

al., 2004 U.S. Dist. LEXIS 23400 (D. Mass. November 19, 2004) (Stearns, J.) (attached as Exhibit D), this Court held under the "emerging view" that notions of fairness require that a later-served defendant be allowed 30 days to remove a case to Federal Court even if an earlier served Defendant did not do so.  Id. at 2 (relying on Marano Enters. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 755-57 (8th Cir. 2001)).  See also Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000) (denying remand and holding that fairness and proper statutory construction require that a later-served defendant has 30 days from the date of service to remove a case to Federal Court).  Cf. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (defendant is required to take action as a defendant only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend).

        The Egan decision is consistent with a prior ruling by this Court.  In Garside v. Osco Drug, Inc., 702 F. Supp. 19 (D. Mass. 1988) (Tauro, J.), this Court similarly held that a subsequently served defendant has 30 days to seek removal, despite the fact that its co-defendants may be foreclosed from doing so.  Id. at 22.  The Court reasoned that the defendants in multi-party litigation must be given an opportunity to develop a collective strategy.  Id. at 21. Accordingly, the Court found that the removal by a defendant within 30 days of service was proper despite an earlier-served defendant's failure to do so.  Id.

        Rather than cite to these persuasive opinions, Plaintiffs erroneously rely upon the faulty reasoning of New World Technologies, Inc. v. Comy Technology, Inc., 876 F. Supp. 6, 8 (D. Mass. 1995) and Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc., 1996 U.S. Dist. LEXIS 13541 (D. Mass. August 19, 1996) (Wolf, J.), the rationale for which the United States Supreme Court subsequently rejected in Murphy Bros., Inc.  In particular, both New

World Technologies and Karpowicz reason that the 30-day period to remove begins when a defendant receives actual notice of the substance of the litigation, rather than when a defendant has been properly served by a plaintiff. In Murphy Bros., Inc., the Supreme Court rejected such a notion and held that a defendant's time to remove is triggered by formal service of a summons and complaint, not by mere notice of a complaint without any formal service. 526 U.S. at 347-48. Indeed, it is the Murphy Bros., Inc. decision in 1999 that caused subsequent courts, including Judge Stearns in Egan, to adopt the emerging view that each defendant has 30 days to remove regardless of when other defendants may have been served. See Marano Enters. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 756 (8th Cir. 2001) ("[w]e are convinced that . . . the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in [Murphy Bros.]").

As a result, in light of this clear and sound precedent, including Egan, Garside and guiding precedent by the Supreme Court in Murphy Bros., Inc., this Court should deny Plaintiffs' motion to remand.

**II.    All Defendants Consented In Removal Of This Action To Federal Court.**

In order to remove an action from State to Federal Court, a defendant must file a notice of removal within 30 days after receipt of the initial pleading or service of process. 28 U.S.C. §1446 (b). In cases involving multiple defendants, all defendants who have been served must join or assent in the removal. Garside, 702 F. Supp. at 21. Defendants satisfied this rule of unanimity since all of Defendant Imhoff's co-defendants consented to his removal of this action to Federal Court.

6

A.    **All Defendants Expressly Consented To Removal In The Notice Of Removal.**

Prior to filing his Notice of Removal, Defendant Imhoff obtained the consent of all co-defendants, including Defendant Chrisos. The Notice of Removal filed by Defendant Imhoff clearly indicates that all of his co-defendants consented to removal of this action, thus satisfying the rule of unanimity. Specifically, in his Notice of Removal, Defendant Imhoff stated as follows: "Defendants General Employment Enterprises, Inc., Triad Personnel Services, Inc., Gregory Chrisos, and Kim Cullen assent to the removal of this action." (See Exhibit A). Defendant Imhoff, therefore, satisfied the requirements of 28 U.S.C. § 1441(a). See, e.g., Engle v. R.J. Reynolds Tobacco, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (co-defendants' unanimous joinder apparent based on their binding actions, including statement in notice of removal that it was jointly filed, despite fact that signed only by counsel for one defendant); Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("the petition [for removal] must be signed by all defendants or the signer must allege consent of all defendants").

Plaintiffs nevertheless attempt to avoid removal by relying on Murphy v. Newell Operating Co., 245 F. Supp. 2d 316 (D. Mass. 2003). Plaintiffs' reliance on this case is misplaced. In Murphy, the removing defendant failed to indicate in its notice of removal that its co-defendant had consented to removal. (See Petition for Removal from the Murphy case, attached as Exhibit E). By contrast, in the instant action, Defendant Imhoff obtained the consent of all co-defendants prior to removal and explicitly indicated that all Defendants consented to removal in his Notice of Removal.

Accordingly, all Defendants, including Defendant Chrisos, timely consented to removal.

### B. **Defendant Chrisos Further Indicated His Consent To Removal When He Appeared Before This Court Within The 30-Day Removal Period.**

Defendant Chrisos further demonstrated his consent to removal when his counsel served notices of appearance in this Court on his behalf on November 18, 2004, within the requisite 30-day period. In other words, by appearing, Defendant Chrisos expressly consented to this Court's jurisdiction.

Indeed, courts have repeatedly found acts other than the filing a separate notice of consent to be sufficient to indicate consent to removal by a non-removing co-defendant. See Williams v. Benicorp Ins. Co., 190 F. Supp. 2d 1379, 1381 (M.D. Ga. 2002) (denying remand where co-defendant's filing of an answer five days after removal indicated co-defendant's consent to the jurisdiction of the federal court); Ayres v. City of Beaumont, 193 F. Supp. 2d 896, 898-99 (E.D. Texas 2001) (finding co-defendant's affirmation of defendant's response to plaintiff's remand motion sufficient evidence of consent to removal); Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) (denying remand when co-defendant answered complaint within 30-day period, manifesting his intent to join in removal).

The foregoing case law makes clear that Defendant Chrisos, whose consent to removal was indicated in the Notice of Removal, further manifested his consent to removal when his counsel filed appearances with this Court. Plaintiffs' motion to remand, therefore, should be denied.

### III. **Plaintiffs Waived Their Right To Object To Removal.**

Even if Plaintiffs could somehow establish a procedural defect in the removal (which Defendants deny), Plaintiffs have waived any right to raise an objection to the removal. The failure of all defendants to join in a petition for removal constitutes not a jurisdictional defect, but merely a technical or procedural irregularity which may be waived by conduct on the part of

the plaintiff indicating acquiescence.  Roberts v. Vulcan Materials Co., 558 F. Supp. 108, 108-09 (M.D. La. 1983) (denying remand when active participation of plaintiff in discovery constituted waiver of right to seek remand).[4]  Here, Plaintiffs waived their right to object to removal for two independent reasons.

### A. Plaintiffs Are Estopped From Objecting To Removal Because They Stated That They Would Not Challenge Removal If Defendant Chrisos Provided Evidence Of His Residency In Illinois.

First, Plaintiffs waived their right to object to the removal by affirmatively representing that they would not object to the removal if Defendant Chrisos provided an affidavit of his out of state residency for diversity purposes.  In their counsel's November 5 letter to Defendant Chrisos, Plaintiffs represented that they would not challenge removal of this action if Defendant Chrisos provided information regarding his residency in Illinois.  Specifically, Plaintiffs' counsel stated the following:

> In order that I fulfill my obligation to zealously represent my client, *in order for me not to challenge the removal*, I request that you send me by return mail, a copy of: [Chrisos's] current driver's license; his current home address; the name and address of his current employer; his voting registration card or the location of his last registration, with the name of the city or town clerk or other official with control of the voting list; location of bank accounts; and evidence of any membership in any church or other associations.

(Samito Aff., Ex. A) (emphasis added)    Plaintiffs' counsel further went on to "request that you confirm in writing that Mr. Chrisos is domiciled in Illinois and provide proof of same, **to avoid a challenge to the removal.**"    (Id.) (emphasis added).    Based on representations made by Plaintiffs' counsel in the November 5 letter, as well as subsequent verbal communications, Defendant Chrisos provided an appropriate affidavit of residency.  Indeed, Plaintiffs have not contested removal on the basis of Mr. Chrisos's residence.

---

[4] In addition, the court may disregard any error or defect which does not affect the substantial rights of the parties. Fed. R. Civ. P. 61.

Plaintiffs have nevertheless violated their agreement with Defendant Chrisos in their attempt to challenge removal. The Court should not allow them to do so and should find that Plaintiffs waived their right to challenge removal based on their representations and Defendant Chrisos's good faith cooperation with Plaintiffs in reliance on those representations.

**B.  Plaintiffs Assented To The Jurisdiction Of This Court When They Filed An Assented To Motion To Amend The Complaint**

In addition, Plaintiffs waived their right to seek remand when they filed an assented to motion to amend their complaint with the Court. A party that has engaged in affirmative activity in Federal Court waives the right to seek remand. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996) (plaintiff's filing of motion to file a supplemental complaint constituted waiver of right to seek remand); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1271 (D. Or. 2001) (filing of motion for default established plaintiff's acquiescence in Federal Court's jurisdiction and waiver of right to seek remand).

Because Plaintiffs engaged in affirmative activity in this Court when they filed an assented to motion to amend their complaint, they acquiesced to the Court's jurisdiction and they are now foreclosed from seeking remand.

## Conclusion

For the foregoing reasons, Defendants jointly request that this Court deny Plaintiffs' motion to remand this action to Superior Court.

## Request for Oral Argument

Defendants respectfully request oral argument on this motion.

Respectfully submitted,

GENERAL EMPLOYMENT ENTERPRISES,     GREGORY CHRISOS
INC., TRIAD PERSONNEL SERVICES,
INC., HERBERT IMHOFF, JR., and KIM
CULLEN

By their attorneys,                                 By his attorneys,

_Jeffrey S. Brody_                                  _Christian G. Samito_
Jeffrey S. Brody, BBO #566032                       Cheryl A. Waterhouse, BBO #547058
Heather Stepler, BBO #654269                        Christian G. Samito, BBO #639825
JACKSON LEWIS LLP                                   Donovan Hatem LLP
75 Park Plaza, 4th Floor                            Two Seaport Lane
Boston, MA  02116                                   Boston, MA 02110
(617) 367-0025; (617) 367-2155 – fax                (617) 406-4500


Dated:  December 7, 2004

11

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and AMANDA
MEDINA

                       Plaintiffs

      vs.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN

                    Defendants.

Civil Action No.

---------------------------------------------------------------

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Defendant Herbert Imhoff respectfully submits that:

1.     On or about October 20, 2004, he was served with a Complaint in a matter
entitled Lisa Riley, Lisa Marie Catalano, Sandy Panarello and Amanda Medina v. General
Employment Enterprises, Triad Personnel Services Inc, Gregrory Chrisos, Herbert Imhoff, and
Kim Cullen, Civil Action No. 04-3270, which was filed in Massachusetts Superior Court,
Middlesex County.

2.     The process, pleadings, and orders served upon Defendant Imhoff to date in this
matter, copies of which are attached hereto as Exhibit A, are as follows:

    a.  Complaint;

    b.  Amended Complaint; and

c.  Answer of Gregory Chrisos.

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the parties being of different states.  In Section II of Plaintiffs' Complaint, Plaintiffs state that Plaintiffs Riley and Catalano are residents of the State of Massachusetts and that Plaintiffs Panarello and Medina are residents of the State of Florida. Defendant Imhoff is a resident of the State of Illinois.  Defendants General Employment Enterprises, Inc. and Triad Personnel Services, Inc. are corporations, which are incorporated in Illinois and have their principal places of business in Illinois.  Defendant Chrisos is a resident of the State of Illinois and Defendant Cullen is a resident of the State of New Hampshire.  Further, Plaintiffs have alleged causes of action, the potential recovery for which exceeds the $75,000 jurisdictional prerequisite, exclusive of interest and costs.  Therefore, there is complete diversity between the Plaintiffs and Defendants.

4.      Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

5.      Defendant Imhoff will notify the Middlesex Superior Court and all parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal.  A copy of that notification, which will be sent to the Middlesex Superior Court, is attached hereto as Exhibit B.

6.      Defendants General Employment Enterprises, Inc., Triad Personnel Services, Inc., Gregory Chrisos, and Kim Cullen assent to the removal of the action.

Respectfully submitted,

HERBERT IMHOFF

By his attorney,

_____
Jeffrey S. Brody, BBO # 566032
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
(617) 367-0025

Dated:  November ⌐ , 2004

## CERTIFICATE OF SERVICE

This is to certify that on November ⌐ , 2004, a copy of the foregoing document was served upon Plaintiffs' attorney, Elizabeth A. Rodgers, Rodgers, Powers & Schwartz LLP, 18 Tremont Street, Boston, MA 02108, and Defendant Gregory Chrisos's attorney, Cheryl Waterhouse, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-12318RWZ

|  |  |
|---|---|
| LISA RILEY, LISA MARIE CATALANO, SANDY PANARELLO AND AMANDA MEDINA, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GENERAL EMPLOYMENT ENTERPRISES, TRIAD PERSONNEL SERVICES INC., GREGORY CHRISOS, HERBERT F. IMHOFF, JR., AND KIM CULLEN, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF APPEARANCE

Please enter the appearance of Cheryl A. Waterhouse of Donovan Hatem LLP as

counsel for the defendant Gregory Chrisos in the above-captioned matter.

Respectfully submitted,
GREGORY CHRISOS,
By his attorneys,

Cheryl A. Waterhouse, BBO #547058
Christian G. Samito, BBO #639825
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: November 18, 2004

1

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 18th day of November, 2004, I served the foregoing *Notice of Appearance* upon the other parties to this action by causing a copy thereof to be delivered by first-class mail, postage pre-paid, to Elizabeth A. Rodgers, Esq., Rodgers, Powers & Schwartz, 18 Tremont Street, Boston, MA 02108 and by first class mail to Julie Trester, Esq., Meckler Bulger & Tilson, 123 North Wacker Drive, Chicago, Ill 60606 and to Jeffrey S. Brody, Esq., Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, MA 02116.

Christian G. Samito

00877502

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12318RWZ

LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO AND )
AMANDA MEDINA, )
                       )
     Plaintiffs, )
                       )
v. )
                       )
GENERAL EMPLOYMENT )
ENTERPRISES, TRIAD PERSONNEL )
SERVICES INC., GREGORY CHRISOS, )
HERBERT F. IMHOFF, JR., )
AND KIM CULLEN, )
                       )
     Defendants. )

## NOTICE OF APPEARANCE

Please enter the appearance of Christian G. Samito of Donovan Hatem LLP as

counsel for the defendant Gregory Chrisos in the above-captioned matter.

                    Respectfully submitted,
                    GREGORY CHRISOS,
                    By his attorneys,

                    Cheryl A. Waterhouse, BBO #547058
                    Christian G. Samito, BBO #639825
                    Donovan Hatem LLP
                    Two Seaport Lane
                    Boston, MA 02210
                    (617) 406-4500

Dated: November 18, 2004

1

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 18th day of November, 2004, I served the foregoing *Notice of Appearance* upon the other parties to this action by causing a copy thereof to be delivered by first-class mail, postage pre-paid, to Elizabeth A. Rodgers, Esq., Rodgers, Powers & Schwartz, 18 Tremont Street, Boston, MA 02108 and by first class mail to Julie Trester, Esq., Meckler Bulger & Tilson, 123 North Wacker Drive, Chicago, Ill 60606 and to Jeffrey S. Brody, Esq., Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, MA 02116.

Christian G. Samito

00877498

2

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
          Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
          Defendants

Civil Action No. 04-12318-RWZ

------------------------------------------------------------

## ASSENTED TO MOTION TO AMEND THE COMPLAINT

The plaintiffs hereby move to amend the complaint as to Gregory Chrisos, to correct typographical and formatting errors in the first complaint. The amended complaint was filed in state court on or about October 21, 2004, and is in the package of documents removed from state court to this court on November 22, 2004. The amended complaint has already been served upon and answered by the other defendants, prior to their answering the original complaint.

Respectfully submitted,

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA

By their attorneys,

   /s/ Elizabeth A. Rodgers
Elizabeth A. Rodgers, BBO #424360
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

GENERAL EMPLOYMENT ENTERPRISES,
INC., TRIAD PERSONNEL SERVICES,
INC., HERBERT IMHOFF, JR., and KIM
CULLEN

By their attorneys,

   /s/ Jeffrey S. Brody
Jeffrey S. Brody, BBO #566032
Heather Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA  02116
(617) 367-0025; (617) 367-2155 – fax

GREGORY CHRISOS

By his attorneys,


____/s/ Christian G. Samito_____
Cheryl A. Waterhouse, BBO #547058
Christian G. Samito, BBO #639825
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02110
(617) 406-4500

Dated:  December 2, 2004

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11721-RGS

WILLIAM B. EGAN, III

v.

BECHTEL CORPORATION, PARSONS,
BRINKERHOFF, QUADE AND DOUGLAS, INCORPORATED and
DYWIDAG SYSTEMS INTERNATIONAL

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO REMAND

November 19, 2004

STEARNS, D.J.

On March 8, 2004, plaintiff William Egan filed this industrial accident suit against defendants Bechtel Corporation and Parsons, Brinkerhoff, Quade and Douglas, Inc., in the Massachusetts Superior Court. Although the parties were diverse, neither defendant sought to remove the case to federal court. On July 1, 2004, plaintiff amended the complaint to add Dywidag Systems International, U.S.A., Inc. (Dywidag), as a defendant. Dywidag was served with the Complaint on July 7, 2004. On August 4, 2004, with the consent of the initial defendants, Dywidag (also a diverse party) removed the case to the federal district court. Plaintiff now seeks an order of remand, arguing that the 30-day time frame for removal provided by 28 U.S.C. § 1446(b) expired on April 15, 2004, and that Dywidag's notice of removal was therefore untimely.

The 30-day removal period under 28 U.S.C. § 1446(b) begins to run from the time

a defendant receives notice of a removable claim by way of formal and proper service.[1]
Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-354 (1999).  In
a multi-defendant case, the traditional view construes the 30-day rule strictly – if the first-
served defendant declines or neglects to seek removal, a subsequent defendant served
outside the 30 day window may not remove the case, even with the consent of the first-
served defendant.[2]  See, e.g.,  Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254,
1263-1264 (5th Cir. 1988).  However, since Murphy Brothers, an "emerging view" holds
that fairness requires that late-served defendants be given 30 days from the date of
service to file a notice of removal (so long as all of the earlier-served non-filing
codefendants consent) in order that their removal rights not be compromised.  16 Moore's
Federal Practice, § 107.30[3][a][i], at 163-164 (3d ed. 2000).  See Marano Enters. v. Z-
Teca Restaurants, L.P., 254 F.3d 753, 755-757 (8th Cir. 2001) (predicting with Moore's
that in light of Murphy Brother's, the Supreme Court would abandon the strict view for the
emerging one).[3]  Like the Eight Circuit, I find "neither position particularly compelling," but
I agree with the Eight Circuit's Murphy Brother's prediction.[4]

––––––––––––––––––––

[1]The one-year limitation in 28 U.S.C. § 1446(b) on the removal of diversity cases
is not implicated.

[2]Some courts carve out an equitable exception where service is deliberately
delayed by a plaintiff as part of a stratagem to defeat removal.

[3]The Sixth Circuit has also embraced the emerging view.  Brierly v. Alusuisse
Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076
(2000).  Numerous district courts have weighed in on the issue without any consistent
result.  No First Circuit opinion, to my knowledge, addresses the issue.

[4]Another influential treatise, 14C Wright, Miller & Cooper, Federal Practice and
Procedure: Jurisdiction 3d § 3732,at 337, 339 (3d ed. 1998), takes the (pre-Murphy

2

ORDER

For the foregoing reasons, plaintiff's motion to remand is <u>DENIED</u>.

SO ORDERED.

s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

.

_____

<u>Brother's</u>) position that to deprive a late-served defendant of the opportunity to persuade earlier served but non-removing defendants that it is in the collective interest to remove the case is "unfair."

3

**EXHIBIT E**

UNITED STATES DISTRICT COURT
FOR THE WESTERN
DISTRICT OF MASSACHUSETTS

**FILED**
**IN CLERKS OFFICE**

2002 APR -9  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

KEITHA MURPHY
    Plaintiff

v.

NEWELL  OPREATING COMPANY
    Defendant/Third-Party Plaintiff

v.

CRISA INDUSTRIAL, LLC AND
VITROCRISA S.A.D.E.C.V.,
    Third-Party Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

02-40065

DOCKETED

## PETITION FOR REMOVAL

TO THE JUDGE OF THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

The Petition of Third-Party Defendant, Vitrocrisa S.A.D.E.C.V., by its attorneys, Boyle, Morrissey & Campo, P.C., for removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Worcester, Worcester, Massachusetts, to the United States District Court for the Western District of Massachusetts, respectfully shows:

FIRST:    That the petitioner herein is a third-party defendant in a civil action brought against it in the Superior Court of the State of Massachusetts, Worcester County, Worcester, Massachusetts, entitled "Keitha Murphy, Plaintiff v.



FILING FEE PAID:
RECEIPT #  403720
AMOUNT $  50.-
BY DPTY CLK.  S Om
DATE  4-9-02

Newell Operating Company, Defendant/third-Party Plaintiff v. Crisa Industrial, LLC and Vitrocrisa S.A.D.E.C.V., Third-Party Defendants." A Copy of the Summons, Complaint and Answer in that action is attached hereto as Exhibit A. Said action bears Worcester Superior Court Civil Action No.: 99-03000.

SECOND: That the aforesaid action was commenced by the service of a Summons and Complaint upon the Third-Party Defendant on March 18, 2002.

THIRD: That as set forth in the Complaint, plaintiff is residing in Sturbridge, Massachusetts.

FOURTH: The Defendant/Third-Party Plaintiff, Newell Operating Company, is a corporation organized and existing under the laws of the State of Delaware, having it principal place of office at 100 West 10th Street, Wilmington, Delaware 19899.

FIFTH: The Third-party Defendant, Crisa Industrial, LLC, is a corporation organized and existing under the laws of the State of Delaware, having its principal office at 1600 Justo Penn Road, Laredo, Texas 78041.

SIXTH:    The Third-party Defendant, VitroCrisa, S.A.D.E.C.V., is a Mexican Company, with its principal place of business at J.M. Vigil #400 Col. Del. Norte, Monterray, Mexico.

EIGHTH:    That, by reason of the above, the above-captioned action is a civil action brought in a state court of which the United States District Courts have original jurisdiction under the provisions of Title 28, U.S.C. Section 1332 and is one which may be removed to this Court by the petitioner, third-party defendant therein, pursuant to the provisions of Title 28, U.S.C. Section 1332(c) and Sections 1441(a) and (b).

NINTH:    That the amount in controversy herein exceeds the sum of SEVENTY-FIVE THOUSAND  ($75,000.00) DOLLARS, exclusive of interest and costs.

WHEREFORE, your petitioner prays that this cause proceed in this Court as an action properly removed thereto.

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000

Dated: April 8, 2002