## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12318RWZ

| | |
|---|---|
| LISA RILEY, LISA MARIE CATALANO, SANDY PANARELLO AND AMANDA MEDINA, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GENERAL EMPLOYMENT ENTERPRISES, TRIAD PERSONNEL SERVICES INC., GREGORY CHRISOS, HERBERT F. IMHOFF, JR., AND KIM CULLEN, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF CHRISTIAN G. SAMITO

I, Christian G. Samito, state:

1.    I am an attorney with the law firm of Donovan Hatem LLP, Two Seaport Lane, Boston, Massachusetts 02210, and represent the defendant, Gregory Chrisos ("Chrisos").

2.    On or about November 5, 2004, I had a telephone conference with counsel for the plaintiffs, Elizabeth Rodgers, Esq. ("Rodgers"), concerning Chrisos's residence and place of employment.

3.    During this November 5, 2004 conference, Rodgers asked me whether Chrisos lived or worked in Massachusetts because she was considering opposing defendant Herbert F. Imhoff, Jr's removal of this matter to federal court on the grounds of lack of diversity jurisdiction.

4.    I represented to Rodgers that Chrisos both lived and worked in Illinois and had done so for years. Rodgers replied that if that were the case, she had no grounds on which to oppose the removal.

1

5.    On or about November 8, 2004, I received a letter from Rodgers, dated November 5, 2004 and attached to this affidavit as Exhibit A, in which she requested information confirming Chrisos' residency and place of employment.

6.    In this letter, Rodgers represented that, **"in order for me not to challenge the removal,** I request that you send me by return mail, a copy of: [Chrisos'] current driver's license; his current home address; the name and address of his current employer; his voting registration card or the location of his last registration, with the name of the city or town clerk or other official with control of the voting list; location of bank accounts; and evidence of any membership in any church or other associations." Rodgers went on to "request that you confirm in writing that Mr. Chrisos is domiciled in Illinois and provide proof of same, **to avoid a challenge to the removal.**" Exhibit A (emphasis added).

7.    Upon receipt of this November 5, 2004 letter, I called Rodgers to confer with her about this request. Upon Rodgers' representation that the plaintiffs would not challenge the removal to federal court if Chrisos provided proof of his residency, employment, and voting registration in Illinois, and Rodgers' further representation that providing that proof through affidavit would be sufficient, I agreed to obtain an affidavit from Chrisos that contained that information.

8.    On November 12, 2004, I sent Rodgers, by facsimile, the *Affidavit of Gregory Chrisos* (the "Affidavit"), attached as Exhibit C to the *Plaintiffs' Opposition to Removal and Motion for Remand to Superior Court*. The Affidavit contained the proof of residency, employment, and voting registration information that Rodgers had requested.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 6 th DAY OF DECEMBER, 2004.

Christian G. Samito

00880214

2

## EXHIBIT A

# RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street
Boston, MA 02108
Tel. (617) 742-7010
Fax (617) 742-7215

*A T T O R N E Y S   A T   L A W*

Elizabeth A. Rodgers
Email  ERodgers@TheEmploymentLawyers.com

November 5, 2004

Christian G. Samito, Esq.
Donovan Hatem LLP
2 Seaport Lane
Boston, MA 02210

RE: Riley, et al. v. General Employment, Inc., et al.
    C.A. No. 04-3270

Dear Mr. Samito,

    This is to confirm that today I requested you as an officer of the court whether Mr.
Gregory Chrisos is living and or working in Massachusetts. You stated unequivocally that Mr.
Chrisos is living in Illinois and is not working in Massachusetts. To establish diversity, the law
requires that Mr. Chrisos not be domiciled in Massachusetts. In order that I fulfill my obligation
to zealously represent my client, in order for me not to challenge the removal, I request that you
send me by return mail, a copy of: his current driver's license; his current home address; the
name and address of his current employer; his voting registration card or the location of his last
registration, with the name of the city or town clerk or other official with control of the voting
list; location of bank accounts; and evidence of any membership in any church or other
associations.

    I would request that you confirm in writing that Mr. Chrisos is domiciled in Illinois and
provide proof of same, to avoid a challenge to the removal. If you have any questions or
concerns, please do not hesitate to contact me.

Sincerely,

Elizabeth A. Rodgers

Harvey A. Schwartz, P.C.
Kevin G. Powers
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
Linda Evans
Laurie A. Frankl