UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
          Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
          Defendants

Civil Action No. 04-12318-RWZ

---

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTFFS' MOTION TO REMAND TO SUPERIOR COURT**

Defendants General Employment Enterprises, Inc., Triad Personnel Services, Inc., Herbert Imhoff, Jr., Kim Cullen, and Gregory Chrisos hereby submit the following sur-reply to Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand to Superior Court ("Plaintiffs' Reply Memorandum"). In an attempt to remand this case to state court, Plaintiffs misstate the applicable law and misinterpret the relevant case law. Without restating arguments set forth in their main brief, Defendants emphasize the following three fatal flaws by Plaintiffs that fully undermine the assertions contained in their Reply Memorandum:

    1.    **Plaintiffs Ignore the Clear Modern Trend Allowing Each Defendant 30 Days From Service For Removal.**

Plaintiffs continue to rely upon outdated case law that pre-dates the Murphy Bros. decision and ignores the clear post-Murphy Bros. modern trend of allowing each defendant 30 days from the date of service for removal. Indeed, the overwhelming weight of authority since Murphy Bros. rejects the exact position espoused here by the Plaintiffs. See, e.g., Marano Enters. of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding later-

served defendants have 30 days from the date of service on them to file a notice of removal); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000) (holding, as a matter of fairness, later-served defendant has 30 days from date of service to remove a case to federal court); Ratliff v. Workman, 274 F. Supp. 2d 783, 790-91 (S.D. W.Va. 2003) (relying on Murphy Bros. and Marano, holding that each defendant has 30 days to remove starting from the time service of process is effected); Smith v. Mail Boxes, Etc., Inc., 191 F. Supp. 2d 1155, 1161 (E.D. Cal. 2002) (adopting last-served rule because it best balances fairness considerations to both plaintiffs and defendants); Liberty Mutual Ins. Co. v. Bayer Corp., 2002 U.S. Dist. LEXIS 12581 at *7 (D. Del. 2002) (adopting later-served defendant approach in light of the Murphy Bros.); Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 343 (D.N.J. 2001) (noting that in light of Murphy Bros., it is counter-intuitive to maintain a first-served defendant rule, and adopting later-served defendant rule).

Moreover, Plaintiffs' argument that Defendant Chrisos waived his right to remove ignores the rationale for the modern trend adopted by the above cases, including this Court in Egan. Fundamental notions of fairness prevent one defendant from abrogating another defendant's right of removal. Put simply, Defendant Chrisos, through his action or inaction, cannot negatively affect the rights of Defendant Imhoff. By not removing the case within 30 days, Defendant Chrisos merely forfeited his right to remove the case on his own behalf -- he did not affirmatively waive Defendant Imhoff's right to do so, nor did he waive his right to consent to Defendant's Imhoff's decision to remove the case.

Finally, Plaintiffs' assertion that their conduct played no role in the timing of removal ignores the fact that they affirmatively misstated in their complaint that Defendant Chrisos was a resident of Massachusetts. It was only after Defendant Imhoff (and General Employment

Enterprises, Inc., Triad Personnel Services, Inc., and Kim Cullen) retained the undersigned counsel that counsel for all Defendants were able to confer about this court litigation and begin developing a collective strategy for litigation. At that time, the undersigned counsel for Defendant Imhoff learned that Defendant Chrisos currently resides in Illinois and, therefore, that complete diversity exists for removal purposes. This is exactly the type of situation in which it would be patently unfair to Defendant Imhoff to prejudice his right to remove this action based on the conduct of another party to the litigation. Plaintiffs should not be allowed to benefit from the fact that they misstated to the other Defendants the state of residency for Defendant Chrisos.

2. **All Defendants Clearly and Unambiguously Consented To Removal.**

Plaintiffs curiously cite to In re Pharmaceutical Industry, 307 F. Supp. 2d 190 (D. Mass. 2004) to argue that Defendant Chrisos somehow failed properly to consent to removal. In re Pharmaceutical Industry, however, fully discredits the argument espoused by Plaintiffs. In In re Pharmaceutical Industry, the Court reaffirmed the rule of unanimity that requires all defendants to consent to removal of an action from State to Federal Court. The Court goes on to indicate, as quoted in Plaintiffs' Reply Memorandum, that such consent need not be in writing. Rather, it is sufficient that such consent "be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." Id. at 193.

Here, it is hard to imagine a clearer and more unambiguous manifestation to the Court of unanimity in removal by all Defendants than the following statement contained in the Notice of Removal (filed by Defendant Imhoff within 30 days of service on Defendant Imhoff and copied to all other counsel): "**Defendants General Employment Enterprises, Inc., Triad Personnel Services, Inc., Gregory Chrisos, and Kim Cullen assent to the removal of this action.**" (Emphasis added.) There is no evidence that this Court or the Plaintiffs were in any way left

unclear or unsure by this explicit representation as to Defendant Chrisos's consent or the unanimity of all the Defendants to the removal. In fact, Plaintiffs' counsel actually contacted counsel for Defendant Chrisos to confirm his residency and obtain an affidavit of residency. Plaintiffs do not even attempt to argue, because they cannot, that they were in any way misled or prejudiced by the Notice of Removal filed by Defendant Imhoff.

Indeed, in light of such an explicit consent by all Defendants, Plaintiffs apparently are left to imply that the undersigned counsel for Defendant Imhoff could have knowingly misrepresented to the Court in the removal papers the fact that Defendant Chrisos consented to removal. To the extent Plaintiffs impliedly attempt to make such an argument, it necessarily fails for three independent reasons. First, all counsel were copied on the removal papers, meaning that counsel for Defendant Chrisos surely would have objected had the representation not been accurate. Second, as a result of the removal and within the 30-day time period, counsel for Defendant Chrisos subsequently filed notices of appearance before this Court, making it clear that Defendant Chrisos was fully aware of the removal and consented to the removal. Third, as indicated above, Plaintiffs' counsel contacted counsel for Defendant Chrisos to confirm his residency and obtain an affidavit of residency.

### 3. Plaintiffs Confuse Subject Matter Jurisdiction with An Alleged Procedural Defect in Removal.

Plaintiffs also misstate the law on waiver. Defendants are not asking the court to assume subject matter jurisdiction where none exists. To the contrary, this Court clearly has subject matter jurisdiction over this action because it is undisputed that complete diversity exists among the parties and that the amount in controversy satisfies the statutory threshold. See 28 U.S.C. § 1332. Instead, Defendants are merely demonstrating how Plaintiffs waived their right to object to an alleged procedural defect in the removal process.

4

The law is abundantly clear that compliance with the 30-day rule for removal is not a jurisdictional prerequisite. Garside v. Osco Drug, Inc., 702 F. Supp. 19, 21 (D. Mass. 1988). Failure to comply with the 30-day rule is a procedural defect that may be waived by the parties and does not divest the court of subject matter jurisdiction. Id. See also In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000) (non-jurisdictional objections to removal may be waived); Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1076-77 (10th Cir. 1999) (a procedural defect in removal does not involve the subject matter jurisdiction of the court and may be waived); Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996) ("[a] procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived."); Miller v. Principal Life Ins. Co., 189 F. Supp. 2d 254, 258 n.4 (E.D. Pa. 2002) (the failure of all defendants to consent to removal is a waivable defect and does not in any way deprive the district court of subject matter jurisdiction in a removed action); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1271 (D. Or. 2001) (procedural defects in removal of an action do not affect court's jurisdiction and may be waived). In fact, the removal statute itself provides for a 30-day window during which a party may object to removal. 28 U.S.C. §1447(c). There would be no reason to have such a 30-day window to object if procedural defects could not be waived.

In addition to misstating the law, Plaintiffs also gloss over the particular facts that give rise to the waiver -- specifically, the express representations made in their counsel's letter of November 5, 2004 in which Plaintiffs twice promise not to contest removal if Defendant Chrisos provided them with an affidavit of residency. Plaintiffs, in a single cursory sentence in their Reply Memorandum, now attempt to recast these explicit representations to argue they apply only to a challenge to removal on diversity grounds. However, there is no such limiting

5

language in Plaintiffs' counsel's November 5, 2004 letter, nor should the Court believe that such able counsel would have chosen not to include such limiting language had it been intended. Plaintiffs should be held to the clear and unambiguous representations made in the November 5, 2004 letter, upon which Defendant Chrisos relied in providing his affidavit of residency.

In fact, while Defendants are confident that their interpretation of the law of removal is sound, the waiver argument is so compelling that the Court need not even reach the issue of whether each defendant has 30 days after service to remove, or whether all defendants properly consented to the removal. Put simply, Plaintiffs expressly waived their right to contest removal.

## Conclusion

For the foregoing reasons, as well as the reasons set forth in Defendants' main brief, Defendants jointly request that this Court deny Plaintiffs' motion to remand this action to Superior Court.

Respectfully submitted,

| | |
|---|---|
| GENERAL EMPLOYMENT ENTERPRISES, INC., TRIAD PERSONNEL SERVICES, INC., HERBERT IMHOFF, JR., and KIM CULLEN | GREGORY CHRISOS |
| By their attorneys, | By his attorneys, |
| /s/ Heather Stepler | /s/ Cheryl Waterhouse / HLS |
| Jeffrey S. Brody, BBO #566032<br>Heather Stepler, BBO #654269<br>JACKSON LEWIS LLP<br>75 Park Plaza, 4th Floor<br>Boston, MA 02116<br>(617) 367-0025; (617) 367-2155 – fax | Cheryl A. Waterhouse, BBO #547058<br>Christian G. Samito, BBO #639825<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA 02110<br>(617) 406-4500 |

Dated: December 15, 2004

6