UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
         Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
         Defendants

Civil Action No. 04-12318-RWZ

---

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO SUPERIOR COURT

Plaintiffs Lisa Riley, Lisa Marie Catalano, Sandy Panarello and Amanda Medina hereby reply to Defendants General Employment Enterprises ("GEE"), TRIAD Personnel Services, Inc. ("TRIAD"), Gregory Chrisos, Herbert Imhoff and Kim Cullen's Opposition to Plaintiffs' Motion to Remand to Superior Court.

In their Opposition Defendants present three arguments requesting that this Court deny Plaintiffs' Motion to Remand. As the Plaintiffs will show below, each of these arguments relies on flawed analysis and suggest an illogical and untenable outcome. A correct reading of the authoritative cases in this circuit, in light of the facts in this case, reveals that (1) Defendant Chrisos, having failed to assert his opportunity to remove this matter within thirty days of accepting service of Plaintiffs' complaint is estopped from consenting to Defendant Imhoff's removal effort, thus precluding unanimity; (2) that Defendant Chrisos has failed to timely and properly consent to Defendant Imhoff's removal efforts; and (3) that, because waiver is not permitted in matters of jurisdiction,

Plaintiffs have not waived their right to challenge Defendants' removal effort. For these reasons, as discussed below, the Court should REMAND this matter to Superior Court, Middlesex County.

### A. Discussion

Several bedrock principles underlie the arguments presented herein. First, federal courts are courts of limited jurisdiction and can act only where the Constitution and Congress grant them with the affirmative power to do so. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). There is a presumption against this limited jurisdiction, and the party asserting federal jurisdiction bears the burden of establishing the contrary. Id. Second, "[r]emoval and diversity jurisdiction statutes should be strictly construed against federal jurisdiction to avoid infringing the rights of state courts to determine matters of state law[, and] any doubts concerning the court's jurisdiction should be resolved against removal and in favor of remand to the state court." In re Mass. Diet Drug Litig., 338 F.Supp.2d 198, 202 (D. Mass. 2004), citing Boyer v. Snap-On Tools, 913 F.2d 108, 111 (3rd Cir. 1990). Finally, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002); see also United States v. Gonzalez, 311 F.3d 440, 441 (1st Cir. 2002) ("[A] court is expected to raise the subject-matter jurisdiction objection on its own motion at any stage and even if no party objects.").

1. **Despite A Split Of Opinion Among the Circuits, This Court Should Apply the So-Called "First Served Defendant" Rule and Find That Chrisos Is Estopped From Consenting To Imhoff's Removal Action Because the Reasoning of the Majority of Courts In the First Circuit And the Facts In This Case Demand It**

Currently, there is a split of opinion among federal courts as to whether or not an earlier, or first-served, defendant is estopped from consenting to the removal action of a later-served defendant when the first-served defendant fails to remove within thirty days of service of the complaint and the first-served defendant's own thirty-day removal window has closed. Compare Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986) (holding that failure of first-served defendant to file a notice of removal within thirty days of service of complaint prevents all subsequently served defendants from removing due to the unanimity requirement) with Marano Enters. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding that later-served defendant has thirty days to file notice of removal with consent from co-defendants even though earlier-served defendants failed to timely remove). Although the First Circuit has not had an opportunity to resolve the issue, the better reasoned cases recognize that the first served defendant "having irretrievably lost the right to remove, [...] has likewise lost the facility effectively to consent to any other defendant's attempt to remove.". Gorman v. Abbot Labs, et al., 629 F.Supp. 1196 (D. R.I. 1986) (Selya, J.) Compare Karpowicz v. Blue Cross and Blue Shield of Mass., Inc., 1996 U.S. Dist. LEXIS 13541 (D. Mass. 1996)(Wolfe, J.) (noting the split of authority among district courts within the Circuit and adopting the first-served defendant rule); Hill v. City of Boston, 706 F. Supp. 966 (general rule is that a removal petition must be filed within thirty days of service on the first defendant served) with Egan v. Bechtel Corp., et al., 2004 U.S. Dist. LEXIS 23400 (D. Mass. 2004) (Stearns, J.) (defering to the Eighth Circuit and, with very little analysis, adopting the last-served defendant rule); and Garside v. Osco Drug, Inc., 702 F.Supp. 19 and n. 4 (D. Mass. 1988) (Tauro, J.) (citing Gorman and seven other cases where removal was held improvident

3

because the initial 30-day window had closed but adopting last-served defendant rule where removing defendant was added to the complaint nearly four years after plaintiff originally filed). In Garside, the court also noted that the defendant seeking remand had been the removing defendant but then sought remand to state court upon discovery of which federal judge would hear the case, and the court indicated its desire to discourage last-served defendant's effort at forum shopping was a factor in outcome.

Reviewing the facts in this case, and in light of the bedrock principles articulated above, it is clear that the Court, in this matter, should apply the rule articulated in Gorman and Karpowicz and find that Defendant Chrisos is estopped from consenting to later-served Defendant Imhoff's removal action. When Defendant Chrisos accepted service of Plaintiffs' complaint in Lynn, Massachusetts on or about August 26, 2004, he was aware that he was domiciled in Illinois and that grounds for removing the action to federal court, namely, complete diversity, existed. See Proofs of Service, Plaintiffs' Motion to Remand at Tab B. Also at that moment, Defendant Chrisos' thirty day clock for removal began to run. Despite his superior knowledge, Defendant Chrisos, with full awareness of his rights and opportunities, chose not to file a timely removal action. Because of his failure to elect removal in a timely fashion, as the statute[1] requires, Chrisos is estopped from consenting to Imhoff's later removal action. Gorman, 629 F.Supp. 1196, 1202 (first-served defendant, "by reason of having slept upon its opportunity to escape to a federal forum, has forever forfeited the right to hop on a later-served defendant's removal bandwagon."). A contrary rule would be unjust because it

---

[1] 28 U.S.C. § 1446.

would permit a defendant to rest on its rights and wait until its own thirty-day limit had expired to participate in a removal.

Were the Court to apply the rule advocated by the Defendants, the result would be not only unjust but also illogical given the Supreme Court's holding in <u>Murphy Brothers</u> and the requirement that removal statutes be construed strictly. In 1999 the Supreme Court sought to clarify the law of removal when it held, in <u>Murphy Brothers v. Michetti Pipe Stringing</u>, that a defendant's thirty-day removal period begins to run when the defendant receives formal service of the complaint, as opposed to informal receipt of complaint. 526 U.S. 344, 347 (1999). The Court was motivated, in part, by a desire to ensure a more uniform manner with which to measure the thirty-day removal period, thereby assuring "defendants adequate time to decide whether to remove an action to federal court." <u>Id.</u> at 354. Prior to <u>Murphy Brothers</u>, defendants were subject to uncertainty and, potentially, forced to commence removal efforts without adequate information to evaluate the claims against them. <u>Id.</u> at 352. Murphy Brothers reaffirms that federal jurisdiction is limited and that the thirty day window for federal removal cannot be extended by operation of state law inconsistencies. See <u>id.</u> at 351, 356. Because a defendant has *only thirty days* to remove an action, the event marking the start of that thirty-day period must be clear. <u>Id.</u>

The first-served defendant rule is consistent with the <u>Murphy Brothers</u> holding because it prevents the unfair extension of the statutorily mandated thirty-day removal window. See <u>id.</u> at 356. <u>Murphy Brothers</u> does not suggest that federal courts achieve fairness at the expense of plaintiffs by giving defendants who fail to exercise their removal rights within the prescribed thirty day period a second bite at the removal apple.

5

Were the Court here to apply the rule Defendants advocate, the result would be grossly unfair and would disregard the spirit of the Murphy Brothers holding. According to Defendant's position, the earlier-served Chrisos, who knew a basis for removal, the identities of all named defendants, and who failed to remove, would be given far in excess of thirty days to participate in a removal action. Such an outcome is simply inconsistent with Murphy Brothers, the underlying premise of which is that defendants have *only thirty days* to remove. See id. at 347-49.

Defendants suggest that the first-served defendant rule inhibits defendants in multi-party litigation from developing a "collective strategy." Defendants' Opposition, 5. An examination of the facts in this case, however, reveals this argument to be untenable. Defendant Chrisos could easily have contacted the other defendants, including his former employer, who were listed on the complaint. Thus, an opportunity to pursue a collective strategy was available to Chrisos if he became interested in such, in a timely manner.

Moreover, there is no evidence here that Plaintiffs staggered service to obtain some unfair advantage. Plaintiffs sought to serve all defendants at the same time, but were unable to obtain a valid address for Defendant Imhoff. Plaintiffs were successful, however in serving Defendants Chrisos and Cullen as well as Defendants GEE and TRIAD – both closely held corporations under the direction of Defendant Imhoff – on or around the same time. Thus, this is not a case where defendants were served, or named, in a staggered fashion in order for Plaintiffs to gain some tactical advantage. See Gorman, 629 F.Supp. at 1203. Moreover, Plaintiffs had no reason to believe that the earlier-served Chrisos was more or less inclined to seek removal. See id. Finally, Defendants' argument fails to recognize that removal is a right which exists in each defendant

individually, not in the defendants collectively. See id. at 1201. That each defendant has a unique thirty-day window in which to file a notice of removal and each defendant has veto power over another's effort at removal illustrates this point. See Garside, 702 F.Supp. at 21; Gorman, 629 F.Supp. at 1201.

### 2. Defendant Imhoff's Assertions and Defendant Chrisos' Notice Of Appearance Are Insufficient to Constitute Consent to Removal

Even if this Court were to adopt the later-served rule, removal was improper in this case because not all defendants manifested their consent within thirty days of service of the complaint on Defendant Imhoff. See Murphy v. Newell Operating Co., 245 F. Supp. 2d 316, 319 (D. Mass. 2003).

Independent, written consent is necessary because, like the defending parties discussed in Murphy Brothers, plaintiffs in federal removal actions have a limited, thirty-day window in which to challenge removal through a motion to remand. Murphy Brothers, 526 U.S. at 347. Only through independent, written consent are plaintiffs given adequate and fair notice that their thirty-day window to challenge a removal action has begun. See In Re Pharmaceutical Indus., 307 F.Supp.2d 190 (D. Mass. 2004)(Saris, J.).

Were the Court to allow, as Defendants here suggest, anything less than independent, written consent, it would put plaintiffs in the unfair position of having to evaluate the accuracy and authenticity of a defendant's claim while simultaneously contemplating a motion to remand. Such an outcome would unfairly and unnecessarily burden plaintiffs, requiring them to seek affidavits or conduct discovery in order to determine the adequacy of the proffered consent. See, Id.

Nothing in Murphy Brothers, in which in 1999 the Court insisted upon a bright line test of service of process to trigger the 30 day removal period, undermines the

principal of requiring a similar bright line test for clear and unambiguous unanimous consent. 526 U.S. 344, 354 (1999). In fact, after Murphy Brothers, the Supreme Court reaffirmed the general principle requiring unanimous consent of all defendants in Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002), noting that for over a 100 years it has been well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition. Chicago, R. I. P. R. Co. v. Martin, 178 U.S. 245, 247-248 (U.S., 1900). Judge Saris, in a post-Murphy Brothers analysis remanded a case involving multiple pharmaceutical companies:

> In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. See Montana v. Abbot Labs., 266 F. Supp. 2d 250, 260 (D. Mass. 2003) (citing Lapides). **This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served, and failure to do so is a ground for remand.** Id. at 260. While some courts have construed § 1446(b) to require that the consent to removal be in writing ... most courts have held more generally that the rule of unanimity requires that each defendant's consent "be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002) **(collecting cases and finding that "overwhelming weight of authority requir[es] that each defendant independently notify the court of its consent")**. (Torres, J).
> In Re Pharmaceutical Indus., 307 F.Supp.2d 190 (D. Mass. 2004) (internal

citations omitted) (emphasis added). Defendants argue that Imhoff's assertion in his notice of removal that "all defendants consent to this action" is sufficient to meet the requirement that all defendants join a successful removal action. Opposition, 7. In the alternative, Defendants argue that by filing a notice of appearance, Defendant Chrisos consented to Defendant Imhoff's removal action. Id. at 8. Neither of these arguments is persuasive, however, given that the overwhelming majority of federal courts, and courts in the First Circuit, require that non-removing defendants independently file a formal notice of consent with the appropriate court. See In Re Pharmaceutical Indus., 307

F.Supp.2d 190 (D. Mass. 2004) (holding that each defendant's consent must be manifested clearly and unambiguously to the Court within thirty days of notice of removal); Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 186 (D.R.I., 2002); In a multi-defendant case, all defendants must 'join' in the removal petition. Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337, 45 L. Ed. 220, 21 S. Ct. 171 (1900); Chicago R.I. & P. Ry. v. Martin, 178 U.S. 245, 44 L. Ed. 1055, 20 S. Ct. 854 (1900). One of the purposes of this "rule of unanimity" is to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two fora simultaneously, thereby creating needless duplication of effort and additional expense. Sansone v. Morton Mach. Works, Inc., 188 F. Supp. 2d 182, 186 (D.R.I., 2002); (reciting the holdings of several federal courts and finding that "consent ... communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thrity-day period for the removal petition to be timely.");[2] Smith v. Health Ctr. of Lake City, Inc., 252 F.Supp.2d 1336, 1339 (D. Fla. 2003) ("To show that all defendants have consented to removal and, thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal."); Wakefield v. Olcott, 983 F.Supp. 1018, 1021 (D. Kansas 1997)("Each party must independently and unambiguously file notice of its consent and

---

[2] Sansone lists other sound policy reasons for insisting on a bright line rule for consent to remove: it removes any uncertainty regarding the propriety of removal thereby avoiding needless duplication of effort in two different fora, eliminates the risk that procedural defects would be exploited for tactical advantage, concerves judicial resources involved in numerous evidentiary hearings that, otherwise, would be required to determine whether all defendants really did consent to removal within the 30-day period and/or whether the plaintiff was prejudiced by the delay in communicating that consent.

its intent to join in the removal within the thirty-day period."); <u>Southwick v. Yale Materials Handling Corp. & Industrial Trucks, Inc.</u>, 1997 U.S. Dist. LEXIS 9183, *4 (E.D. Pa. 1997) ("Each consenting defendant must either sign the notice of removal, file its own notice of removal, or file a written consent or joinder to the original notice with the court."). Furthermore, nearly every court that has had occasion to address the issue of whether a notice of appearance constitutes consent for the purposes of the removal statute, have decided that it does not. See <u>Morganti v. Armstrong Blum Manufacturing Co.</u>, 2001 U.S. Dist. LEXIS 2951, *8 (E.D. Pa. 2001); <u>Southwick</u>, 1997 U.S. Dist. LEXIS 9183, *2 ("[F]iling a notice of appearnce with this cout ... is not consent to removal – it merely shows that [defendant] is aware that the action had been removed and attempted to comply with the rules of this court.").

As the court in <u>Sansone</u> held, "a 'bright line' rule is consistent with the Supreme Court's admonition that, because removal statutes are an infringement on the power of the states, they must be strictly construed in favor of state court jurisdiction." <u>Sansone</u>, 188 F. Supp. 2d 182, 186 (D.R.I., 2002). Thus the Court should also remand this action to Superior Court because Defendant Chrisos failed to timely manifest his consent to Imhoff's removal action.

   3. **Because Subject-Matter Jurisdiction Can Never Be Waived, And Because Plaintiffs At No Point Represented to the Court That They Consented To Defendant's Removal Action, the Court Should Remand This Matter To Superior Court.**

As stated above, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). For this reason, combined with the facts below, Defendants argument that Plaintiffs waived their opportunity to contest removal is without merit.

Before receiving Defendant's Notice of Removal, Plaintiffs believed that Defendant Chrisos was domiciled in Massachusetts. Plaintiffs therefore requested evidence of Chrisos' residency in order to avoid challenging the removal effort on diversity grounds. Plaintiffs made no representation that they would not challenge the removal on the basis of untimeliness, failure to consent or other procedural defect.

Finally, Plaintiffs filed the Assented to Motion to Amend the Complaint <u>after</u> filing their Motion to Remand. Thus, it is illogical to suggest that Plaintiffs' waived their right to seek remand when, in fact, they had already asserted that right at the time the Assented to Motion was filed. Further, as the State Court record filed with this court reflects, Plaintiffs had Amended their complaint to correct typographical and formatting errors before the other Defendants answered. The Motion to Amend was merely effectuating an agreement made to allow Chrisos to answer the same complaint answered by the other Defendants. Having asserted the legal objection to remand, and awaiting the ruling of this court, there can be no waiver of that objection.

### B. <u>Conclusion</u>

For the aforestated reasons, Plaintiffs respectfully request that this Court REMAND this action to Superior Court, Middlesex County.

Respectfully submitted
The Plaintiffs
By Their Attorney,

_Elizabeth A. Rodgers_
Elizabeth A. Rodgers, BBO#424360
Rodgers, Powers & Schwartz LLP
18 Tremont Street, Suite 500
Boston, MA 02108
617-742-7010