UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12318RWZ

LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO AND )
AMANDA MEDINA, )
                                                )
       Plaintiffs, )

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL )
SERVICES INC., GREGORY CHRISOS,
HERBERT F. IMHOFF, JR.,
AND KIM CULLEN,

       Defendants. )

## AMENDED ANSWER OF GREGORY CHRISOS TO AMENDED COMPLAINT

Gregory Chrisos ("Chrisos") hereby responds to the Amended Complaint of Lisa Riley ("Riley"), Lisa Marie Catalano ("Catalano"), Sandy Panarello ("Panarello"), and Amanda Medina ("Medina"). Chrisos denies all allegations of discrimination, harassment, and retaliation and all allegations as to him in the two paragraphs titled "Introduction" in the Complaint. Chrisos responds to the numbered paragraphs of the Complaint as follows:

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

1

3.  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4.  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.  Admitted.

6.  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7   Denied.

8.  Admitted as to the first sentence, denied as to the second sentence.

9.  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. As to sentences 1, 3, and 4, Chrisos is without knowledge or information sufficient to form a belief as to the truth of their allegations. The allegations of sentence 2 are denied. Chrisos states that the allegations in the Complaint are similar to the allegations in complaints filed in the MCAD and denies the remaining allegations of this paragraph.

11  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Chrisos denies that he promoted Panarello and states that General Employment Enterprises ("GEE") promoted her. Chrisos admits that Panarello worked in Woburn and

reported to Chrisos. Chrisos states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph

14. Denied.

15. Chrisos admits the first two sentences of paragraph 15 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Chrisos admits the first sentence of paragraph 16 and is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

17 Chrisos denies that Triad personnel were forced to take in General Employment personnel and admits the other allegations of this paragraph.

18. Admitted.

19. Chrisos is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

20. Chrisos admits the allegations of the first sentence and that he had direct managerial authority over Riley, Panarello, and Catalano, and evaluated Medina, and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

Denied.

22. Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. Chrisos admits that Catalano became assistant branch manager in 2000 and won an award for her performance; Chrisos also admits that he discussed with Catalano the

possibility of her being a manager of the proposed Boston office, possible rented space, and a lease. Chrisos denies any remaining allegations of this paragraph.

25. Admitted. Chrisos adds that the commission was small, approximately a .5 or 1 percent commission on the margin in the Boston office.

26. Chrisos admits that Catalano attended the annual manager's meeting to receive a personal achievement award but denies all of the other allegations in this paragraph.

27. Denied. Chrisos further states that Panarello struggled from the time she started in the Tampa, Florida office, and her office was far from profitable for GEE.

28. Denied.

29. Denied.

Denied.

31. Denied.

32. Denied.

Denied.

34. Denied.

35. Denied.

36. Denied.

Denied.

38. Chrisos admits that he discussed with Riley the possibility of making her a regional manager, but denies any remaining allegations of this paragraph, including that he promised her any specific increased compensation.

39. Denied.

40. Denied.

41. Denied.

42. Chrisos admits that he and Kenneth Yeoh ("Yeoh") came to the region to visit in May 2002 and denies the remaining allegations of this paragraph.

43. Denied.

44. Admitted.

45. Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46. Denied.

47. Denied.

48. Denied.

49. Chrisos admits the first sentence and denies the second sentence.

50. Denied.

51  Denied.

    Denied.

53. Denied.

54. Denied.

    Admitted.

56. Denied.

57. Chrisos admits the first and third sentences, but does not have knowledge or information sufficient to form a belief as to the truth of the allegations of the rest of this paragraph.

58. Denied. Chrisos states that Amanda Medina ("Medina") took a leave of absence for personal reasons in March 2003. Chrisos further states that he asked Dawn Bernadino

("Bernadino") of Medina's office for Medina's email because he wanted to send her a brief note to wish her well and a speedy return to work.

59. Denied.

   Denied.

   Denied.

62. Chrisos admits that Peter Ernst ("Ernst") was terminated for performance reasons in February 2003 and received a severance of approximately 8-10 weeks' pay, which was charged to that office, and denies any remaining allegations of this paragraph.

63. Chrisos denies the allegations contained in the first and third sentences of this paragraph and does not have sufficient knowledge or information to form a belief as to the truth of the allegations of the second sentence.

64. Denied.

65. Admitted.

   Denied.

   Denied, except for the allegations of the last sentence, for which Chrisos does not have sufficient knowledge or information so as to form a belief as to their truth.

68. Denied.

   Denied.

70. Chrisos admits to sending an email to Monica Friedman ("Friedman") in May 2003, but denies that it was "a harassing email." Chrisos is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

71 Denied.

72. Denied.

73. Denied.

74. Chrisos admits the allegations of the first sentence of this paragraph and denies the allegations of the second sentence of this paragraph.

75. Chrisos denies that he pressured Riley to terminate Catalano, but admits that Catalano was terminated in May 2003. Chrisos has no knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph.

76. Denied.

77. Admitted.

78. Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

79. Denied.

80. Denied. Chrisos states that Panarello's office in Tampa, Florida, was closed solely for poor performance.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Chrisos is without sufficient knowledge or information to form a belief as to the the allegations in this paragraph.

86. Admitted. Chrisos states that women with performance issues were not berated, humiliated or demeaned either.

87. Denied.

88. Denied.

89. Denied.

Chrisos is without sufficient knowledge or information to form a belief as to the allegations in this paragraph.

91  Denied.

92. Denied.

Denied.

94. Denied.

95. Denied.

Denied.

97. Denied.

98. Denied.

Denied.

100. Chrisos is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

Chrisos admits that he called Riley on July 14, 2003 and Riley refused to talk with him. Chrisos is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

102. Chrisos admits that Imhoff or one of his staff told Chrisos that Riley had called him about allegations and denies the remaining allegations of this paragraph.

103  Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Chrisos admits there was an investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Chrisos denies the allegations as to himself and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## COUNT I

107. Chrisos reasserts and realleges his responses to paragraphs 1-106 as if fully set forth herein.

    Denied.

    Denied.

## COUNT II

Chrisos reasserts and realleges his responses to paragraphs 1-109 as if fully set forth herein.

111    Denied.

112.    Denied.

## COUNT III

113. Chrisos reasserts and realleges his responses to paragraphs 1-112 as if fully set forth herein.

    Denied.

115.    Denied.

## COUNT IV

116.   Chrisos reasserts and realleges his responses to paragraphs 1-115 as if fully set forth herein.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

118.   Denied.

Denied.

## COUNT IV [sic]

Chrisos reasserts and realleges his responses to paragraphs 1-119 as if fully set forth herein.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

122.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

123.   Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT V

Chrisos reasserts and realleges his responses to paragraphs 1-123 as if fully set forth herein.

Denied.

Denied.

126. [sic] Denied.

Denied.

## COUNT VI

128.  Chrisos reasserts and realleges his responses to paragraphs 1-127 as if fully set forth herein.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

131   Chrisos denies the allegations as to him and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

Chrisos is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Denied.

## AFFIRMATIVE DEFENSES

Chrisos asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

All of the actions taken by Chrisos were justified by legitimate business reasons.

### SECOND AFFIRMATIVE DEFENSE

All of Chrisos's actions and conduct were lawful and justified.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The claims fail for lack of jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

If the plaintiffs have been damaged as alleged in the Complaint, any such damage was a result of acts and/or omissions of persons or entities over whom Chrisos had no control and for whose conduct Chrisos is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs have suffered any damages, which Chrisos denies, their claims to relief are barred, in whole or in part, because such damages are a result of the plaintiffs' own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

Chrisos did not discriminate in violation of G. L. c. 151B.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs were not subject to verbal or physical conduct that would be reasonably perceived to be sexual harassment or gender harassment.

## ELEVENTH AFFIRMATIVE DEFENSE

Chrisos's conduct was proper, not discriminatory, and not unwelcome to the plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

If any unwelcome conduct occurred, which Chrisos denies, it was not sufficiently severe or pervasive to create a hostile work environment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are equitably estopped, in whole or in part, from asserting a claim in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have, by their conduct, waived, in whole or in part, their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred by laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief requested is barred by the plaintiffs' unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Chrisos did not discriminate, harass, or retaliate against the plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any terminations of the plaintiffs were for legitimate business reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

Chrisos did not make any material misstatements to the plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Chrisos never entered into any agreements with the plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiffs failed to avail themselves of procedures and measures to prevent, correct, or avoid any alleged harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Chrisos adopts herein any and all affirmative defenses asserted by the other defendants in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Chrisos reserves the right to supplement his affirmative defenses based on discovery in this action.

**WHEREFORE**, Defendant Gregory Chrisos respectfully requests this Court to dismiss all of the claims asserted against him, render judgment in his favor on all such claims, and issue an order awarding him his attorneys' fees, costs, and interest and all other relief this Court deems just and proper.

        Respectfully submitted,
        GREGORY CHRISOS,
        By his attorneys,

        _____
        Cheryl A. Waterhouse, BBO #547058
        Christian G. Samito, BBO #639825
        Donovan Hatem LLP
        Two Seaport Lane
        Boston, MA 02210
        (617) 406-4500

Dated: September 6, 2005

## CERTIFICATE OF SERVICE

    I, Christian G. Samito, hereby certify that on this 6th day of September, 2005, I served the foregoing *Amended Answer of Gregory Chrisos to Amended Complaint* upon the other parties to this action by causing a copy thereof to be first class mail, postage pre-paid, to Elizabeth A. Rodgers, Esq., Rodgers, Powers & Schwartz, 18 Tremont Street, Boston, MA 02108 and to Jeffrey S. Brody, Esq. and Heather Stepler, Esq., Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, MA 02116.

                                                             Christian G. Samito

00942453