UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
          Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
          Defendants

Civil Action No. 04-12318-RWZ

---

## DECLARATION OF SHERRY L. HUBACEK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

Sherry L. Hubacek, on oath, deposes and says as follows:

1. I am the Director of Human Resources for General Employment Enterprises, Inc. ("General Employment") and Triad Personnel Services, Inc. ("Triad"), which is a wholly-owned subsidiary of General Employment. I have handled the human resources functions for General Employment and Triad for the past 13 years. My office is located at General Employment's corporate headquarters at One Tower Lane, Suite 2200, Oakbrook Terrace, IL 60181-4600.

2. General Employment and Triad are staffing companies which specialize in, among other things, the placement of information technology, engineering, and accounting professionals in direct hire, contract assignments, and contract-to-hire positions. Both companies have multiple offices throughout the United States.

3. On or about Tuesday, July 15, 2003, I received a complaint from Lisa Riley, the Branch Manager of the Triad office located in Wakefield, Massachusetts, about Gregory Chrisos, the Vice President of the Eastern Region. Ms. Riley claimed that Mr. Chrisos had acted inappropriately, particularly toward Amanda Medina, an employee of the Wakefield office, when

he took the employees of the Wakefield office and the employees of the General Employment office located in Woburn, Massachusetts out for dinner and drinks on Friday, July 11, 2003. I immediately began an investigation into Ms. Riley's complaints.

4. On July 23, 2003, I interviewed Ms. Medina as part of my investigation into Ms. Riley's claims. During that interview, Ms. Medina read from a written statement and gave me her written statement at the end of the interview. A true and accurate copy of the written statement given to me by Ms. Medina is attached hereto as <u>Exhibit A</u>.

5. On July 23, 2003, I interviewed Ms. Riley as part of my investigation into her claims. As of July 2003, I had known Ms. Riley for several years and worked with her on various human resources issues and other issues of the Wakefield office. During the interview, Ms. Riley read from a written statement and gave me her written statement at the end of the interview. A true and accurate copy of the written statement given to me by Ms. Riley is attached hereto as <u>Exhibit B</u>.

6. In January 2004, I was involved in the investigation of claims made by Wakefield employees that Ms. Riley was not performing her Branch Manager duties and had not been performing her Branch Manager duties for a few months. Among other things, the investigation revealed that Ms. Riley was not performing her Branch Manager responsibilities, that she was performing work on behalf of SmarteStaff, a new company she had started, during work time, and that she was approaching Wakefield employees about working for SmarteStaff. Based upon this information, Ms. Riley's employment was terminated.

I declare under the pains and penalties of perjury that the foregoing is true and correct. Executed on November 8, 2005.

/s/ Sherry L. Hubacek
Sherry L. Hubacek