UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
          Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
          Defendants

Civil Action No. 04-12318-RWZ

---

## DECLARATION OF JEFFREY S. BRODY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

Jeffrey S. Brody, on oath, deposes and says as follows:

1. I am a partner of Jackson Lewis LLP, a firm with an office at 75 Park Plaza, Boston, Massachusetts, 02116. I am defending General Employment Enterprises, Inc., Triad Personnel Services, Inc., Herbert Imhoff, Jr., and Kim Cullen in this action.

2. On or about August 31, 2005, in advance of the September 7, 2005 Scheduling Conference with the Court, Plaintiffs electronically filed their settlement proposal with the Court. In their settlement proposal, Plaintiffs detailed their allegations.

3. On September 7, 2005, the parties met with the Court for a Scheduling Conference. At that conference, the Court indicated that Defendants could, in addition to propounding written discovery, depose each Plaintiff for two days and that Plaintiffs could depose Gregory Chrisos for two days and also depose a Company representative.

4. On September 8, 2005, Defendant General Employment Enterprises, Inc. ("General Employment"), served deposition notices for each Plaintiff, requests for documents, its

first set of interrogatories, and Defendants' initial disclosures. Based on the date of service, the due date for Plaintiffs' discovery responses was October 11, 2005. True and accurate copies of General Employment's documents requests and interrogatories served upon Plaintiffs Amanda Medina and Lisa Riley are attached hereto as Exhibits A, B, C, and D.

5. Subsequent to General Employment's serving discovery requests and deposition notices, counsel for the parties had a conference call to discuss the deposition schedule and tentatively scheduled depositions for Medina, Riley and Chrisos.

6. On October 12, 2005, Plaintiffs served their initial disclosures upon Defendants and Plaintiff Medina served upon General Employment an unsigned copy of her response to interrogatories and a stack of responsive documents. The responsive documents were not labeled by Plaintiff or categorized by specific document request. In an email sent to Defendants' counsel on October 12, 2005, Plaintiffs' counsel stated that the remaining discovery responses would be served the following day. Plaintiffs' counsel subsequently sent Medina's signature page to me. A true and accurate copy of Medina's answers to interrogatories is attached hereto as Exhibit E.[1]

7. Defendants did not receive the remaining discovery responses from Plaintiffs on Thursday, October 13, 2005. In an email sent to Defendants' counsel on Monday, October 17, 2005, Plaintiffs' counsel requested an extension until Wednesday, October 19, 2005 to provide the remaining discovery responses.

8. On Tuesday, October 18, 2005, counsel for the parties had a conference call to discuss discovery issues. During this call, Plaintiffs' counsel again indicated that Plaintiffs would provide the remaining discovery responses on Wednesday, October 19, 2005.

9. By Thursday, October 20, 2005, Defendants still had not received Plaintiffs' outstanding discovery responses or responsive documents. Accordingly, Defendants postponed the upcoming depositions of Riley and Chrisos. Defendants, however, agreed to go forward with the first day of Medina's deposition on Tuesday, October 25, 2005 despite the fact that they had

---

[1] In compliance with Local Rule 5.3, Defendants redacted personal data identifiers in Medina's answers to interrogatories.

not yet received from Medina her response to document requests or documents responsive to several document requests.

10. On Friday, October 21, 2005, Plaintiffs served upon Defendants a revised version of their initial disclosures. A true and accurate copy of Plaintiffs' revised initial disclosures is attached hereto as Exhibit F.

11. On Monday, October 24, 2005, Plaintiffs' counsel informed Defendants that she was still reviewing documents provided to her by her clients and that she did not know when Plaintiffs would produce their outstanding discovery responses or responsive documents.

12. On Tuesday, October 25, 2005, Medina was deposed by General Employment. A true and accurate copy of relevant excerpts of the transcript of Medina's deposition is attached hereto as Exhibit G.

13. On Thursday, October 27, 2005, counsel for the parties had a conference call to discuss discovery issues. During that conference, Plaintiffs' counsel stated that Plaintiffs would serve upon Defendants their outstanding discovery responses and additional responsive documents on Friday, November 4, 2005.

14. At the end of the day on November 4, 2005, Plaintiffs' counsel contacted me seeking another extension for service of the outstanding discovery. I assented to Plaintiffs' request for an extension until Wednesday, November 9, 2005 to provide their outstanding discovery.

15. To date, General Employment has not received a written response to its document requests from Plaintiff Medina nor has it received answers to interrogatories or written responses to its document requests from Plaintiffs Riley, Panarello, or Catalano. Moreover, General Employment has not received from Plaintiffs documents responsive to several of its requests.

3

I declare under the pains and penalties of perjury that the foregoing is true and correct. Executed on November 8, 2005.

/s/ Jeffrey S. Brody
Jeffrey S. Brody