# **EXHIBIT C**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

------------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
               Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
               Defendants

Civil Action No. 04-12318-RWZ

------------------------------------------------------------

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT, GENERAL EMPLOYMENT ENTERPRISES, INC., TO PLAINTIFF, LISA RILEY

Pursuant to Fed. R. Civ. P. 34, Defendant, General Employment Enterprises, Inc. ("General Employment"), hereby requests that Plaintiff, Lisa Riley ("Plaintiff"), produce the following documents within her possession, custody or control for inspection and copying at the offices of Jackson Lewis LLP, 75 Park Plaza, 4th Floor, Boston, Massachusetts, 02116, within the time specified by the Federal Rules of Civil Procedure.

### -  INSTRUCTIONS

1.     In answering these requests for production, Plaintiff should provide all documents available to her, including documents in the possession of her attorney and all persons acting on her behalf.

2.     The requests which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary responses, such additional documents as she or any persons acting on her behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these requests.

3.     If any document requested to be produced was, but is no longer in Plaintiff's possession, custody or control, or is no longer in existence, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred whether voluntarily or involuntarily to others and if so, to whom; or (d) disposed of or otherwise unavailable.  In each instance, please explain the circumstances surrounding the authorization for such disposition and state the approximate date thereof.

## DEFINITIONS

Defendant incorporates herein by reference the Uniform Definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court of the District of Massachusetts.

## DOCUMENTS REQUESTED

1.     Any and all documents which relate or pertain to the allegations in paragraph 21 of the Amended Complaint, including the allegations that Gregory Chrisos created a hostile environment and that General Employment and/or Triad engaged in a practice and policy of tolerance of sexual harassment by Chrisos.

2.     Any and all documents which relate to the allegations in paragraph 38 of the Amended Complaint, including the allegations that Gregory Chrisos began discussing promoting Plaintiff to Regional Manager.

3.     Any and all documents which relate to the allegations in paragraph 51 of the Amended Complaint, including the allegations that Gregory Chrisos told Plaintiff that she was the Regional Manager.

4.     Any and all documents which relate to the allegations in paragraphs 56 and 60 of the Amended Complaint, including the allegations that Chrisos opposed rehiring Lisa Marie Catalano and that Gregory Chrisos pressured Plaintiff to harass Ms. Catalano about her performance.

5.    Any and all documents which relate to the allegations in paragraphs 81 and 106(c) of the Amended Complaint, including allegations that Matt Zaccarelli (sic) used discriminatory and high pressure collections practices and began targeting Plaintiff's customers, and that an employee of the Wakefield office quit due to Mr. Zaccarelli's (sic) collections practices.

6.    Any and all documents which relate to the allegations in paragraphs 106(r) and 106(t) of the Amended Complaint, including allegations that Plaintiff's office was denied receivables, that Plaintiff's staff was turned against her, and that Plaintiff was terminated on fictitious charges of soliciting clients for a new enterprise.

7.    Any and all documents which relate to the allegations in paragraph 108 of the Amended Complaint that Plaintiff was sexually harassed and that General Employment and/or Triad supervisory personnel were aware of the situation but failed to adequately respond, investigate or remedy the situation.

8.    Any and all documents which relate to the allegations in paragraph 111 of the Amended Complaint that Plaintiff was the victim of gender discrimination.

9.    Any and all documents which relate to the allegations in paragraph 121 of the Amended Complaint that General Employment, Triad, and Herbert Imhoff retaliated against Plaintiff.

10.    Any and all documents which relate or pertain to the allegations in paragraph 130 of the Amended Complaint, including the allegation that Defendants filed suit against Plaintiff and Sandy Panarello in bad faith.

11.    Any and all documents which relate or pertain to the allegations in paragraph 131 of the Amended Complaint, including the allegation that Herbert Imhoff and

3

Gregory Chrisos maliciously interfered with Plaintiff's contract with General Employment and/or Triad and that Plaintiff experienced a sharp diminution in status.

      12.    Any and all documents which relate or pertain to the allegation in paragraph 132 of the Amended Complaint, including the allegation that Kim Cullen maliciously interfered with advantageous relations Plaintiff enjoyed with General Employment and/or Triad.

      13.    Any and all documents which constitute, relate to, or refer to records of any kind which Plaintiff received and/or took from General Employment and/or Triad during or at the conclusion of her employment, including any and all documents received from any employee or former employee or other source concerning either General Employment and/or Triad and/or any of the policies of General Employment and/or Triad.

      14.    Any and all non-privileged written statements, correspondence, e-mails, and other documents from any person who has any information or knowledge relating to the facts alleged in the Amended Complaint.

      15.    Any and all written reports prepared and signed by expert witnesses who have been consulted and/or retained for this litigation by Plaintiff, including a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or in support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

16.    Any and all files, records, e-mails, or documents in Plaintiff's possession which relate or refer in any way to any employee or former employee of General Employment and/or Triad.

17.    Any and all correspondence, including e-mails, to or from any employee or former employee of General Employment and/or Triad, which were not already produced in response to the above requests.

18.    Any and all documents which relate or pertain to any communications, discussions, or conversations Plaintiff had with General Employment and/or Triad or with any managers, representatives, agents or employees of General Employment and/or Triad regarding her employment with General Employment and/or Triad and/or any of the allegations in Plaintiff's Amended Complaint.

19.    Any and all documents which relate or pertain to any communications, discussions, or conversations Plaintiff had with any individuals or organizations, other than General Employment, Triad, and any representatives of General Employment and/or Triad, regarding her employment with General Employment and/or Triad and/or any of the allegations in Plaintiff's Amended Complaint.

20.    Any and all documents that relate or pertain to any attempts by Plaintiff to obtain new employment (including self-employment) or to enter into any business or consulting relationship following her employment with General Employment and/or Triad, including, without limitation: correspondence to or from other employers, potential employers, potential business partners, potential employees, businesses or recruiting firms and all versions of Plaintiff's resume, and business plan for any businesses entered into.

5

21.     Any and all documents that relate or refer to any business in which Plaintiff has had an ownership interest at any time.

22.     Any and all documents that relate or refer to any employment or self-employment of Plaintiff since the cessation of her employment with General Employment and/or Triad (including any self-employment and any business or consulting work), including, without limitation: correspondence to and from any employer or prospective employer, employment applications, and documents relative to compensation and benefits from subsequent employers which were not already produced in response to the above requests.

23.     Copies of Plaintiff's federal and state income tax returns, including accompanying schedules, W-2 forms, and any other documents reflecting Plaintiff's income for the years 2000 through the present.

24.     Any and all documents reflecting Plaintiff's application and/or receipt of any benefits, monies, income, wages, commissions, tips, insurance disability benefits, workers' compensation benefits, social security benefits, supplemental security income benefits, child support payments received, assistance from agencies, or other payments from January 1, 2000 to the present.

25.     Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, tape recordings, logs, or other records Plaintiff maintained from the years 2000 through the present.

26.     Any and all records maintained by any physician, health care facility, psychiatrist, psychologist, social worker or other health care provider who rendered an evaluation or treated Plaintiff allegedly as a result of conduct of General Employment, Triad and/or any employee of General Employment and/or Triad, including, but not limited to, medical

records, laboratory and test results, consultation notes, and statements of charges for services rendered.

27.     Any and all records maintained by any physician, health care facility, psychiatrist, psychologist, social worker or other health care provider with whom Plaintiff visited, consulted or received treatment from at any time from January 1, 2000, to date, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

28.     A fully executed copy of the attached medical records authorization and the attached mental health records authorization for each medical caregiver, psychotherapist, psychologist, social worker, marriage counselor, clergy, or other mental health professional or healthcare provider who saw, evaluated, or rendered any treatment to Plaintiff at any time from January 2000 to present.

29.     A fully executed copy of the attached employment records authorization.

30.     Any and all documents submitted to or received from the Division of Employment and Training, Division of Unemployment Assistance, or any agency in connection with any claims for unemployment benefits filed by Plaintiff at any time

31.     Any and all documents submitted by Plaintiff, her attorney, or anyone on behalf of Plaintiff to any local, state, or federal agency in connection with any claims or charges of discrimination made by Plaintiff against General Employment, Triad, Herbert Imhoff, Jr., Gregory Chrisos, or Kim Cullen, and any documents received from any local, state, or federal agency in connection with any claims or charges of discrimination made by Plaintiff against General Employment, Triad, Herbert Imhoff, Jr., Gregory Chrisos, or Kim Cullen, including, without limitation, documents submitted to or received from the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.

7

32.     Any and all documents concerning any damages Plaintiff intends to seek at the trial of this action.

33.     Any and all documents which Plaintiff identified or relied upon in answering any of the interrogatories propounded by General Employment in this matter.

34.     Any and all documents that relate or pertain to any allegation set forth in the Amended Complaint not produced pursuant to a previous request.

Respectfully submitted,

GENERAL EMPLOYMENT ENTERPRISES, INC.,

By its attorneys,

_Heather Stepler_
Jeffrey S. Brody, BBO #566032
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
Dated:  September 8, 2005            (617) 367-0025

## CERTIFICATE OF SERVICE

This is to certify that on September 8, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Elizabeth A. Rodgers, Rodgers, Powers & Schwartz LLP, 18 Tremont Street, Boston, MA 02108, and Defendant Gregory Chrisos's attorney, Cheryl Waterhouse, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, by overnight mail.

_Heather Stepler_
Jackson Lewis LLP

# MEDICAL RECORDS AUTHORIZATION

I, <u>LISA RILEY</u>, hereby authorize the use or disclosure of my health information as described in this authorization.

**ANY INFORMATION NOT PROVIDED SHALL BE COMPLETED BY THE UNDERSIGNED.**

1.  Name person/organization (or class of persons) authorized to provide the health information:

    **Any and all health care providers who have provided medical treatment or healthcare to Lisa Riley beginning January 2000 through the present.**

2.  Name person(s)/organization(s) (or class of person) authorized to receive and use the information:

    **Please deliver the medical records to:**
    **Jeffrey S. Brody**
    **Jackson Lewis LLP**
    **75 Park Plaza**
    **Boston, MA 02116**

3.  Provide a specific and meaningful description of the information you authorize to be disclosed (*Example:* "medical examination report and conclusions related to a fitness-for-work exam" or "results of drug testing for employment"):

    *Any and all records relating to medical treatment provided to me from **January 2000 through the Present**. These records include, but are not limited to:*

    - Entire patient medical record
    - Operative Reports
    - Medical Record Abstract
    - Laboratory Reports
    - Consults Reports
    - Visit notes
    - Discharge Summary
    - Pathology Reports
    - History and Physical Report
    - Test Reports
    - Photographs/Videos/Text
    - X-Rays / X-Ray Reports
    - Radiation Reports

    **NOTE: If this authorization relates to a use or disclosure of psychotherapy notes, it may not be combined with an authorization to disclose any other health information.**

4.  State the purpose of the request (If you do not wish to state a purpose, please state, "at the request of the individual."):

    *I am currently involved in litigation. These medical records are to be used by Jackson Lewis LLP in connection with this litigation.*

**The following paragraphs describe your rights with respect to this Authorization:**

1.  I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

2.  I understand that the revocation is only effective after it is received and logged by such person/organization. I understand that any use or disclosure made prior to the revocation of the authorization will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3.  I understand that after this information if disclosed, federal law might not protect it and the recipient might redisclose it.

9

I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4.   I understand that I am entitled to receive a copy of this authorization.

5.   I understand: *(Please check one)*

      X   this authorization will terminate once the purpose for the authorization has been accomplished.

      ☐   this authorization will terminate on _____*(insert date)* or sooner in the event I revoke the authorization in writing as provided above.

6.   I understand that this authorization is voluntary.

          Signature of Patient         _____

          Date          _____

          *Personal Representative's Section:*

          I, _____, hereby certify that I am the personal representative of _____ and warrant that I have the authority to sign this form on the basis of:

          _____

          _____

# MENTAL HEALTH RECORDS AUTHORIZATION

I, <u>LISA RILEY</u>, hereby authorize the use or disclosure of my mental health information as described in this authorization.

**ANY INFORMATION NOT PROVIDED SHALL BE COMPLETED BY THE UNDERSIGNED.**

1. Name person/organization (or class of persons) authorized to provide the health information:

   **Any and all mental health care providers (including but not limited to psychologists, psychotherapists, social workers, clergy, marriage counselors, sexual assault counselors, drug counselors and HIV/AIDS counselors) who have provided counseling, treatment or healthcare to Lisa Riley beginning January 2000 through the present.**

2. Name person(s)/organization(s) (or class of person) authorized to receive and use the information:

   **Please deliver the mental health records to:**
   **Jeffrey S. Brody**
   **Jackson Lewis LLP**
   **75 Park Plaza**
   **Boston, MA 02116**

3. Provide a specific and meaningful description of the information you authorize to be disclosed (*Example:* "medical examination report and conclusions related to a fitness-for-work exam" or "results of drug testing for employment"):

   *Any and all records relating to mental health treatment provided to me from **January 2000 through the present**. These records include, but are not limited to:*

   - Entire patient medical record
   - Operative Reports
   - Laboratory Reports
   - Consults Reports
   - Visit notes
   - Discharge Summary
   - History and Physical Report
   - Test Reports
   - Photographs/Videos/Text
   - Medical Record Abstract

   **NOTE: If this authorization relates to a use or disclosure of psychotherapy notes, it may not be combined with an authorization to disclose any other health information.**

4. State the purpose of the request (If you do not wish to state a purpose, please state, "at the request of the individual."):

   *I am currently involved in litigation. These mental health records are to be used by Jackson Lewis LLP in connection with this litigation.*

   **The following paragraphs describe your rights with respect to this Authorization:**

1. I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116.

2. I understand that the revocation is only effective after it is received and logged by such person/organization. I understand that any use or disclosure made prior to the revocation of the authorization will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3.  I understand that after this information if disclosed, federal law might not protect it and the recipient might redisclose it.

I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4.  I understand that I am entitled to receive a copy of this authorization.

5.  I understand: (*Please check one*)

     X   this authorization will terminate once the purpose for the authorization has been accomplished.

     ☐   this authorization will terminate on _____(*insert date*) or sooner in the event I revoke the authorization in writing as provided above.

6.  I understand that this authorization is voluntary.

Signature of Patient     _____

Date     _____

*Personal Representative's Section:*

I, _____, hereby certify that I am the personal representative of _____ and warrant that I have the authority to sign this form on the basis of:

_____

_____

12

## EMPLOYMENT RECORDS AUTHORIZATION

I hereby authorize the law firm of JACKSON LEWIS LLP, or its representatives, to examine and/or duplicate any and all documentation you have in your files pertaining to my employment records. A photocopy of this authorization shall be considered as effective and valid as the original.

Signed: _____
Lisa Riley

Address: _____

_____

_____

DOB: _____

SS#: _____

13

# **EXHIBIT D**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

----------------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and AMANDA
MEDINA

                          Plaintiffs

          vs.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN

                      Defendants.

Civil Action No. 04-12318RWZ

### FIRST SET OF INTERROGATORIES PROPOUNDED BY
### DEFENDANT, GENERAL EMPLOYMENT ENTERPRISES, INC.,
### TO BE ANSWERED BY PLAINTIFF, LISA RILEY

Pursuant to Fed. R. Civ. P. 33, Defendant, General Employment Enterprises, Inc. ("General Employment"), hereby propounds the following interrogatories to Plaintiff, Lisa Riley ("Plaintiff"), to be answered fully, separately, in writing and under oath, within the time period specified by the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1.      In answering these interrogatories, Plaintiff should furnish all information available to her, including information in the possession of her attorney and all persons acting on her behalf, and not merely such information of her own personal knowledge.

2.      If Plaintiff cannot answer these interrogatories in full after exercising due diligence to secure the information requested, Plaintiff should so state and answer to the extent possible, specifying the nature of her inability to answer the remainder, and providing whatever information or knowledge that she possesses concerning the unanswered portion.

3.      The interrogatories that follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplementary answers, such additional information or documents as she or any persons acting on her behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories.

### Definitions

Defendant incorporates herein by reference the Uniform Definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court of the District of Massachusetts.

Further, as used herein, the following terms shall have the meanings indicated below:

1.      "Plaintiff" as used herein, means Lisa Riley and anyone acting or purporting to act on her behalf.

2.      "General Employment," as used herein, means General Employment Enterprises, Inc., and its employees, agents, representatives, and any other persons acting or purporting to act on its behalf, including, but not limited to, attorneys.

3.      "Triad," as used herein, means Triad Personnel Services, Inc., and its employees, agents, representatives, and any other persons acting or purporting to act on its behalf, including, but not limited to, attorneys.

4.      "Amended Complaint," as used herein, means the First Amended Complaint served by Plaintiff on or about October 21, 2004.

5.      "Person," as used herein, means any natural person or any business, legal, or governmental entity, or association.

6.      "Document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, diaries, reports, calendars, inter-office communications, electronic communications, statements,

2

jottings, announcements, depositions, affidavits, photographs, computer disks, computer printouts or other computerized data, or any other writings whatsoever, tape recordings, video tapes, motion pictures and any carbon or photographic copies of any such material if Plaintiff does not have custody or control of the original. If any document was, but is no longer in Plaintiff's possession or control, or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) disposed of otherwise. In each instance, explain the circumstances surrounding any authorization for such disposition and state the approximate date thereof.

7.    "Identify" means, with respect to a natural person, to state: (1) his or her name; (2) his or her sex; (3) his or her last known address and telephone number; (4) his or her job title; (5) the name and address of his or her employer; and (6) his or her relationship, if any, to Plaintiff.

8.    "Identify" means, with respect to a corporation, association or other entity, to state: (1) the legal name under which such entity is incorporated or registered; (2) the state in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the offices of such entity.

9.    "Identify" means, with respect to documents, to state: (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom Plaintiff obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which each such document or documents is situated; and (6) the subject matter of each such document or documents.

## INTERROGATORIES

### INTERROGATORY NO. 1

State Plaintiff's name, address, date of birth, place of birth, social security number, number of children, names and dates of birth for each child, and, if married or ever married, the name of Plaintiff's spouse or former spouse.

### INTERROGATORY NO. 2

Identify each and every license, degree, or certificate Plaintiff has received and identify each and every educational institution Plaintiff has attended beginning with high school, and state the dates of attendance, whether Plaintiff received a degree or certificate therefrom, and the nature and the date of the degree or certificate, if applicable.

### INTERROGATORY NO. 3

Please list all residences, if any, other than the one listed in response to Interrogatory No. 1, which Plaintiff has had during the past ten (10) years, giving the complete address and dates resided at each such address.

### INTERROGATORY NO. 4

Identify each employer by whom Plaintiff has been employed or with whom Plaintiff has had business relationship, other than General Employment or Triad, including each employer's last known address and telephone number, and identify each period of self-employment, business venture, consulting, or other business/independent contractor relationship. For each employer, period of self-employment, business venture, consulting, or other business/independent contractor relationship, state:

    (a)    the date(s) of each such employment, self-employment, business venture, consulting, or other business/independent contractor relationship, and Plaintiff 's job titles, and the duties performed by Plaintiff for each employer or in self-employment, business venture, consulting or other business/independent contractor relationship;

    (b)    Plaintiff's rate or rates of pay during each of the above positions, or self-employment, business venture, consulting, or other business/independent contractor relationship including identification of any raise or raises in pay in connection with any of the positions, with the dates thereof; and a description of any employee benefits Plaintiff received in connection with each employment, self-employment, business venture, consulting, or other business/independent contractor relationship; and any other compensation or remuneration received by Plaintiff in connection with each employment, self-employment, business venture, consulting, or other business/independent contractor relationship; and

    (c)    the reason for the termination or conclusion of each employment, self-employment, business venture, consulting, or other business/independent

4

contractor relationship, including but not limited to, a statement of whether the severance of such employment or relationship was voluntary or involuntary; and identify each and every document upon which Plaintiff relied in answering, or which relates in any way to the information requested in this interrogatory.

## INTERROGATORY NO. 5

For each position Plaintiff held while employed by General Employment and/or Triad, state the job titles and dates of each job; the salaries, wages, or compensation plans for each job; the name of Plaintiff's supervisor or immediate superior in each position and the dates in which each individual supervised Plaintiff; the location of such job; the place where Plaintiff resided while performing such job; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

## INTERROGATORY NO. 6

Identify each and every individual Plaintiff believes has knowledge of any facts pertaining to the allegations in the Amended Complaint, and give a detailed description of the facts possessed by each such person.

## INTERROGATORY NO. 7

Describe in detail each item of damage, including amounts, for which Plaintiff intends to seek recovery at the trial of this action, and describe the manner in which such amount has been calculated, and the basis and support for such amount, and identify each document relied upon to determine such damages. If Plaintiff claims she is continuing to incur damages on an ongoing basis, describe in detail all damages incurred to date.

## INTERROGATORY NO. 8

If Plaintiff has made any statement(s) in any form to any person regarding any of the events or happenings referred to in her Amended Complaint, state the name and address of the person(s) to whom such statements were made, the names and addresses of the persons presently having custody of such statements or having heard such statements, the date each was given, and the content of each statement. Please include in your response any statements made to the Division of Employment and Training, Division of Unemployment Assistance, or like entity.

## INTERROGATORY NO. 9

Identify each expert witness whom Plaintiff intends to call at the trial of this action, and for each such expert witness, provide the following information: his or her name; his or her residential address and business address; the subject matter on which the expert is expected to testify; the substance of the facts and opinions about which the expert is expected to testify; and a summary of the grounds for each such opinion.

**INTERROGATORY NO. 10**

State whether Plaintiff has made any efforts to seek new employment or to enter into any business, independent contractor or consulting relationship with any person or entity following the separation of her employment with General Employment and/or Triad.  If so, state:

    (a)    the name and address of each potential employer,  person, or entity,  to which Plaintiff made application, including the date of each such application and the position for which application was made;

    (b)    the name and address of any employment agency, career counselor or other employment recruiter with whom Plaintiff had contact, including, in addition, the date such contact was made and the nature of the contact;

    (c)    describe in complete detail any other efforts Plaintiff made, which are not identified in response to the preceding subparagraph of this interrogatory, to obtain employment or to enter into any business, independent contractor, or consulting relationship following her separation from General Employment and/or Triad; and

    (d)    identify each and every document reflecting or relating to Plaintiff's efforts to seek new employment, or to enter into any business, independent contractor, or consulting relationship.

**INTERROGATORY NO. 11**

Identify any and all businesses, companies, partnerships, corporations, or other business enterprises of which Plaintiff has been or is an owner, officer, director, partner, or corporate official.  For each business, company, partnership, corporation, or other business enterprise identified, state:

    (a)    the current and former address(es) and current and former website address(es) of the business, company, partnership, corporation or business enterprise;

    (b)    the nature of the business, company, partnership, corporation or business enterprise;

    (c)    names and addresses of other owners, officers, directors, partners, or corporate officials;

    (d)    names and addresses of employees of the business, company, partnership, corporation, or business enterprise;

    (e)    the place and date of incorporation, if applicable, or the date of formation of the partnership or other business enterprise;

(f)    the gross and net revenues of the business, company, partnership, corporation, or business enterprise for the years during which Plaintiff has had some affiliation or involvement with it and any income or remuneration received by Plaintiff;

(g)    the nature of Plaintiff's duties and responsibilities in such business or enterprise and Plaintiff's title(s); and

(h)    a description of the reasons for the closure and/or the end to Plaintiff's affiliation or involvement with the business, company, partnership, corporation, or business enterprise, if applicable.

## INTERROGATORY NO. 12

State whether Plaintiff has previously instituted litigation or administrative charges against any other company or other organization by which she has been employed or applied for employment, or against any other individual supervisor or manager under whom she has worked. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way pertains to the information requested in this interrogatory.

## INTERROGATORY NO. 13

State whether Plaintiff has ever applied for unemployment compensation benefits, workers' compensation benefits, disability benefits, social security, supplemental security income, or benefits under any policy of insurance. If the answer is in the affirmative, identify the agency(ies) or company(ies) to whom such application was made; state the date of the application; the disposition of the application; the amount of the benefit paid, if any; and identify each and every document related to any such application and the disposition thereof.

## INTERROGATORY NO. 14

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff has visited, consulted, or received treatment from relative to any physical or emotional condition Plaintiff alleges General Employment, Triad, or the employees of General Employment and/or Triad caused. For each physician or other healthcare provider identified, state his or her address; occupation; area of specialization, if any; any medical institutions with which he or she is presently associated or affiliated; any medical institutions with which he or she was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of the treatment; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

**INTERROGATORY NO. 15**

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff has visited, consulted, or received treatment from since January 1, 2000.  For each physician or other healthcare provider identified, state his or her address; occupation; area of specialization, if any; any medical institutions with which he or she is presently associated or affiliated; any medical institutions with which he or she was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of the treatment; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

**INTERROGATORY NO. 16**

Identify any and all sources of income received by Plaintiff during the period from January 1, 2000 to present.  For each such source of income, state the amount of income received and the frequency with which each such payment is or was received.

Respectfully submitted,

GENERAL EMPLOYMENT ENTERPRISES, INC.,

By its attorneys,

Jeffrey S. Brody, BBO #566032
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA  02116
(617) 367-0025

Dated:  September 8, 2005

**CERTIFICATE OF SERVICE**

This is to certify that on September 8, 2005, a copy of the foregoing document was served upon Plaintiffs' attorney, Elizabeth A. Rodgers, Rodgers, Powers & Schwartz LLP, 18 Tremont Street, Boston, MA 02108, and Defendant Gregory Chrisos's attorney, Cheryl Waterhouse, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, by hand delivery.

Jackson Lewis LLP

8