## **EXHIBIT E**

THE COMMONWEALTH OF MASSACHUSETTS

Middlesex SS.                                    Superior Court
                                                C.A. No. 04-3270

_____
LISA RILEY, LISA MARIE CATALANO, )
SANDY PANARELLO AND                 )
AMANDA MEDINA                        )
           Plaintiffs              )
                                     )
v.                                   )
                                     )
GENERAL EMPLOYMENT ENTERPRISES,      )
TRIAD                                )
PERSONNEL SERVICES INC               )
GREGRORY CHRISOS, HERBERT IMHOFF     )
AND                                  )
KIM CULLEN                           )
_____Defendants_____ )

## PLAINTIFF MEDINA'S ANSWERS TO FIRST SET OF INTERROGATORIES FROM DEFENDANT, GENERAL EMPLOYMENT ENTERPRISES, INC.,


Pursuant to Mass. R. Civ. P. 33, Plaintiff Amanda Medina hereby responds and objects to

Defendants General Employment Enterprises Interrogatories.

General Objections

        Plaintiff objects to each of those requests that seek information either protected by the

attorney-client privilege or subject to the attorney work-product doctrine. Plaintiff objects to those

requests that seek information that is equally available to Defendants and/or is subject to the custody

or control of Defendants. Finally, Plaintiff objects to those requests that are not reasonably

calculated to lead to the discovery of admissible evidence relevant to the claims and/or defenses in

this action. Plaintiff recognizes his duty, under the rule, to supplement his responses as necessary

and reserves his right to do so. Notwithstanding and without waiving any of these objections,

Plaintiff will respond to Defendants interrogatories below.

1

**INTERROGATORY NO. 1**

State Plaintiff's name, address, date of birth, place of birth, social security number, number of children, names and dates of birth for each child, and, if married or ever married, the name of Plaintiff's spouse or former spouse.

Medina's Response:

Amanada Louise Medina                           REDACTED
10837 Great Falls Ln. Tampa Fla 33647
Place of Birth Salem Ma
Date of Birth

No children; not married.

**INTERROGATORY NO. 2**

Identify each and every license, degree, or certificate Plaintiff has received and identify each and every educational institution Plaintiff has attended beginning with high school, and state the dates of attendance, whether Plaintiff received a degree or certificate therefrom, and the nature and the date of the degree or certificate, if applicable.

Medina's Response:

Peabody Veterans Memorial High School, Peabody MA, Diploma 2001,

**INTERROGATORY NO.3**

Please list all residences, if any, other than the one listed in response to Interrogatory No. 1, which Plaintiff has had during the past ten (10) years, giving the complete address and dates resided at each such address.

Medina's Response:

71 Washington Street, Peabody, MA  01960
Ten years.

**INTERROGATORY NO. 4**

Identify each employer by whom Plaintiff has been employed or with whom Plaintiff has had business relationship, other than General Employment or Triad, including each employer's last known address and telephone number, and identify each period of self-employment, business venture, consulting, or other business/independent contractor relationship. For each employer, period of self-employment, business venture, consulting, or other business/independent contractor relationship, state:

2

(a) the date(s) of each such employment, self-employment, business venture, consulting, or other business/independent contractor relationship, and Plaintiff's job titles, and the duties performed by Plaintiff for each employer or in selfemployment, business venture, consulting or other business/independent contractor relationship;

(b) Plaintiffs rate or rates of pay during each of the above positions, or selfemployment, business venture, consulting, or other business/independent contractor relationship including identification of any raise or raises in pay in connection with any of the positions, with the dates thereof; and a description of any employee benefits Plaintiff received in connection with each employment, self-employment, business venture, consulting, or other business/independent contractor relationship; and any other compensation or remuneration received by Plaintiff in connection with each employment, self-employment, business venture, consulting, or other business/independent contractor relationship; and

(c) the reason for the termination or conclusion of each employment, selfemployment, business venture, consulting, or other business/independent contractor relationship, including but not limited to, a statement of whether the severance of such employment or relationship was voluntary or involuntary; and identify each and every document upon which Plaintiff relied in answering, or which relates in any way to the information requested in this interrogatory.

<u>Medina's Response:</u>

4.1 Pizza Suprema II 1211 Bruce B Downs Blvd Wesley Chapel Fl 33543 813-907-2878
a. Approximately April 1, 2005 to present.
b. Rate of pay $ 3.05 per hr plus tips
c. Still there

4.2 Outback Steakhouse- 813-972-7717 Oakely Blvd State Rd 54 Wesley Chapel Florida 33543.
a. Approximately August 2004-April 2005
b. Rate of pay $2.15 an hour plus tips
c. Let go due to a mistake on an unpaid food ticket. They will give her a good reference.

4.3 Peabody's Sports Bar 813-972-1725
a. Approximately Jan 2004- June 2004
b. Rate of pay $2.13 plus Tips
c. Mutual decision to leave; not a good work environment.

## INTERROGATORY NO. 5

For each position Plaintiff held while employed by General Employment and/or Triad, state the job titles and dates of each job; the salaries, wages, or compensation plans for each job; the name of Plaintiff's supervisor or immediate superior in each position and the dates in which each individual supervised Plaintiff; the location of such job; the place where Plaintiff resided while performing such job; and identify each and every document upon which Plaintiff relied in answering or which in any way relates to the information requested in this interrogatory.

Medina's Response:

Plaintiff objects, as this information, expressly within the control of the defendants, is more generally objected to above. Without waiving said objection, see Answer to Interrogatory 3, above, and Plaintiff summarizes her history at General Employment as follows:

Started in approximately May 2002 at General Employment Enterprises-Triad reporting to Lisa Riley as administrative assistant.  May-July making $ 10.00 per hr.
Promoted to recruiter reporting to Lisa Riley in approximately July 2002, making approximately $12.50/hr plus commission.
In approximately March 2003, cut hours and became a research assistant due to health issues. Salary adjustment if any in records at GEE. Reported to Lisa Riley at Triad in Wakefield.

Address at that time: 71 Washington St Peabody MA.

## INTERROGATORY NO. 6

Identify each and every individual Plaintiff believes has knowledge of any facts pertaining to the allegations in the Amended Complaint, and give a detailed description of the facts possessed by each such person.

Medina's Response:

Plaintiff Medina incorporates by reference the individuals and description in Plaintiff's Intial Disclosure, filed herewith.

## INTERROGATORY NO. 7

Describe in detail each item of damage, including amounts, for which Plaintiff intends to seek recovery at the trial of this action, and describe the manner in which such amount has been calculated, and the basis and support for such amount, and identify each document relied upon to determine such damages. If Plaintiff claims she is continuing to incur damages on an ongoing basis, describe in detail all damages incurred to date.

Medina's Response:

Plaintiff does not have the evidence of the earnings by successors at General Employment and will seek lost wages based upon what she in fact earned compared to her earnings, adjusted by the rate of increase at General Employment which she enjoyed and that of her successors, less mitigation earnings.  She will seek emotional distress damages for her treatment by Greg Chrisos, and punitive damages for reckless disregard of her well being by a superior.
Amanda Medina was earning $32,000 at the time of her termination, and from age 19 to 20 she was pursued, by a much older, married vice president and boss, who knew of her vulnerabilities and recent hospitalization. The environment was severely pervaded by unwanted sexual advances, to at least three women in her office, with adverse consequences for each who rejected him. She would be entitled to at least $100,000 in emotional distress, for a total of at least $132,000.

## INTERROGATORY NO. 8

If Plaintiff has made any statement(s) in any form to any person regarding any of the events or happenings referred to in her Amended Complaint, state the name and address of the person(s) to whom such statements were made, the names and addresses of the persons presently having custody of such statements or having heard such statements, the date each was given, and the content of each statement. Please include in your response any statements made to the Division of Employment and Training, Division of Unemployment Assistance, or like entity.

Medina's Response:

See General Objections, above. In addition, any statements made to the Division of Employment and Training, Division of Unemployment Assistance, or like entity are inadmissible in evidence. Chapter 151A, §46 (a), provides that "information secured pursuant to this chapter is confidential and for the "exclusive use and information of the department in the discharge of its duties". It is **"absolutely privileged"** (emphasis added) M.G.L. c. 151A, §46 (a) (2001). <u>Tuper v. North Adams Ambulance Serv., Inc.</u>, 428 Mass. 132, 137, 697 N.E.2d 983 (1998) (information secured by DET is for its exclusive use).It is not a public record nor admissible in any action or procedure, except as to four narrow exceptions provided in the statute which do not apply here. M.G.L. c. 151A, §46 (b) (2001).

## INTERROGATORY NO. 9

Identify each expert witness whom Plaintiff intends to call at the trial of this action, and for each such expert witness, provide the following information: his or her name; his or her residential address and business address; the subject matter on which the expert is expected to testify; the substance of the facts and opinions about which the expert is expected to testify; and a summary of the grounds for each such opinion

Medina's Response:

Plaintiff has not yet retained any such expert witnesses. Plaintiff reserves the right to supplement his response at a later date.

## INTERROGATORY NO. 10

State whether Plaintiff has made any efforts to seek new employment or to enter into any

business, independent contractor or consulting relationship with any person or entity following the separation of her employment with General Employment and/or Triad. If so, state:

(a)    the name and address of each potential employer, person, or entity, to which Plaintiff made application, including the date of each such application and the position for which application was made;

(b)    the name and address of any employment agency, career counselor or other employment recruiter with whom Plaintiff had contact, including, in addition, the date such contact was made and the nature of the contact;

(c)    describe in complete detail any other efforts Plaintiff made, which are not identified in response to the preceding subparagraph of this interrogatory, to obtain employment or to enter into any business, independent contractor, or consulting relationship following her separation from General Employment and/or Triad; and

(d)    identify each and every document reflecting or relating to Plaintiffs efforts to seek new employment, or to enter into any business, independent contractor, or consulting relationship.

Medina's Response:

See answer to Interrogatory No. 4.

## INTERROGATORY NO. 11

Identify any and all businesses, companies, partnerships, corporations, or other business enterprises of which Plaintiff has been or is an owner, officer, director, partner, or corporate official. For each business, company, partnership, corporation, or other business enterprise identified, state:

(a)    the current and former address(es) and current and former website address(es) of the business, company, partnership, corporation or business enterprise;

(b)    the nature of the business, company, partnership, corporation or business enterprise;

(c)    names and addresses of other owners, officers, directors, partners, or corporate officials;

(d)    names and addresses of employees of the business, company, partnership, corporation, or business enterprise;

(e)    the place and date of incorporation, if applicable, or the date of formation of the partnership or other business enterprise;

(f)    the gross and net revenues of the business, company, partnership, corporation, or business enterprise for the years during which Plaintiff has

6

had some affiliation or involvement with it and any income or remuneration received by Plaintiff;

g)   the nature of Plaintiff's duties and responsibilities in such business or enterprise and Plaintiff's title(s); and

(h)   a description of the reasons for the closure and/or the end to Plaintiff's affiliation or involvement with the business, company, partnership, corporation, or business enterprise, if applicable.

Medina's Response:

Not applicable.

## INTERROGATORY NO.12

State whether Plaintiff has previously instituted litigation or administrative charges against any other company or other organization by which she has been employed or applied for employment, or against any other individual supervisor or manager under whom she has worked. If the answer is in the affirmative, state the date each suit or administrative action was commenced; the name and address of the agency or other forum in which it was commenced; the substance of each such complaint; the outcome or present status of each matter; and identify each and every document upon which Plaintiff relied in answering or which in any way pertains to the information requested in this interrogatory.

Medina's Response:

No.

## INTERROGATORY NO. 13

State whether Plaintiff has ever applied for unemployment compensation benefits, workers' compensation benefits, disability benefits, social security, supplemental security income, or benefits under any policy of insurance. If the answer is in the affirmative, identify the agency(ies) or company(ies) to whom such application was made; state the date of the application; the disposition of the application; the amount of the benefit paid, if any; and identify each and every document related to any such application and the disposition thereof.

See Objection to Interrogatory No. 8. Unemployment compensation records are not a public record and are not admissible except in four types of proceedings: Civil or criminal procedures brought pursuant to M. G.L.c. 151 A in which 1) the department or the commonwealth is a necessary party; 2) civil cases to enforce child support; 3) criminal prosecutions for homicide or violations of C. 14 §10, and 4) criminal prosecutions under federal law. Therefore any unemployment compensation benefits are irrelevant and not likely to lead to admissible evidence. No other benefits were received.

## INTERROGATORY NO.14

7

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff has visited, consulted, or received treatment from relative to any physical or emotional condition Plaintiff alleges General Employment, Triad, or the employees of General Employment and/or Triad caused. For each physician or other healthcare provider identified, state his or her address; occupation; area of specialization, if any; any medical institutions with which he or she is presently associated or affiliated; any medical institutions with which he or she was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of the treatment; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

Medina's Response:

None.

## INTERROGATORY NO. 15

Identify each and every physician, psychiatrist, psychologist, social worker or other healthcare provider whom Plaintiff has visited, consulted, or received treatment from since January 1, 2000. For each physician or other healthcare provider identified, state his or her address; occupation; area of specialization, if any; any medical institutions with which he or she is presently associated or affiliated; any medical institutions with which he or she was associated or affiliated while treating Plaintiff; the date Plaintiff first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; the cost of the treatment; and whether Plaintiff is presently receiving treatment or consultation from such person or entity.

Medina's Response:

Objection: See General Objections. The plaintiff further objects on the grounds that the information sought is privileged from disclosure under M.G.L. c. 233 §20B. Communications subject to this statutory privilege include "conversations, correspondence, actions and occurrences related to diagnosis or treatment before, during, and after institutionalization." G.L.c. 233, § 20B. Massachusetts state and federal courts have relied on Sabree v. United Bhd. Of Carpenters & Joiners of Am., Local No. 33, 126 F.R.D. 422, 426 (D.Mass. 1989), for the proposition that if a plaintiff brings a "garden variety" claim of emotional distress as opposed to a claim of psychic injury or psychiatric disorder, she has not made her emotional condition an element of the claim. Robart v. Alamo Rent-A-Car, LLC, 19 Mass. L. Rep. 154 (Mass. Super. Ct. 2005) . 154 (Mass. Super. Ct. 2005) Higgins v. Reslow, 1996 Mass. Super. LEXIS 460, 1996 WL 1185128 at *2 (Mass.Super.Ct. May 2, 1996) (Houston, J.) (5 Mass. L. Rptr. 315) (claim for invasion of privacy and intentional infliction of emotional distress, claim for emotional distress without psychiatric treatment or evidence does not put emotional distress an element of the claim)

Further, her interest in the confidentiality of her records outweighs any interest in their disclosure. She does not intend to introduce the medical records or call health providers to testify at the trial. In addition, Medina's psychiatric hospitalization occurred when she was under 21 years of age and is not sufficiently relevant to her current emotional condition to require disclosure of the record. Furthermore, public policy considerations indicate that the disclosure of confidential information would have a "chilling effect" on the therapeutic relationship, and requiring a therapist to breach confidentiality might be a deterrent from getting treatment. Bishop, 416 Mass. at 175. The trial

would not be seriously impaired without the records, and given Medina's significant interest in maintaining the confidentiality of both her inpatient and outpatient treatment such records are privileged and undiscoverable.

## INTERROGATORY NO. 16

Identify any and all sources of income received by Plaintiff during the period from January 1, 2000 to present. For each such source of income, state the amount of income received and the frequency with which each such payment is or was received.

### Medina's Response:

Objection: Plaintiff objects on the grounds that unemployment compensation is absolutely privileged and is not admissible or relevant. See Ans to Int. No. 8. Plaintiff further objects on the grounds that employment records while at General Employment Enterprises, when she was under the control of the defendants; income received prior to General Employment Enterprises. Plaintiff incorporates the answers and objections to Interrogatory No. 4, 5, 7 and 13. Plaintiff reserves the right to supplement this interrogatory.

**As to Objections:**                Plaintiff Amanda Medina,

                                     **By her counsel,**
                                     Respectfully submitted,
                                     The Plaintiff
                                     By her Attorneys


                                     **Elizabeth A. Rodgers, BBO #424360**
                                     Sara Smolik, BBO #661341
                                     Rodgers, Powers & Schwartz LLP
                                     18 Tremont Street
                                     Boston, MA 02108
                                     (617) 742-7010


**As to the Answers to Interrogatories,**    **By the Plaintiff,**


                                             **Amanda Medina**

October 14, 2005


## CERTIFICATE OF SERVICE

9

This is to certify that on  October /2 , 2005,  a copy of the foregoing document
was served upon Defendants' attorney, Jeffrey S. Brody, BBO x#566032
Heather L. Stepler, Jackson Lewis LLP 75 Park Plaza, Boston, MA
02116, and Defendant Gregory Chrisos's attorney, Cheryl Waterhouse,
Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, by
hand/mail delivery.

Elizabeth A.Rodgers

# **EXHIBIT F**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
               Plaintiffs

v.

                                    Civil Action No. 04-12318-RWZ

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
               Defendants

-------------------------------------------------------------

## INITIAL DISCLOSURES OF PLAINTIFFS PURSUANT TO FED. R. CIV. P. 26(a)(1) AND LOCAL RULE 26.2(A)

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), Plaintiffs, Lisa Riley, Lisa

Marie Catalano, Sandy Panarello, and Amanda Medina (collectively, "Plaintiffs"), disclose the

following:

I.      Persons Likely To Have Discoverable Information

      The persons who Plaintiffs know or believe to have discoverable information relevant to
Plaintiffs' Complaint include:

1.      Herbert Imhoff, Jr.
      General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Mr. Imhoff is the Chief Executive Officer of General Employment since 2001. Mr. Imhoff
      has knowledge of Plaintiffs' employment with General Employment and/or Triad and has
      knowledge of sexual harassment or gender discrimination in the treatment of women
      managers and employees including assignments, comments, conduct, compensation,
      promotion, and termination, as well as sexual harassment policies, deterrence, training,

1

complaints of sexual harassment or gender discrimination and promises made to Sandy Panarello and or other conditions offered to other branch managers. He also has knowledge of the Riley's promotion to Regional Manager, including his announcement of Riley's promotion to Regional Manager in approximately November, 2002.

2.    Sherry Hubacek
      General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Ms. Hubacek is General Employment's Human Resources Director. She has knowledge of the investigation of complaints about Gregory Chrisos which were raised by Plaintiffs Riley and Medina in July 2003. Ms. Hubacek also has knowledge of Plaintiffs' hiring, Plaintiffs' performance during employment, the positions Plaintiffs held, and Plaintiffs' separation from employment and has knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination. She has knowledge of the promotion of Riley to Regional Manager, and promises made to Sandy Panarello and or other conditions offered to other branch managers. Ms. Hubacek has knowledge of many of the matters raised in the complaint in this court, at the MCAD or in the responses of GEE, Triad and Chrisos to same.

3.    Marilyn White
      General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Ms. White is General Employment's Vice President of Operations for the Western Region. Ms. White has knowledge of Plaintiff Riley's employment and treatment of the Wakefield office after the complaints of discrimination, investigation of complaints and or conduct of the plaintiffs and the separation from employment of Riley, the complaint of Monica Friedman and treatment of the plaintiffs and other women by General Employment and/or Triad and/or Chrisos and Imhoff. She also may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination. Ms. White would have knowledge of the operation of approximately 11 branches in California, with five in Northern California's Bay area and at least 6 in the southern part of the state, where there were no territory restrictions on branch managers.

2

4.      Kim Cullen
        Generation Technologies, Inc.
        20 Burlington Mall Road, Suite 260
        Burlington, MA 01803
        (781) 272-3008
        Ms. Cullen is the Branch Manager of the Triad office formerly located in Wakefield, Massachusetts. Ms. Cullen has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and her own employment with General Employment and/or Triad, and her advancement after the termination of Riley.


5.      Gregory Chrisos
        C/o Cheryl Waterhouse
        Donovan Hatem LLP
        Two Seaport Lane
        Boston, MA 02110
        (617) 406-4500
        Mr. Chrisos was formerly employed as General Employment's Vice President of Operations for the Eastern Region. Mr. Chrisos has knowledge of Plaintiffs' hiring, Plaintiffs' performance during employment, and the positions Plaintiffs held. He also has knowledge of his interactions with the Plaintiffs as well as other company employees involving sex or sexual advances, and his participation in the treatment of women managers and employees including assignments, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints, of sexual harassment or gender discrimination and promises made to Sandy Panarello and or other conditions offered to other branch managers, and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same. He has knowledge of the operation of several offices in Ohio, and the absence of territorial restrictions throughout the Eastern Region except in the office headed by Panerello. He also has knowledge of Riley's promotion to Regional Manager in approximately August-September 2002, and the official announcement by Imhoff in November, 2002.

6.      Matthew Ziccarelli
        General Employment Enterprises, Inc.
        One Tower Lane
        Suite 2200
        Oakbrook Terrace, IL 60181
        (630) 954-0400
        Mr. Ziccarelli is General Employment's Credit and Collections Manager. He has knowledge of his collections practices on behalf of General Employment and Triad and contractual practices with Employees using General Employment and/or Triad services. He may have knowledge of sexual harassment or gender discrimination in the treatment of

3

women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

7.  Michael Coleman
    General Employment Enterprises, Inc. 200
    Unicorn Park, Third Floor
    Woburn, MA 01801
    (781) 938-7950
    Mr. Coleman is the Branch Manager of the General Employment office located in Woburn, Massachusetts. Mr. Coleman has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and terms and conditions offered to branch managers. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same. He would also have knowledge of the announcement of Riley's promotion to Regional Manager in approximately November, 2002 and her role in supervision of the Woburn office.

8.  Gerry Gadoury
    Generation Technologies, Inc.
    20 Burlington Mall Road, Suite 260
    Burlington, MA 01803
    (781) 272-3008
    Mr. Gadoury is the Quad Supervisor at the Triad office formerly located in Wakefield, Massachusetts. Mr. Gadoury has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same. He has knowledge of the announcement of Riley's promotion to Regional Manager in approximately November, 2002.

4

9.    Marcea Taylor
      Generation Technologies, Inc.
      20 Burlington Mall Road, Suite 260
      Burlington, MA 01803
      (781) 272-3008
      Ms. Taylor is employed as a Recruiter at the Triad office formerly located in Wakefield,
      Massachusetts. Ms. Taylor has knowledge of Plaintiffs' employment and various
      interactions with Plaintiffs inside and outside of work. She may have knowledge of sexual
      harassment or gender discrimination in the treatment of women managers and employees
      including assignments, comments, conduct, compensation, promotion, and termination, as
      well as sexual harassment policies, deterrence, training, complaints of sexual harassment or
      gender discrimination and of any of the matters raised in the complaint in this court, at the
      MCAD or in the responses of Chrisos to same. She has knowledge of the announcement of
      Riley's promotion to Regional Manager in approximately November, 2002.


10.   Dawn Bernadino
      C/o General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Ms. Bernadino is or was an employee or former employee of General Employment and/or
      Triad has knowledge of Plaintiffs' employment and various interactions with Plaintiffs
      inside and outside of work and may have knowledge of terms and conditions offered to
      male employees and not equal to those offered to female employees. Ms. Bernadino also
      knows specifically of Chrisos' treatment of Medina in the course of her employment and at
      the Restaurant and Ms. Riley's conduct in the office and treatment of the Triad Wakefield
      office before and after the complaints of discrimination and the pretextual reason for the
      termination of Riley. She may have knowledge of sexual harassment or gender
      discrimination in the treatment of women managers and employees including assignments,
      comments, conduct, compensation, promotion, and termination, as well as sexual
      harassment policies, deterrence, training, complaints of sexual harassment or gender
      discrimination and of any of the matters raised in the complaint in this court, at the MCAD
      or in the responses of Chrisos to same.

11.   Brett Romanowski  s or was an employee or former employee of General Employment
      and/or Triad has knowledge of Plaintiffs' employment and various interactions with
      Plaintiffs inside and outside of work and may have knowledge of terms and conditions
      offered to male employees and not equal to those offered to female employees. Mr.
      Romanowski may also know specifically of Chrisos' treatment of Medina in the course of
      her employment and at the Restaurant.

12.   Monica Friedman
      C/o General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Ms. Friedman is an employee or former employee of General Employment and/or Triad
      and has knowledge of the treatment of women managers and employees including
      assignments, compensation, promotion, and termination, as well as sexual harassment
      policies, deterrence, training, complaints, of sexual harassment or gender discrimination.
      She has knowledge of the announcement of Riley's promotion to Regional Manager in
      approximately November, 2002.

13.   Anna Singsuan
      C/o General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Anna Singsuan, an employee of the Triad Wakefield office before and after the internal
      complaint was filed, and has knowledge of the treatment of women managers and
      employees including assignments, compensation, promotion, and termination, as well as
      sexual harassment policies, complaints of sexual harassment or gender discrimination and
      promises made to Sandy Panarello and or other conditions offered to other branch
      managers. She may have information regarding the Monday after the incident with Greg
      and the behavior of Greg Chrisos and Corky Imhof, and the company's retaliation against
      Riley.

14.   Walter Kwami
      C/o General Employment Enterprises, Inc. One
      Tower Lane
      Suite 2200
      Oakbrook Terrace, IL 60181
      (630) 954-0400
      Walter Kwami was a former employee of General Employment and or Triad in Boston
      and/or Wakefield and may have knowledge of sexual harassment or gender discrimination
      in the treatment of women managers and employees including assignments, comments,
      conduct, compensation, promotion, and termination, as well as sexual harassment policies,
      deterrence, training, complaints of sexual harassment or gender discrimination and of any
      of the matters raised in the complaint in this court, at the MCAD or in the responses of
      Chrisos to same.

15. All other employees of the TRIAD Boston and Wakefield offices and the Woburn office in November, 2002, during the visit of Greg Chrisos and Corky Imhoff to the Wakefield office, have knowledge of the announcement of Riley's promotion to Regional Manager in approximately November, 2002

16. Peter Ernst
93 Lafayette St.
Marblehead MA
Peter Ernst is or was an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. Ernst was a direct manager over Sandra Panarello who has knowledge of the offer made to Sandy Panarello by Greg Chrisos and that there was no restriction on competition in Tampa Florida or in any offices to his knowledge.

17. Karin Ernst
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. Ernst was the administrative assistant in the Woburn office. She would have known of Panarello's promotion and comparison to Peter Ernst who was made manager of Woburn and who would know of discriminatory treatment by Greg Chrisos. She knew of the offer to Sandy Panarello and that she was not restricted to any territory in Florida or other offices. She has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. Ms. Ernst would also know of an offer to her as a contract employee at the behest of Greg Chrisos. She may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

18. Heather Marcum
2509 Dovetail Drive
Ocoee, Florida 34761
407 493 9623
Ms. Marcum is or was an employee or former employee of General Employment and/or

7

Triad and has knowledge of the treatment of women managers and employees including assignments, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints, of sexual harassment or gender discrimination and promises made to Sandy Panarello and or other conditions offered to other branch managers.

19.     Steve Schlintz
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. Schlintz was an employee or former employee of General Employment and/or Triad and has knowledge of the treatment of women managers and employees including assignments, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints, of sexual harassment or gender discrimination.

20.     Ken Yeoh
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Mr. Yeoh is or was an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees.

21.     Stacy Rohn
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. Rohn is an employee or former employee of General Employment and/or Triad. She may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

22.    Lauren Grub
       C/o General Employment Enterprises, Inc. One
       Tower Lane
       Suite 2200
       Oakbrook Terrace, IL 60181
       (630) 954-0400
       Ms. Grub is or was an employee or former employee of General Employment and/or Triad
       and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside
       and outside of work and may have knowledge of terms and conditions offered to male
       employees and not equal to those offered to female employees. She would have knowledge
       Chrisos' conduct relevant to the sexual harassment allegations and admissions. She may
       have knowledge of sexual harassment or gender discrimination in the treatment of women
       managers and employees including assignments, comments, conduct, compensation,
       promotion, and termination, as well as sexual harassment policies, deterrence, training,
       complaints of sexual harassment or gender discrimination and of any of the matters raised
       in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

23.    Tonya Lyman
       C/o General Employment Enterprises, Inc. One
       Tower Lane
       Suite 2200
       Oakbrook Terrace, IL 60181
       (630) 954-0400
       Ms. Lyman is or was an employee or former employee of General Employment and/or
       Triad. She may have knowledge of sexual harassment or gender discrimination in the
       treatment of women managers and employees including assignments, comments, conduct,
       compensation, promotion, and termination, as well as sexual harassment policies,
       deterrence, training, complaints of sexual harassment or gender discrimination and of any
       of the matters raised in the complaint in this court, at the MCAD or in the responses of
       Chrisos to same.

24.    Jennifer Faust
       8811Dundee Way
       Orlando Florida, 32817

       Ms. Faust is or was an employee or is an employee or former employee of General
       Employment and/or Triad in the Tampa Fl office and has knowledge of Stevie Shlintz's
       employment and various interactions with Chrisos inside and outside of work and may
       have knowledge of terms and conditions offered to employees not equal to those offered to
       Sandra Panerello. She may have knowledge of sexual harassment or gender discrimination
       in the treatment of women managers and employees including assignments, comments,
       conduct, compensation, promotion, and termination, as well as sexual harassment policies,
       deterrence, training, complaints of sexual harassment or gender discrimination and of any

of the matters raised in the complaint in this court, at the MCAD or in the responses of
Chrisos to same.

25.  Nancy Fronmier
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. Fronmier was a former or is a current employee of General Employment Enterprises
who has knowledge of the company's attitudes about sexual harassment and sexual relations
between executives and staff at the company;

26.  Brenda Randazo
Phoenix Arizona,
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. Randazo is or was employee or former employee of General Employment and/or Triad
and has knowledge and was an Employee/Manager was at management meetings and would
have known of sexual harassment training and Riley's fear of retaliation; and comparison
with changes in her office after her complaint and would have known of no geographic
restrictions in their areas except for Sandy Panarello in Florida, and no interference with
management decisions when not under Greg Chrisos. She may have knowledge of sexual
harassment or gender discrimination in the treatment of women managers and employees
including assignments, comments, conduct, compensation, promotion, and termination, as
well as sexual harassment policies, deterrence, training, complaints of sexual harassment or
gender discrimination and of any of the matters raised in the complaint in this court, at the
MCAD or in the responses of Chrisos to same.

27.  Michelle Le Blanc
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Ms. LeBlanc is Employee/Manager and was present at management meetings and would
have known of sexual harassment training and Riley's fear of retaliation; and of changes in
her office after Riley's complaint and would have known of no geographic restrictions in
other areas. She may have knowledge of sexual harassment or gender discrimination in the

10

treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

28. Susan Lieber,
    C/o General Employment Enterprises, Inc. One
    Tower Lane
    Suite 2200
    Oakbrook Terrace, IL 60181
    (630) 954-0400
    She is or was an Employee/Manager and was present at management meetings. She may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, and would have known of the manner of conducting, and response to, sexual harassment training.  She may have knowledge of complaints of sexual harassment or gender discrimination and of collection practices, and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of GEE and or Chrisos to same.

29. Pam Gould,
    C/o General Employment Enterprises, Inc. One
    Tower Lane
    Suite 2200
    Oakbrook Terrace, IL 60181
    (630) 954-0400
    She is or was an Employee/Manager and was present at management meetings. She may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, and would have known of the manner of conducting, and response to, sexual harassment training.  She may have knowledge of complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of GEE and or Chrisos to same.

30. Rachel Eggers,
    C/o General Employment Enterprises, Inc. One
    Tower Lane
    Suite 2200
    Oakbrook Terrace, IL 60181
    (630) 954-0400
    She is or was an Employee/Manager and was present at management meetings. She may

have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, and would have known of the manner of conducting, and response to, sexual harassment training. She may have knowledge of complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of GEE and or Chrisos to same.

31. Leigh Kazmierczak
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
She is or was an Employee/Training Manager and was present at management meetings. She may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, and would have known of the manner of conducting, and response to, sexual harassment training. She may have knowledge of complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of GEE and or Chrisos to same.

32. Adam Zayed
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
He is or was Branch Manager in Georgia who would know of absence of territorial limitations and is an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employee He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

33. Tonya Lyman
c/o General Employment Enterprises, Inc. One

Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
She is or was Branch Manager in Cincinnati who would know of absence of territorial limitations. She would be aware of the policy permitting competition and cooperation among offices without territories, and is an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

34. Paul Golaboski
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
He is or was Branch Manager in Indianapolis who would know of absence of territorial limitations. He would be aware of the policy permitting competition and cooperation among offices without territories, and is an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

35. Bob Dralle
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181

13

(630) 954-0400

He is or was Branch Manager in Columbus who would know of absence of territorial limitations. He would be aware of the policy permitting competition and cooperation among offices without territories, and is an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

36. Vince Brejftus
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400

He is or was Branch Manager in San Rafael, CA who would know of absence of territorial limitations. He would be aware of the policy permitting competition and cooperation among offices without territories, and is an employee or former employee of General Employment and/or Triad and has knowledge of Plaintiffs' employment and various interactions with Plaintiffs inside and outside of work and may have knowledge of terms and conditions offered to male employees and not equal to those offered to female employees. He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

37. Kevin Morris
C/o General Employment Enterprises, Inc. One
Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400

He is or was Branch Manager for Triad Atlanta office, who would know of discriminatory treatment by Greg Chrisos is an employee or former employee of General Employment

and/or Triad and
He may have knowledge of sexual harassment or gender discrimination in the treatment of women managers and employees including assignments, comments, conduct, compensation, promotion, and termination, as well as sexual harassment policies, deterrence, training, complaints of sexual harassment or gender discrimination and of any of the matters raised in the complaint in this court, at the MCAD or in the responses of Chrisos to same.

38   Avery Holt
C/o General Employment Enterprises, Inc.
One Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400

Mr. Holt was an employee of General Employment and or Triad in Florida when the territorial recruitment limitation was instituted. He was unhappy with the restriction.

39.   George Kessin
C/o General Employment Enterprises, Inc. One Tower Lane
Suite 2200
Oakbrook Terrace, IL 60181
(630) 954-0400
Mr. Kessin was an employee of General Employment and or Triad in Florida who received a separation or severance amount greater than that paid to Sandy Panarello. He was the previous manager before Sandra Panarello. He and Sandra Panarello made placements at Control Laser and Cheetah Technologies in Orlando Florida, before Sandra Panerello was cut off from Orlando.

40.   Employees of Control Laser in Orlando Florida
Would have two permanent placements made by Sandy Panarello while in the Tampa Office before Panarello territory was curtailed.

41.   Employees of Mesh Networks in Orlando May have evidence of recruitment activity by Sandy Panarello while in Tampa office before Panarello territory was curtailed.

42.   Trina Pear (not sure of last name) Manager of Orlando Office after Heather Marcum.
Ms. Trina Pear would testify to the Network agreement permitting recruitment activity in both Orlando and Tampa after Heather Marcum left.

43.    Janet Hever
       37 Dudley Street
       Haverhill, MA 01830

Ms. Hever is Amanda Medina's mother and can testify that Greg Chrisos called Amanda at her home the night of the incident in the restaurant. She was aware of the anxiety and distress Amanda felt after the Chrisos incident. She is aware of Amanda's condition before the incident with Chrisos and the aggravation by Chrisos.

44.    Lisa Riley
       49 Buffum Street
       Salem, MA 01970
       (978) 744-6499
       Ms. Riley has information as revealed in the MCAD and Amended Complaint in this matter. Ms. Riley can testify that her office and that of Peter Ernst and Michael Coleman were about 15 miles apart and both offices were free to compete with businesses who did not have an open account with the other office.

45.    Sandy Panarello
       18838 Duquensne Drive
       Tampa, FL 33647
       Ms. Panarello has information as revealed in the MCAD and Amended Complaint in this matter.

46.    Lisa Marie Catalano
       400 Charles Street
       Malden, MA 02148400
       Ms. Catalano has information as revealed in the MCAD Complaint and Amended Complaint in this matter.

47.    Amanda Medina
       10837 Great Falls Ln.
       Tampa, Fla. 33647
       Ms. Catalano has information as revealed in the MCAD Complaint and Amended Complaint in this matter.

Plaintiffs reserve the right to supplement this list of individuals likely to have discoverable information, as necessary.

II.    Documents Likely To Be Relevant

The documents likely to be relevant in this action include Awards and recognition given to

16

the Plaintiffs, Defendant's personnel documents, branch manager comparison documents in sales and profit, investigation documents of the complaints of the plaintiffs, e-mail communications, and records of communication by Chrisos with women subordinates, General Employment's sexual harassment policy, and comparative profit and earnings records of the Plaintiffs and other Branch Managers.    Plaintiffs have produced 459 such documents and reserve the right to identify additional documents, as necessary.

III.    <u>Computation of Plaintiff's Damages</u>

Plaintiffs are not in possession of the wages paid to comparator managers and/or successors in their positions, nor of separation pay or continuation periods afforded to comparator managers or employees. As an initial estimate of damages Plaintiff states:

Lisa Riley will have lost approximately $318,000 compared to what she would have earned had she obtained the Regional Manager bonus promised, and a 5% raise per year in total compensation. She suffered greatly emotionally, going from a star performer, to seeing three of her staff subjected to severe gender bias in pay and being fired after successfully stopping the harasser. A jury may award, conservatively, $100,000 in emotional distress damages, for compensatory damages of $418,000.

Sandy Panarello will have lost approximately $214,000 in income compared to what she reasonably would have been expected to earn given that she was the Company's third highest performer and had an unprecedented limitation on her earning, which was not in the bargained-for conditions upon which she relinquished her Boston position. We believe that Chrisos maliciously interfered with her advantageous relationship in order to cover up his affair, and thus she will be entitled to $100,000 in emotional distress damages for his conduct interfering with her contract with

the Companies. Her compensatory damages will total at least $314,000.  Her lost wages damages end on her last day of employment.

Lisa Marie Catalano will have lost $119,000 based on two terminations due to her having rejected Chrisos, and being present when he wanted to seduce another woman in her office/area. Chrisos began wanting to seduce the manager of her area, and then the young teenager in the same office, and wanted her out of the picture so that no past conduct would be revealed. We believe she would be entitled to at least $100,000 in emotional distress, for a total of at least $219,000.

Amanda Medina was earning $32,000 at the time of her termination, and from age 19 to 20 she was pursued, by a much older, married vice president and boss, who knew of her vulnerabilities and recent hospitalization. The environment was severely pervaded by unwanted sexual advances, to at least three women in her office, with adverse consequences for each who rejected him. She would be entitled to at least $100,000 in emotional distress, for a total of at least $132,000.

In addition, Plaintiffs expect to prove loss of 401(k) savings and contributions, stock options, and enjoyment of real estate without foreclosures, sales, or threatened foreclosures, loss of credit and savings.  Plaintiffs reserve their right to supplement this response at a future date.

Respectfully submitted,
Lisa Riley, Lisa Marie Catalano, Sandy Panarello, and Amanda Medina

By their attorneys,

Elizabeth A. Rodgers BBO #424360
Rogers Powers & Schwartz
18 Tremont St.
Boston MA 02108

Dated: October 21, 2005

18

## CERTIFICATE OF SERVICE

This is to certify that on  October 21, 2005,  a copy of the foregoing document was served upon
Defendants' attorney, Jeffrey S. Brody, BBO x#566032 Heather L. Stepler, Jackson Lewis LLP 75
Park Plaza, Boston, MA 02116, and Defendant Gregory Chrisos' attorney, Cheryl Waterhouse,
Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, by hand/mail delivery.

Elizabeth A. Rodgers

U:lizclients/rileyl/discovery plaintiffs/initial disclosure plaintiffs