UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12318-RWZ

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and AMANDA MEDINA

v.

GENERAL EMPLOYMENT ENTERPRISES,
TRIAD PERSONNEL SERVICES, INC.,
GREGORY CHRISOS, HERBERT IMHOFF and KIM CULLEN

MEMORANDUM OF DECISION

May 16, 2006

ZOBEL, D.J.

Plaintiffs Sandy Panarello and Amanda Medina worked for defendant General Employment Enterprises ("GEE") in Florida. The company operated a subsidiary in Massachusetts known as defendant Triad Personnel Services, Inc. ("Triad'), and there employed plaintiffs Lisa Riley and Lisa Marie Catalano. Riley, Catalano and Medina claim, in Count 1, that defendant Gregory Chrisos sexually harassed them in Massachusetts in violation of state law and that Triad and GEE supervisory personnel failed to prevent or remedy the situation. In Count 2, the same three plaintiffs argue that the same conduct gave rise to gender harassment and discrimination. In Count 3, only Riley and Medina accuse Triad, GEE, Chrisos and defendant Herbert Imhoff, an officer and Chief Executive Officer of GEE of failing to investigate and remedy a hostile work environment. Count 4 contains a claim by Riley, Medina and Catalano of retaliatory termination by GEE, Triad and Imhoff. On behalf of Panarello, Count 5

alleges promissory estoppel against GEE, Triad and Chrisos with respect to alleged representations by Chrisos made – but not upheld – for the purpose of inducing Panarello to transfer from the Boston office to Florida. In the final Count 6, Panarello and Riley assert intentional interference with advantageous relations against all defendants for various alleged conduct.

In their discovery requests, defendants sought access to business records of SmarteStaff, a competitor company formed by Riley, Catalano and Panarello, as well as the medical and mental health records of Riley and Medina. Plaintiffs now move for a protective order to prevent defendants from obtaining any of the requested records.

With respect to the SmarteStaff records, defendants are entitled to establish, if they can, a legitimate non-discriminatory reason for plaintiffs' termination. Defendants claim that the terminations were not retaliatory but, instead, resulted from plaintiffs' failure to fulfill their employment duties, because they were occupied by their joint plans to form a competing business. To that end, documentation relating to SmarteStaff that plaintiffs created while they still worked for GEE and Triad would be relevant, and plaintiffs offer no reason to the contrary. Accordingly, the Motion for a Protective Order is allowed except for documentation relating to SmarteStaff that plaintiffs created during their employment at GEE and Triad.

As to Riley and Medina's medical and mental health records, plaintiffs correctly argue that some courts have declined to require the production of such records in the context of an emotional distress claim for damages unless the plaintiff herself relies on the records. Neither these cases nor plaintiffs address, however, defendants' position

that they are entitled to explore a claimant's medical history in order to demonstrate that other factors outside defendants' responsibilities caused the distress. As defendants note, the discovery to date has revealed information about and statements by Medina regarding alleged drug and alcohol abuse, inpatient treatment for this abuse and treatment for depression, all during her employment and prior to the alleged harassment. To the extent that Medina's medical and psychiatric records establish that her emotional distress resulted from these pre-existing conditions and not from the alleged harassment, defendants' access to these records is in the interest of justice under Massachusetts law. See Mass. Gen. Laws ch. 233, § 20B(c). Nothing in the records suggests a similar prior condition suffered by Riley, however. Defendants speculate that she endured substantial non-work-related personal trauma at the time of the alleged harassment but offer only minimal circumstantial assertions in support of this basis. Thus, the Motion for a Protective Order is allowed as to Riley's medical and mental health records and is denied as to Medina's medical and mental health records.

Accordingly, plaintiffs' Motion for a Protective Order (#32 on the docket) is allowed except as to information relating to SmarteStaff that plaintiffs created while still employed by GEE and Triad, allowed as to Riley's medical and mental health records, and denied as to Medina's medical and mental health records.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |