UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA RILEY, LISA MARIE CATALANO,
SANDY PANARELLO and
AMANDA MEDINA,
      Plaintiffs

v.

GENERAL EMPLOYMENT
ENTERPRISES, TRIAD PERSONNEL
SERVICES INC, GREGRORY CHRISOS,
HERBERT IMHOFF and KIM CULLEN,
      Defendants

Civil Action No. 04- 12318-RWZ

**STIPULATION AND ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties herein that the following procedure shall govern the production and use of confidential documents and information produced during discovery in this action:

1.     Information and documents produced during discovery in this action may be designated by the producing or disclosing party as "Confidential Information" if such documents and information contain confidential personal, personnel, commercial or proprietary information of a sensitive nature, the disclosure of which may cause or threaten to cause injury to privacy interests or to the business or commercial relationships of the producing or disclosing party.

2.     Confidential Information may include, or be included in, any document (including any writing, drawing, graph, electronic mail, chart, photograph, record or other data compilation) or tangible thing such as, by way of example, pleadings, discovery requests or responses, briefs, summaries, motions, deposition transcripts and exhibits. Documents, objects and things containing Confidential Information shall be designated as such by marking them with the

legend "CONFIDENTIAL". Inadvertent disclosure can be corrected by such designation or deposition testimony already taken can be marked as confidential upon receipt.

    3.    Confidential Information produced by any party shall be maintained in confidence by the opposing party and by recipients qualified to receive it under Paragraphs 4 and 5 hereof, to be used solely for the purposes of the prosecution of and defense against the claims asserted in this Civil Action No. 04- 12318-RWZ. All documents and things so labeled, and any copies thereof, shall be kept or stored in a fashion that reasonably will secure their confidentiality. Nothing in this Stipulation limits a party's use of its own Confidential Information, provided, however, that any such use that renders the information public may be used as a basis for challenging the appropriateness of its designation as Confidential Information.

    4.    Confidential Information may be disclosed to the following recipients, who will not be required to execute the attached Certification, but who will nonetheless be bound by the terms of this Stipulation:

        (a)    Attorneys of record, and members, associates, and employees of the law firms of record; and

        (b)    Personnel of this Court and deposition reporters.

    5.    Confidential Information may be disclosed to the following recipients, who will be required to execute the attached Certification, and who will be bound by the terms of this Stipulation by either (1) stating such agreement on the record during the course of a deposition in which the individual is a deponent or an attorney representing a deponent or (2) signing a copy of the attached Certification. It shall be the responsibility of counsel showing information designated as Confidential Information by the opposing counsel to obtain and retain a signed Certification prior to providing or disclosing Confidential Information to any of these persons:

    (a)    Any party, including as to the corporation defendant, its employees directors and shareholders;

    (b)    Any other non-party deponent and their counsel;

    (c)    Expert witnesses and consultants, regardless of whether they have been retained by a party;

    (d)    Any potential witness and their counsel;

    (e)    Any other person as may be agreed upon in writing by the parties in advance, or as ordered by this Court.

6.    Upon proper notice to opposing parties, any party may object to the designation of information as Confidential Information by seeking an appropriate order from this Court challenging such designation.

7.    Nothing in this Stipulation shall prevent either party from filing any material marked Confidential, with the Court in connection with this litigation. If Confidential material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in the Court or used in any hearing or legal proceeding in this action, such Confidential material shall be filed under seal pursuant to Local Rule 7.2. Nothing in this Stipulation shall affect any privileges, or waiver thereof, with respect to Confidential Information or objections to the admissibility of such information on any evidentiary basis. In addition to containing the information required by Local Rule 7.2, the container in which the Sealed Documents are filed shall be labeled "CONFIDENTIAL – UNDER SEAL."

8.    Upon final termination of this litigation, whether by dismissal, judgment, judgment after appeal or settlement, counsel to each party shall within 30 days thereof (1) return to counsel of the party asserting confidentiality protection all documents and things marked Confidential Information, including any such material in the custody or control of its experts and

consultants or (2) alternatively, certify in writing that all such materials have been shredded beyond recognition. Notwithstanding the foregoing, all persons within the categories identified in Paragraph 4 hereof may retain pleadings, deposition transcripts and exhibits, provided they are maintained in a manner that clearly identifies them as confidential.

9. Counsel for the parties may, by consent in writing, modify this Stipulation or extend its protections to any non-party discovery in this litigation.

ACCEPTED, STIPULATED and AGREED

| | |
|---|---|
| LISA RILEY, LISA MARIE CATALANO, SANDY PANARELLO and AMANDA MEDINA | GENERAL EMPLOYMENT ENTERPRISES, INC., TRIAD PERSONNEL SERVICES, INC., HERBERT IMHOFF, JR., and KIM CULLEN |
| By their attorneys, | By their attorneys, |
| /s/ Elizabeth A. Rodgers/JSB<br>Elizabeth A. Rodgers, BBO #424360<br>Rodgers, Powers & Schwartz LLP<br>18 Tremont Street<br>Boston, MA 02108<br>(617) 742-7010 | /s/ Jeffrey S. Brody<br>Jeffrey S. Brody, BBO #566032<br>Heather Stepler, BBO #654269<br>JACKSON LEWIS LLP<br>75 Park Plaza, 4th Floor<br>Boston, MA 02116<br>(617) 367-0025; (617) 367-2155 – fax |
| | GREGORY CHRISOS |
| | By his attorneys, |
| | /s/ Christian G. Samito/JSB<br>Cheryl A. Waterhouse, BBO #547058<br>Christian G. Samito, BBO #639825<br>Donovan Hatem LLP<br>Two Seaport Lane<br>Boston, MA 02110 |
| Dated: June 22, 2006 | (617) 406-4500 |

4

SO ORDERED:

_____
HONORABLE RYA W. ZOBEL

Entered: 6/27/06